

**FILED & ENTERED**

**OCT 21 2019**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

PETER G. KUDRAVE,

                 Debtor.

Case No. 2:17-bk-17577-RK

Chapter 11

**ORDER DENYING CREDITOR'S MOTION TO CONVERT WITHOUT PREJUDICE**

**Vacated Hearing**
Date:     October 23, 2019
Time:    11:00 a.m.
Place: Courtroom 1675
Roybal Federal Building
255 East Temple Street
Los Angeles, CA 90012

    Pending before this court is the Motion of Creditor David A. Tilem to Convert Case from Chapter 11 to Chapter 7 ("Motion") (Docket No. 154), filed on September 20, 2019, which was noticed for hearing on October 23, 2019 at 11:00 a.m.  The Proposed Estate of Deceased Debtor Peter Kudrave filed an opposition to the Motion, which was entitled "Estate of Debtor's Opposition to Motion to Convert Chapter 11 Case to Chapter 7" (Docket No. 155), on October 9, 2019.  Creditor Tilem filed a reply to the opposition on October 15, 2019 (Docket No. 160).

    Having considered the moving, opposing and reply papers, the court determines

-1-

that pursuant to Local Bankruptcy Rule 9013-1(j)(3), oral argument on the Motion is not necessary, the court dispenses with oral argument, the court vacates the hearing on the Motion on October 23, 2019 at 11:00 a.m., the court takes the Motion under submission and the court makes the following decision on the Motion.

Local Bankruptcy Rule 9013-1 applies to all motions brought before the court, including this one. Local Bankruptcy Rule 9013-1(c)(3) provides:

> There must be served and filed with the motion and as part thereof:
>
> (A) Duly authenticated copies of all photographs and documentary evidence that the moving party intends to submit in support of the motion, in addition to the declarations required or permitted by FRBP 9006(d); and
> (B) A written statement of all reasons in support thereof, together with a memorandum of points and authorities upon which the moving party will rely.

Local Bankruptcy Rule 9013-1(i) provides: "Factual contentions involved in any motion, opposition or other response to a motion, or reply, must be presented, heard, and determined upon declarations and other written evidence. The verification of a motion is not sufficient to constitute evidence on a motion, unless otherwise ordered by the court."

In support of the Motion, Creditor filed one exhibit, a copy of the amended plan of reorganization. This exhibit was not duly authenticated by a declaration under penalty of perjury, nor was there a request for the court to take judicial notice of the document pursuant to Federal Rule of Evidence 201.

Creditor did not otherwise file a declaration or other evidence in support of the factual assertions in the Motion. The factual assertions in the Motion that Debtor was and is in default of the confirmed reorganization plan are not supported by evidence, such as in a declaration of a competent witness to attest to such facts as required by Local Bankruptcy Rule 9013-1(i). While it appears that Creditor meant to file such a declaration because the caption of the Motion refers to one, there is no declaration in the Motion as reflected on the case docket. The court cannot grant a motion not

factually supported by evidence, which would be contrary to Local Bankruptcy Rule 9013-1.

     Local Bankruptcy Rule 9013-1 also requires that a written statement of the reasons in support of a motion together with a memorandum of points and authorities upon which the moving party will rely.  Creditor does not cite any legal authority that supports his motion to convert the case from Chapter 11 to Chapter 7.  The cited legal authorities in the Motion only relate to the death or incompetency of a party or a debtor. i.e., Federal Rule of Civil Procedure 25 and Federal Rule of Bankruptcy Procedure 1016, which do not deal with conversion.

     Creditor argues that "[a]s provided in Rule 1016, the Court may convert or dismiss this case based on the 'best interests of the parties.'"  Motion at 9.  Federal Rule of Bankruptcy Procedure 1016 does not so provide as it only states that the death or incompetency of a debtor does not abate a Chapter 11 reorganization bankruptcy case necessarily, and the case may be dismissed or may proceed in the same manner so far as possible as though the death or incompetency had not occurred.  There is no explicit reference to case conversion in Rule 1016.  Neither do the other cited legal authorities in the Motion, 11 U.S.C. §§ 105(a) or 1142(b), explicitly refer to case conversion.

///

///

///

Accordingly, because Creditor has not made a prima facie showing of a factual and legal basis for relief in the Motion, the court denies the Motion without prejudice. The hearing on the Motion on October 23, 2019 at 11:00 a.m. is vacated, and no appearances are required on October 23, 2019.

IT IS SO ORDERED.

###

Date: October 21, 2019

_____
Robert Kwan
United States Bankruptcy Judge