FILED & ENTERED

NOV 01 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:17-bk-17577-RK |
| PETER G. KUDRAVE, | Chapter 11 |
| Debtor. | **MEMORANDUM DECISION ON FINAL FEE APPLICATION OF LAW OFFICES OF DAVID A. TILEM, FORMER COUNSEL FOR DEBTOR IN POSSESSION** |

Pending before the court is the Application for Final Fees and Expenses for Law Offices of David A. Tilem ("LODAT"), former bankruptcy counsel[1] for Debtor in Possession Peter G. Kudrave, filed on August 3, 2018, Electronic Case Filing Number ("ECF") 98, amended on September 28, 2018, ECF 112, and supplemented on April 22, 2019, ECF 138 (collectively referred hereto as the "Fee Application").  The Fee Application is a contested matter within the meaning of Federal Rule of Bankruptcy Procedure 9014 because the Debtor in Possession and now Reorganized Debtor, Peter G. Kudrave ("Debtor"), filed declarations in opposition to the Fee Application.  ECF 108, 115, 124, 125.

---

[1]    The court granted the Motion of Law Offices of David A. Tilem to Withdraw as Attorney on August 2, 2018, effective upon the entry of an Order confirming Debtor's First Amended Plan of Reorganization.  ECF No. 97.  The court also confirmed Debtor's First Amended Plan of Reorganization by order entered on August 2, 2018.  ECF 96.

1    After LODAT filed its original final fee application on August 3, 2018, Debtor filed a

2   declaration in opposition to the Fee Application on August 15, 2018.  ECF 108.  By order

3   filed and entered on August 24, 2018, the court continued the hearing noticed for the

4   original Fee Application, for August 28, 2018, to October 24, 2018 because notice of the

5   Fee Application was insufficient as not all of the creditors were properly served as required

6   by Federal Rules of Bankruptcy Procedure 2002(a)(6) and 9013.  The court also accorded

7   some latitude to Debtor as a self-represented party by allowing additional time for him to

8   state his specific reasons for his opposition in writing.  ECF 109.

9    On September 28, 2018, LODAT filed its amended Fee Application and noticed the

10   amended application for hearing on the continued hearing date of October 24, 2018.  ECF

11   112.  On October 22, 2018, Debtor filed a motion for continuance of the hearing on the Fee

12   Application for medical reasons on grounds that he was "physically and mentally unable to

13   appear or testify" in opposition to the application on October 24, 2018 because he had "a

14   massive, double bypass heart surgery performed [on] September 13, 2018."  ECF 117.  By

15   order filed and entered on October 22, 2019, the court continued the hearing on the Fee

16   Application to December 5, 2019.  ECF 118.  On December 3, 2018, the court on its own

17   motion continued the hearing on December 5, 2018 to December 12, 2018 because the

18   court was not conducting hearings on December 5, 2018 to observe the National Day of

19   Mourning proclaimed by President Trump in honor of former President George H.W. Bush.

20   At the hearing on December 12, 2018, the court set the contested matter of the Fee

21   Application for a one-day trial on January 30, 2019.

22    On January 30, 2019, the court conducted a trial on the contested matter of the Fee

23   Application as then amended.  Appearances at trial were made by LODAT, by its principal,

24   David A. Tilem, and Debtor for himself, and Mr. Tilem and Debtor testified.  Because

25   Debtor filed an amended declaration on the day before trial, ECF 124 and 125, the court

26   set a briefing schedule whereby LODAT was given the opportunity until February 25, 2019

27   to respond to the amended declaration, and Debtor was given until March 11, 2019, to

28

reply to the response of LODAT.  On February 25, 2019, LODAT filed its reply to Debtor's amended declaration.  ECF 127.

On February 26, 2019, the court entered an order assigning the contested matter of the Fee Application and a related adversary proceeding to mediation.  ECF 128.  The parties participated in mediation on March 21, 2019, wherein they reached an agreement in principle resolving all disputes between them, including the Fee Application, and they orally stated the agreement on the record in open court on March 21, 2019, and the court orally indicated that it would approve the agreement.  Audio Recording of Hearing, March 21, 2019.

On April 2, 2019, the court filed and entered an order setting the proposed order submitted by LODAT for hearing on approval of the settlement because the proposed settlement approval order requested approval of LODAT's fees and costs in the amount of $70,000.00, which was greater than the amount of fees and costs requested by LODAT in the Fee Application at the time.  ECF 132.  In its order, the court requested that LODAT submit a supplemental billing statement that would provide a factual basis for the amount of fees in excess of the amount included in the Fee Application as then filed.  *Id.*  In the order, the court indicated that it realized that there was an insufficient factual basis for the court to formally approve the settlement because it had to carry out its independent duty to review professional fees for reasonableness under 11 U.S.C. § 330 and had to review the additional fees that had been requested in the settlement, but not yet reviewed.  The court also noted that Debtor indicated that he still wanted approval of the proposed settlement at the case status conference on March 27, 2019.  *Id.*  On April 17, 2019, the court conducted a hearing on the order lodged by LODAT attempting to resolve the contested matter of the Fee Application as a result of the settlement, and at this hearing, both LODAT and Debtor appeared and stated that they were no longer willing to agree to the settlement terms reached in mediation.

On April 22, 2019, LODAT filed its Supplemental Fee Application, which requested additional fees as well as the fees previously requested in the original and amended fee

1  applications, and noticed the Supplemental Fee Application for hearing on May 28, 2019.

2  ECF 138.  The additional fees in the Supplemental Fee Application covered the additional

3  period of February 24, 2019 through April 19, 2019, which included time spent by LODAT

4  for defending the Fee Application.  *Id.*

5  On May 22, 2019, the court filed and entered its Order Requiring the Parties to

6  Lodge Electronic Spreadsheets of Disputed Billing Entries and Continuing Hearing on Fee

7  Application, which required the parties to submit the billing entries on the Fee Application

8  and objections thereto on computer files in Microsoft Excel spreadsheet format in order for

9  the court to review in detail and rule upon the Fee Application.  ECF 141.  This order

10  further provided that the hearing on the Fee Application as supplemented was continued to

11  August 29, 2019.  *Id.*

12  LODAT submitted a computer file with its billing entries for the Fee Application in

13  Microsoft Excel spreadsheet format by the deadline of June 26, 2019.[2]  Debtor did not

14  submit to the court a computer file with his objections to the billing entries on the Fee

15  Application in Microsoft Excel spreadsheet format by the deadline of July 31, 2019.  At a

16  hearing in this case, Debtor explained that he did not know how to use Microsoft Excel.

17  On May 23, 2019, Debtor filed a document entitled Complaint to Vacate Order

18  Granting Counsel Motion to Withdraw as Procured Through: (A) Negligent

19  Misrepresentation, (B) Constructive Fraud and (C) Breach of Attorney-Client Relationship;

20  and Motion in Opposition for Application of Payment of Additional Fees.  ECF 142.

21  On July 23, 2019, Debtor filed a Motion to Vacate Order granting Counsel

22  Withdrawal of Representation; Motion in Opposition to Application for Payment of

23  Compensation including Request for Additional Supplemental Fees; Monetary Damages;

24  Relief of Loss of Income.  ECF 152.  Accordingly, Debtor expressly objected on the record

---

[2]  The court's rulings are based on LODAT's final fee spreadsheet, which was delivered to the court by electronic mail on June 25, 2019.  Because LODAT's final fee spreadsheet was not previously placed on the record, the court is having it placed on the record by filing a printed copy with a declaration by a court staff member.  Although LODAT's Supplemental Fee Application, ECF 138, includes a table the reflects total fees and expenses for the full case of $89,915.34, all of the court's determinations in this memorandum decision are based upon the spreadsheets delivered to the court on June 25, 2019, which indicate total fees and expenses of $82,488.55.

to LODAT's Fee Application in its original, amended, and supplemented forms, setting forth his objections to specific billing entries in the Fee Application as amended and supplemented.  *See* ECF 115 (filed October 11, 2018); ECF 124 (filed January 29, 2019); ECF 142 (filed May 23, 2019); ECF 152 (filed July 23, 2019).  Apparently, the July 23, 2019, pleading filed by Debtor, ECF 152, was in response to the court's May 22, 2019 order that the parties submit to the court their billing entries and their objections therein on a computer file in Microsoft Excel spreadsheet format.  In light of Debtor's self-represented status and lack of facility with Microsoft Excel, the court considers his objections to LODAT's billing entries and sets forth its rulings on the billing entries and objections thereto on the Microsoft Excel spreadsheet submitted by LODAT.  It appears to the court that Debtor met the deadline of July 31, 2019 as to stating his objections to specific billing entries of LODAT the best that he could.

At the hearing on the Fee Application on August 28, 2019, LODAT appeared, and an attorney representing the family of Debtor appeared, stating that Debtor had passed away on August 15, 2019 and requesting a 60-day continuance of the hearing pending the appointment of a representative of Debtor's probate estate who would respond to the Fee Application and determine whether to proceed with the bankruptcy case in lieu of Debtor. Over the objection of LODAT, the court on its own motion continued the hearing to October 23, 2019 at the request of the family of Debtor based on the representation that time was needed for the appointment of a probate estate representative to respond to the Fee Application and to determine whether to proceed with the bankruptcy case.  On October 9, 2019, counsel for the Proposed Estate of Decedent Debtor Peter Kudrave filed a formal suggestion of the death of Debtor upon the record, stating that Debtor passed away on August 15, 2019.  ECF 156 (attaching Death Certificate of Peter G. Kudrave).  However, since no further written response from a representative of Debtor's proposed probate estate in lieu of Debtor was filed on the Fee Application, the court filed and entered an order on October 21, 2019, taking the Fee Application and objections thereto under submission.

1    Having considered the Fee Application (which includes the Amended and

2  Supplemental Fee Applications), the objections thereto, the other pleadings and papers

3  filed by the parties, the witness testimony, the exhibits received at trial, and the record

4  before the court, the court hereby makes the following findings of fact and conclusions of

5  law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable here by

6  Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure, in support of its

7  ruling to approve in part and disapprove in part the Fee Application.

8                                **I.      BACKGROUND**

9  **A.      Debtor's Petition**

10    On June 21, 2017, Debtor commenced this bankruptcy case by filing a voluntary

11  petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C., Case No. 2:17-bk-

12  17577-RK, ECF 1.  Debtor was assisted by LODAT as proposed general bankruptcy

13  counsel in preparing his bankruptcy petition and schedules.

14  **B.      Major Events in Debtor's Bankruptcy Case**

15    On July 21, 2017, Debtor's case status report, prepared by LODAT, was filed in

16  preparation for the initial status conference in the case, scheduled for August 9, 2017.

17  ECF 24.  In the initial status report, Debtor stated that he was a licensed architect for just

18  under 50 years and that at this stage of his career, his business was almost exclusively

19  providing expert witness services in malpractice, construction defect and similar cases.  *Id.*

20  at 1.  The status report stated that "the estate [had] only one significant asset – Debtor's

21  residence which he designed and built for his family in the 1970s" and that "[t]he residence

22  is occupied by Debtor and his severely debilitated wife." *Id.*  The status report explained

23  what precipitated the bankruptcy case: "Debtor's business experienced a bad year in 2016.

24  He fell behind in mortgage payments and a foreclosure sale was imminent." *Id.* at 2.  In

25  explaining his goals for the bankruptcy case, Debtor stated: "Debtor hopes to clean up title

26  to his home, cure the default on his mortgage and pay the junior liens, most likely through

27  a 5 year Chapter 13 style plan." *Id.*  The status report also identified the anticipated

28  problems in the case: "Debtor anticipates a relief from stay motion.  Debtor is prepared to

1 negotiate an adequate protection stipulation and plan treatment as soon as lender's

2 counsel is identified." *Id.* In stating the means of resolution of the case, Debtor stated:

3 "The problems will be resolved either through negotiation or a Chapter 13 style cure plan."

4 *Id.*

5     On June 29, 2017, Debtor filed a motion to employ LODAT as general bankruptcy

6 counsel. ECF 13. On July 12, 2017, Debtor filed a motion to employ Real Works, Inc. as

7 appraiser to appraise Debtor's real property, the residence (the "Real Property"). ECF 21.

8 The court granted Debtor's motion to employ LODAT by order entered July 25, 2017, ECF

9 25, and the motion to employ Real Works, Inc. by order entered August 8, 2017, ECF 32.

10 The court set a deadline of October 16, 2017, for creditors to file proofs of claim against

11 Debtor's estate. ECF 34.

12     On October 2, 2017, Debtor filed a Case Status Conference Report indicating,

13 among others, that the Real Property was in serious need of a new roof. ECF 40 at 2. On

14 October 23, 2017, Debtor filed a Motion for Order Authorizing Use of Property of the Estate

15 Not in the Ordinary Course of Business, proposing to replace the roof on the Real Property

16 pursuant to 11 U.S.C. § 363(b). ECF 41. The court granted this motion by order entered

17 on December 4, 2017. ECF 51.

18     Debtor also filed a Motion to Disallow the Claim of Olmax Corp. on November 11,

19 2017. ECF 46. No opposition to the Motion to Disallow the Claim of Olmax Corp. was

20 filed, and the court granted Debtor's motion by order entered December 28, 2017. ECF

21 55.

22     On January 16, 2018, Debtor filed a motion to employ Zivetz, Schwartz & Saltsman

23 as accountant for assistance with tax matters. ECF 58. The court granted Debtor's motion

24 to employ Zivetz, Schwartz & Saltsman by order entered February 9, 2018. ECF 66.

25     On January 31, 2018, Debtor filed: (i) a Notice of Motion and Motion for Order

26 Approving Disclosure Statement, ECF 62, (ii) a Form F2081-1.DISCLSR.STMT, Individual

27 Debtor's Disclosure Statement in Support of Plan Reorganization ("Form Disclosure

28 Statement"), ECF 60, and (iii) a Form F 2081-1.PLAN, Individual Debtor's Plan of

1  Reorganization ("Form Plan"), ECF 61.  The Forms F 2081-1.DISCLSR.STMT and F 2081-

2  1.PLAN are official forms approved by the court, which contain boilerplate language for

3  terms of a Chapter 11 reorganization plan and a disclosure statement.  The Form

4  Disclosure Statement and Form Plan include "fill in the blank" provisions for plan duration

5  and payments, making it easier and more cost-efficient for individual Chapter 11 debtors

6  and their counsel to file a Chapter 11 reorganization plan and disclosure statement without

7  having to draft plan and disclosure statement language from scratch.  The Form Disclosure

8  Statement and Form Plan can be customized by drafting attachments.  Here, LODAT

9  drafted attachments for Debtor's plan and disclosure statement.  The plan and disclosure

10  statement attachments are major areas of dispute, however, between the parties.

11      Debtor's disclosure statement and plan were straightforward exercises for an

12  experienced bankruptcy practitioner.  With respect to plan treatment of the first lien lender

13  on Debtor's Real Property,  Wells Fargo Bank N.A., the plan proposed to reamortize the

14  existing loan over 40 years and to pay the secured claim of $1.4 million at 4% interest per

15  annum, $6,426 per month, and if Debtor and the bank were unable to agree on these

16  terms, the plan would have to be significantly modified.  ECF 60 and 61.  The

17  memorandum of points and authorities in support of the Motion for Order Approving

18  Disclosure Statement consisted of one and one-half pages of text as follows in its entirety:

19  
20      Peter G. Kudrave is the Debtor ("Debtor") in the above-captioned case.  This case was commenced by filing a voluntary chapter 11 petition on June 21, 2017.  No trustee has been appointed and Debtors are still Debtors-in-Possession.

21  
22      Bankruptcy Code Section 1125 requires Chapter 11 debtors to prepare and provide a Disclosure Statement to those entitled to vote on any proposed Chapter 11 plan.  The Disclosure Statement must have sufficient information to enable creditors to cast an informed vote on the proposed plan.
23  

24      **The instant case is straightforward and not much disclosure is required for comprehension of the plan**.  Debtor is an individual who resides in the Central District of California.  The Debtor filed this bankruptcy in order to prevent foreclosure on his residence.  The Debtor will fund his reorganization using cash from of Social Security and income as a self-employed architectural consultant and expert witness.
25  
26  

27      Debtor maintains that his Disclosure Statement provides adequate evidence of funds sufficient to pay Debtor's creditors per the proposed treatment in the Plan and Disclosure Statement, described [in] the liquidation analysis to show that
28

1    creditors are being paid at least what they would receive if the Debtor liquidated his assets.

2    Based on the foregoing, Debtor prays that:

3    1.    The Court find the Disclosure Statement provides adequate information regarding the Debtor, his financial affairs, and the proposed Plan of Reorganization.

4

5    2.    The Court approve the Disclosure Statement and schedule dates to advance the process of confirming Debtor's proposed Plan of Reorganization.

6

7    *Notice of Motion and Motion for Order Approving Disclosure Statement*, ECF 62 at 3-4

8    (emphasis added).

9    As previously noted, the disclosure statement was prepared on the official court

10    Form Disclosure Statement.[3]  The attachments to the disclosure statement included three

11    "inserts" which were special disclosure statement provisions: Insert #1 consisted of

12    instructions for voting on the plan; Insert #2 consisted of a schedule of monthly household

13    income from January 2013 through December 2017 based on figures provided by Debtor,

14    including bank deposits and social security income; and Insert #3 contained additional plan

15    provisions regarding claims objections and attorney fees, which provided that the Debtor

16    reserved the right to object to certain claims[4] and that attorney fees would be due and

17    payable the later of 10 days after the plan effective date or 14 days after entry of the

18    court's order approving the fees.  *Id.* at 10.

19    The attachments to the disclosure statement also included: Exhibit A, a Form 3015-

20    1.20.DEC.INCOME.EXPENSE, Declaration of Current/Postpetition Income and Expenses,

21    showing business income, social security income, and updated monthly expenses; Exhibit

22    [3]        The blanks in the Form Disclosure Statement were completed to state that general unsecured creditors would be paid 100% of their allowed claims without interest in 47 months, that $39,200 in cash

23    would be available on the plan effective date, that monthly disposable income of $1,042.00, based on monthly income of $18,418.00 and monthly expenses of $17,317.00 as of January 31, 2018, would be

24    available to make plan payments over the 4 year term of the plan, that plan risk factors included Debtor's health, the possibility of another "bad year," inability to reach agreement with Debtor's home lender and "bad

25    estimation" of Debtor's tax obligations for 2018 and thereafter.  *Debtor's Disclosure Statement,* ECF 60 at 2-5.  The liquidation analysis in the disclosure statement indicated that general unsecured creditors would

26    receive a 100% of their claims in a liquidation of Debtor and the feasibility analysis showed cash on hand of $14,127.71 and projected additional accumulated cash of $25,072.29 as of the effective date.  *Id.* at 5-6.

27

28    [4]        Insert #3 provided that Debtor was not reserving the right to object to the claims filed or held by Gregory Creighton (scheduled), Robert Oltman (filed on October 13, 2017), Nordstrom (scheduled) and Wells Fargo Bank (filed on August 16, 2017).  *Id.* at 10.

1  B, Bankruptcy Schedules A/B, ECF 19; Exhibit C, Claims Schedule, listing the claims

2  organized by class and whether they were disputed; Exhibit D, a plan ballot; Exhibit E,

3  Schedule of Leases and Executory Contracts, consisting of a statement that there are

4  none; and Exhibit F, Debtor's Declaration regarding his personal and financial

5  circumstances, including being a self-employed consultant and expert in legal matters

6  which require architectural expertise and having to care for his wife, which necessarily

7  reduced his income.

8       Debtor's plan was prepared on the official court Form Plan.[5]  ECF 61.  The

9  attachments to the plan included five "inserts" which are special plan provisions consisting

10  of two pages of text which are quoted verbatim as follows:

11       "INSERT #1 - § 507(a)(2) - Article I, Section A

12       Debtor anticipates receiving sufficient earned income both prior to plan confirmation
and immediately thereafter to pay anticipated legal fees.  Sources of that income have
13  already been identified and consist of reasonably current (less than 90 day) receivables.
Funds will be transmitted, upon receipt, to Debtor's counsel and held in counsel's IOLTA
14  account pending Court approval of compensation.  Amounts not needed to pay
professional compensation will be returned to Debtor

15

16       INSERT #2 - § 507(a)(8) – Article I, Section C

17       Debtor has unpaid federal and State income and self-employment taxes due for the
years 2015 and 2016.  The IRS and CA Franchise Tax Board have filed claims for
18  $84,509.03 and $11,079.89 respectively.  Debtor has only just prepared returns for these
years.  The returns were filed 1/29/18.  Based on those returns, Debtor believes that the
19  total amount due is approximately $9,000 to the IRS (mostly self-employment taxes) and
nothing to the State of California.  Debtor reserves the right to object to the claims of the
20  IRS and CA Franchise Tax Board.  Whatever taxes are due, together with interest at the
rate of 4.67%, will be paid in monthly installments such that they will be paid in full within
21  60 months of the Petition date.  They will be paid from ordinary income.  Based on the
newly filed returns, Debtor believes that the monthly payment will be $210/month.

22

23  ─────────────────────
   [5]       The blanks in the form plan were completed to state that professional fees would be paid under a
24  plan attachment, Insert #1, priority tax claims would be paid in full over time with 4.670% interest in monthly
payments under a plan attachment, Insert #2, Class 2( c) claim of Wells Fargo Bank, N.A., with a first lien on
25  Debtor's real property with payment arrearages of $115,473.00 would be paid monthly payments of $6,426 to
pay its secured claim of $1,400,000 with 4% interest over 40 years, Class 2(d) claim of Robert Oltman with a
second lien on Debtor's real property would be paid monthly payments of $6,426 to pay its secured claim of
26  $8,112 with 3% interest over 47 months, Class 2(e) claim of Gregory Creighton will be paid under Insert #4 in
the plan attachment, Class 6(b) claims of general unsecured creditors will be paid 100% of their claims
27  without interest in monthly payments over 47 months under Insert #5 in the plan attachment, and that Debtor
would have the authority to settle claims of $3,000 or less without court approval.  *Id.* at 1-6.  The means of
28  implementation for the plan would be $39,200 in cash in hand as of the plan confirmation hearing, plus
additional cash from projected disposable income of $1,042 per month over 47 months.  *Id.* at 7.

In addition, Debtor has unpaid federal and State income and self-employment taxes due for 2017.  Debtor projects the amount due will be $8,054.  The taxes are to be paid on or before April 15, 2018 using Debtor's ordinary income and funds on hand as of the Effective Date.

In addition, Debtor's budget reserves for projected and anticipated federal and State 2018 income and self-employment taxes of $1,100/month.  These taxes will be due and payable on April 15, 2019 but are accrued throughout the year.

INSERT #3 – Article II, Class 2(c)

Debtor is currently in negotiations with lender and anticipates reaching agreement to include past due amounts into the principal balance of the loan.  The total is unlikely to exceed $1,400,000.  The amount due will then be reamortized over a 40 year repayment schedule at 4% interest.  The payment amount shown in the Plan of $6,426/month represents $1,400,000 at 4% amortized over 40 years plus tax and insurance payments as reflected on lender's 12/18/2017 loan statement.  In the event Debtor is unable to reach agreement with lender, the Plan will need to be significantly modified.

INSERT #4 – Article II, Class 2(e)

Debtor acknowledges a claim of $24,000 owed to Gregory Creighton as successor in interest to decedent Helen E. Creighton.  Debtor further acknowledges that the claim is secured by a deed of trust on Debtor's residence.  Creditor did not file a Proof of Claim, Debtor cannot locate the original loan documents and Debtor does not recall all of the terms of the loan – specifically the interest rate.  Accordingly, Debtor proposes to repay this claim without interest in full over a period of 47 months.  Monthly payments will be $511/month.

Secured claim of: Gregory Creighton
Property address:  1615 Fairmount Ave., LaCanada-Flintridge, CA 91011
Priority of lien: Third
Amount of arrearages:  $N/A
Total amount of allowed claim as of: 12/31/17
Monthly quarterly Cure Payment amount: $
Monthly quarterly Regular Payment amount: $
Total monthly payments: $ 511
Total amount of payments (over time) to satisfy the secured claim: $24,000
Interest rate (to compensate creditor because claim is paid over time): 0%
First payment date:  Effective Date
Amount of each installment: $ 511
Frequency of payments: Monthly
Total yearly payments: $ 6,132
Final payment date:  Effective Date plus 47 months
Monthly payments will be due on the first day of the month.

INSERT #5

The monthly plan payments will be $83/month for 47 months.  Debtor reserves the right to object to the scheduled claim in favor of AMEX for $1,500.  If the objection is sustained, the monthly payments will be reduced to $51.06/month for 47 months."

*Debtor's Plan*, ECF 61 at 10-11.

On February 14, 2018, Wells Fargo Bank filed its opposition to Debtor's disclosure statement and plan, which was styled as an objection to plan confirmation, ECF 68. On March 12, 2018, Debtor filed a reply to the bank's opposition to the disclosure statement and plan, stating that Debtor and the bank were engaged in settlement discussions and requesting a continuance of the hearing on approval of the disclosure statement to resolve settlement negotiations, ECF 70. The settlement negotiations between Wells Fargo Bank and Debtor were successful, as on April 19, 2018,[6] the bank and Debtor filed a stipulation to a modification of the bank's secured claim, rendering the plan fully consensual. ECF 74.[7]

After the hearing on approval of the disclosure statement on April 25, 2018, the court approved Debtor's disclosure statement and scheduled plan confirmation proceedings by order entered April 27, 2019. ECF 76. The court set a hearing on July 11, 2018, to consider confirmation of the Debtor's forthcoming Amended Plan of Reorganization. *Id.* On May 1, 2018, Debtor filed an Amended Chapter 11 Plan of Reorganization, incorporating the terms of the stipulation with Wells Fargo Bank. ECF 78.

On June 22, 2018, LODAT filed a Motion to Withdraw as Attorney to Debtor-In-Possession and Continue the Confirmation Hearing ("Motion to Withdraw"). ECF 85. LODAT, on behalf of Debtor, filed a Confirmation Brief in Support of the Amended Plan on June 29, 2018. ECF 92. On August 2, 2018, the court confirmed the Amended Plan and granted the Motion of LODAT to Withdraw. ECF 96, 97. As previously discussed, on August 3, 2018, LODAT filed the Fee Application giving rise to this contested matter. *See* ECF 98 (initial fee application filed August 3, 2018); ECF 112 (amended fee application filed September 28, 2018); ECF 138 (supplement to amended fee application filed April 22, 2019).

---

[6]    The hearing on Debtor's Motion for Order Approving Disclosure Statement was set for April 25, 2018.

[7]    The loan modification stipulation made between Debtor and Wells Fargo Bank provided that the bank's secured claim in the amount of $1,388,422.73 (which included recapitalization of post-petition loan arrears and/or fees and costs) would be paid over 40 years at 4.25% interest in monthly payments of $6,020.48, starting on July 1, 2018. ECF 74.

## II.    JURISDICTION

The court has jurisdiction over this contested matter pursuant to 28 U.S.C.

§ 1334(b).  Venue is proper pursuant to 28 U.S.C. § 1409(a).  This is a contested matter

within the meaning of Federal Rule of Bankruptcy Procedure 9014.  This contested matter

is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (b)(2)(B), and (b)(2)(O).

## III.    DISCUSSION

### A.    Standing

Under 11 U.S.C. § 1109(b), "[a] party in interest, including the debtor, the trustee, a

creditors' committee, an equity security holders' committee, a creditor, an equity security

holder, or any indenture trustee, may raise and may appear and be heard on any issue in a

case under this chapter."  Debtor has standing to object to the Fee Application.

Under 11 U.S.C. § 330, the court also has an independent duty to review the

applications of estate professionals such as LODAT, as former general bankruptcy counsel

for Debtor in Possession, for reasonableness.  "The bankruptcy court has a duty to review

fee applications notwithstanding the absence of objections by the trustee, debtor, or

creditors."  *In re Auto Parts Club, Inc.*, 211 B.R. 29, 33 (9th Cir. BAP 1997) (citing *In re
Busy Beaver Building Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994)).

### B.    Legal Standard

#### i.  11 U.S.C. § 330

Under 11 U.S.C. § 330(a)(1), a bankruptcy court is authorized to award "reasonable

compensation for actual, necessary services rendered by . . . an attorney" and any

paraprofessional person employed by an attorney.  The court also has the power to award

a reduced fee to a professional requesting compensation under Section 330.  11 U.S.C. §

330(a)(2).

In determining fees allowed to a professional of a bankruptcy estate, the court must

examine "all relevant factors, including: (A) the time spent on [the] services; (B) the rates

charged for [the] services; (C) whether the services were necessary to the administration

of, or beneficial at the time at which the service was rendered toward the completion of [the

1    case]; (D) whether the services were performed within a reasonable amount of time

2    commensurate with the complexity, importance, and nature of the problem, issue, or task

3    addressed; (E) with respect to a professional person, whether the person is board certified

4    or otherwise has demonstrated skill and experience in the bankruptcy field; and

5    (F) whether the compensation is reasonable based on the customary compensation

6    charged by comparably skilled practitioners in [nonbankruptcy cases]."  11 U.S.C.

7    § 330(a)(3).  The court also must not allow compensation for (i) unnecessary duplication of

8    services, or (ii) services that were not:

9            (I)    Reasonably likely to benefit the debtor's estate, or

10           (II)   Necessary to the administration of the case.

11   11 U.S.C. § 330(a)(4)(A)(ii).

12       **ii.  The Lodestar Method**

13           Courts customarily apply a formula known as the 'lodestar' method to complement

14   these statutory factors, multiplying a reasonable number of hours expended by a

15   reasonable hourly rate to determine allowable compensation.  *Unsecured Creditors'*

16   *Committee v. Puget Sound Plywood, Inc.,* 924 F.2d 955, 960 (9th Cir. 1991); *In re Manoa*

17   *Finance Co., Inc.*, 853 F.2d 687, 691 (9th Cir. 1988).  In *Manoa Finance Company,* the

18   Ninth Circuit held that a compensation award based on the lodestar method is

19   "presumptively a reasonable fee."  853 F.2d at 691.  Although courts customarily begin a

20   fee determination by applying the lodestar method—the "primary" fee calculation formula

21   adopted by the Ninth Circuit—the lodestar is not exclusively applied, given the "uniqueness

22   of bankruptcy proceedings."  *Unsecured Creditors' Committee v. Puget Sound Plywood,*

23   *Inc.,* 924 F.2d at 960.  Further, a court may downwardly adjust a law firm's fees with

24   reference to the work actually and reasonably performed, the value of that work to the

25   estate, the performance of the firm's attorneys, the reasonable hourly rates for such work,

26   and the prevailing community rates, among other factors.  *In re Morry Waksberg M.D., Inc.,*

27   692 Fed. Appx. 840, 842 (9th Cir. June 6, 2017) (quoting *In re Manoa Finance Co., Inc.,*

28   853 F.2d at 691).

1    When determining the amount of reasonable fees, the court's "examination . . .

2 should include the following questions: First, were the services authorized?  Second, were

3 the services necessary or beneficial to the administration of the estate at the time they

4 were rendered?  Third, are the services adequately documented?  Fourth, are the fees

5 requested reasonable, taking into consideration the factors set forth in § 330(a)(3)?

6 Finally, . . . the court must [also consider] whether the professional exercised reasonable

7 billing judgment."  *In re Mednet*, 251 B.R. 103, 108 (9th Cir. BAP 2000) (citation omitted).

8    Regarding the requirement that bankruptcy estate professionals exercise billing

9 judgment, the Ninth Circuit has stated that employment authorization does "not give [the

10 professional] free reign to run up a tab without considering the maximum probable

11 recovery."  *Unsecured Creditors' Committee v. Puget Sound Plywood, Inc.,* 924 F.2d at

12 958.  Before undertaking work on a bankruptcy matter, a professional is obligated to

13 consider:

14    (a) Is the burden of the probable cost of legal services disproportionately large in
       relation to the size of the estate and maximum probable recovery?

15    (b) To what extent will the estate suffer if the services are not rendered?

16

17    (c) To what extent may the estate benefit if the services are rendered and what is
       the likelihood of the disputed issues being resolved successfully?

18 *Id.* at 959-960 (citation omitted).  Moreover, "'[w]hen a cost benefit analysis indicates that

19 the only parties who will likely benefit from [a service] are the trustee and his

20 professionals,' the service is unwarranted and a court does not abuse its discretion in

21 denying fees for those services."  *In re Mednet,* 251 B.R. at 108-109 (quoting *In re*

22 *Riverside-Linden Investment Co.,* 925 F.2d 320, 321 (9th Cir. 1991)).

23    A bankruptcy court has broad discretion to determine the number of hours

24 reasonably expended by a professional.  *Wechsler v. Macke International Trade, Inc. (In re*

25 *Macke International Trade, Inc.)*, 370 B.R. 236, 254 (9th Cir. BAP 2007).  "[E]ven where

26 evidence supports [that] a particular number of hours [were] worked, the court may give

27 credit for fewer hours if the time claimed is 'excessive, redundant, or otherwise

28

1   unnecessary.'" *Id.* (quoting *Dawson v. Washington Mutual Bank, F.A. (In re Dawson)*, 390

2   F.3d 1139, 1152 (9th Cir. 2004)).

3        While "the applicant must demonstrate only that the services were 'reasonably likely'

4   to benefit the estate at the time the services were rendered," *In re Mednet,* 251 B.R. at

5   108, "an attorney fee application in bankruptcy will be denied to the extent that the services

6   rendered were for the benefit of the debtor and did not benefit the estate." *In re Crown Oil,*

7   *Inc.,* 257 B.R. 531, 540 (Bankr. D. Mont. 2000) (quoting *Keate v. Miller (In re Kohl),* 95 F.3d

8   713 (8th Cir. 1996)) (citations and internal quotation marks omitted).  "This rule is based on

9   the legislative history of the Bankruptcy Code section 330(a) and the unfairness of allowing

10  the debtor to deplete the estate by pursuing its interests to the detriment of creditors." *Id.*

11  (citations and internal quotation marks omitted).  "The same unfairness occurs when a

12  debtor's professionals seek to deplete the estate . . . to the detriment of the estate and

13  creditors." *In re Crown Oil, Inc.,* 257 B.R. at 540.

14       Courts do not conclude that "only successful actions may be compensated under

15  § 330.  To the contrary, so long as there was a reasonable chance of success which

16  outweighed the cost in pursuing the action, the fees relating thereto are compensable.

17  Moreover, professionals must often perform significant work in making the determination

18  whether a particular course of action could be successful.  Such services are also

19  compensable so long as, at the outset, it was not clear that success was remote." *In re*

20  *Crown Oil, Inc.,* 257 B.R. at 541 (quoting *In re Jefsaba, Inc.,* 172 B.R. 786, 789 (Bankr.

21  E.D. Pa. 1994)) (internal quotation marks omitted).  "On the other hand, whether a

22  reorganization is successful is a factor to be considered in determining whether a debtor's

23  counsel's services provide a benefit to the estate." *In re Crown Oil, Inc.,* 257 B.R. at 541

24  (citing *In re MFlex Corp.,* 172 B.R. 854, 857 (Bankr. W.D. Tex. 1994) and *In re Lederman*

25  *Enterprises, Inc.,* 143 B.R. 772, 775 (D. Colo. 1992), *affirmed,* 997 F.2d 1321 (10th Cir.

26  1993)).

27       The court has reviewed the Fee Application of LODAT, including all billing entries,

28  pursuant to 11 U.S.C. § 330 and the lodestar method.  The court identified specific tasks

1  performed by LODAT and its professionals which were objected to by Debtor or otherwise

2  potentially problematic based on the court's independent duty to review the

3  reasonableness of the time billed and tasks performed.  As discussed herein, the court

4  determines that not all the of the requested fees are reasonable, and the court has reduced

5  the award by disallowing the fees that are not reasonable.  The court has determined that

6  some of Debtor's objections to the requested fees have merit, but other objections lacked

7  merit.  The court has also determined that other requested fees are not reasonable

8  pursuant to its independent duty to review the fees.

9  **C.    Application**

10  On the original Fee Application, LODAT requested $57,040.00 in fees, $3,087.42 in

11  expenses, and a total balance due of $46,577.72 based on payments previously made.

12  ECF 112.  LODAT's final Fee Application, including the Supplemental Application, included

13  fees and costs for the entire case of $89,915.23, with an unfunded balance due of

14  $67,233.34.  ECF 138 at 7-8.

15  Pursuant to the court's order entered on May 22, 2019, ECF 141, LODAT provided

16  the court with an electronic copy of LODAT's final billing entries in Microsoft Excel

17  spreadsheet format, which showed the fees requested in the Fee Application.  The court

18  had ordered the parties to submit the billing entries and objections in spreadsheet form in

19  order for the court to make rulings on each individual billing entry and each objection.  The

20  court has used the Microsoft Excel spreadsheet file containing LODAT's billing entries to

21  make its rulings thereon.  The court notes that the total amount of fees on the spreadsheet

22  filed as ordered by the court was $82,488.55, which is less than the total fees of

23  $89,915.34 on the last amended fee application filed on April 22, 2019, ECF 138.  The

24  difference in fees is primarily attributable to the fee categories of Final Fee Application

25  Charges ($24,685.45 vs. $21,621.13) and Fee Application Mediation ($5,552.47 vs. $0.00).

26  The court bases its rulings on the billing entries on the fee spreadsheet since the court

27

28

1   specifically ordered LODAT to submit the electronic spreadsheet in order for the court to

2   make its rulings.[8]  *See also supra* at 3 n.2.

3      **i.  Debtor's Objections**

4        On October 11, 2018, Debtor filed a Declaration in Opposition of Final Application

5   for Professional Compensation Including Counsel's Business Practices and Standards of

6   Care.  ECF 115.  Specifically, Debtor objected to six categories of fees: Motion for

7   Withdrawal (Firm Employment and Compensation); Preparation of a Plan Spreadsheet

8   (Planned Disclosure Statement); Monthly Operating Disbursement Reports (U.S. Trustee

9   Matters); Wells Fargo Mortgage Modification (Planned Disclosure Statement); Plan and

10  Disclosure Charges (Firm Employment and Compensation); Firm Employment &

11  Compensation (Firm Employment and Compensation).  *Id.* at 6.  Debtor also objected to

12  certain individual billing entries.  *Id.* at 8 (e.g., "10/24/17 – Left Message - $50.00 . . .").

13       On January 29, 2019, Debtor filed an Amended Declaration in opposition to the Fee

14  Application.  ECF 124.  Debtor's declaration made similar arguments addressing the

15  reasonableness of LODAT's fees, including that work on the plan spreadsheet, loan

16  modification with Wells Fargo Bank, and monthly reports was not reasonably billed.  ECF

17  124.  Debtor also disputed that LODAT's post-withdrawal fees were compensable.  *Id.* at

18  32.   On July 23, 2019, Debtor filed a final Motion in Opposition to the Fee Application, ECF

19  152, which restated Debtor's general objections to the Fee Application and included

20  objections to specific billing entries in the spreadsheet LODAT provided the court and

21  parties as a result of the court's May 22, 2019 order, ECF 141 (requiring electronic

22  spreadsheets of disputed billing entries).

23     **ii.  LODAT's Defense of the Fee Application**

24       On October 17, 2018, LODAT filed its Reply to Debtor's initial Declaration and

25  Opposition Regarding Final Fee Application (the "Reply").  ECF 116.  The Reply argued

26  that Debtor's unreasonable expectations, changing goals, and failure to assist counsel had

27

28  _____

[8]     In any event, the additional fees for Final Fee Application Charges and Fee Application Mediation
would not have been allowed because they were for services rendered in defense of the Fee Application as
discussed herein.

-18-

1  caused the disputed billing issues, including the amount of work on the plan spreadsheet

2  and loan modification.  *Id.* at 2-3.

3      On February 25, 2019, in response to the amended declaration filed by Debtor on

4  the eve of trial, LODAT filed its Supplemental Reply and Objections (the "Supplemental

5  Reply").  ECF 127.  The Supplemental Reply addressed Debtor's declarations and the

6  disputed billing entries, including the work on the plan spreadsheet.  *Id.* at 5.  LODAT

7  argued that communications that Debtor complained of, such as calls and e-mails, were

8  made necessary by Debtor's conduct.  *Id.* at 5-7.  Additionally, LODAT argued that fees

9  related to monthly reports, its withdrawal, and the instant fee dispute were also

10  compensable.  *Id.*

11  ### iii.  **The Court's Determinations**

12      The court's rulings on all individual billing entries, including those specifically

13  objected to by Debtor, are set forth in Exhibit A attached to this memorandum decision (the

14  "Rulings Spreadsheet").[9]  The court addresses the parties' broader contentions below.

15      The Fee Application lists categories for fees for the various services that were

16  rendered by LODAT in this case, and it is useful to consider the fee categories first.[10]  Of

17  note, the fee category of "B02: Final Fee Application Charges" primarily represents fees for

18  services performed by LODAT in defense of its fee application.  As discussed herein, these

19  fees are impermissible under the Supreme Court's decision in *Baker Botts*.  The court has

20  disallowed most, if not all, of these fees.  The court also disallowed fees for services

---

[9]      Schedule A also includes a court-generated spreadsheet based on the data provided by LODAT, *LODAT Billing Category Totals*, which shows the disallowed and allowed fees on a per-category basis instead of by individual billing entry.

[10]      In its supplemental and final fee application, ECF 138, LODAT categorized its fees as follows:
-    A: Services Not in Any Other Category (or Ch. 11 General)
-    B: Firm Employment and Compensation
-    B01: Motion to Withdraw
-    B02: Final Fee Application Charges
-    B03: Fee Application Mediation
-    C: U.S. Trustee Matters
-    F: Claims
-    G: Employment and Compensation of other Professionals
-    M: Use, Sale or Lease of Estate Assets
-    T: Plan and Disclosure Statement Services

1  rendered by LODAT in support of its motion to withdraw from the case, "B01: Motion to

2  Withdraw," because such services were not for the benefit of the estate, but for itself.

3      Aside the fees of $24,831.96 as reflected in the billing spreadsheet for defending the

4  fee application or for moving to withdraw, this leaves roughly $57,656.59 in fees requested

5  by LODAT with respect to representation of Debtor.  The court has reviewed all of the fees

6  for reasonableness pursuant to 11 U.S.C. § 330 and has made rulings on all of Debtor's

7  objections to the extent that the court could discern the objections.  The court was not able

8  to discern all of Debtor's objections because some objections were misidentified as to the

9  date that the objection was rendered, and thus, the court was unable to rule on such

10  objections.  To the extent that the court could, it made a specific ruling on the objection

11  made by Debtor as to the specific billing entry, whether to sustain or overrule the objection

12  in part or in whole.  With respect to some of the fee categories, few, if any, of the fees were

13  disallowed because Debtor did not interpose objections and the court did not otherwise find

14  that the fees were unreasonable. *See Rulings Spreadsheet,* Exhibit A at "A: Services Not

15  in Any Other Category (Ch. 11 General)," "B: Firm Employment and Compensation," "C:

16  U.S. Trustee Matters," "F: Claims," "G: Employment and Compensation of other

17  Professionals," "M: Use, Sale or Lease of Estate Assets."

18      With respect to other fee categories, some of the fees were disallowed because the

19  court found that Debtor's objections had merit, or the court determined that the fees were

20  otherwise not reasonable.  The major fee category that drew Debtor's objections was with

21  respect to disclosure statement and plan confirmation, "T: Plan and Disclosure Statement

22  Services," and the court sustained many but not all of Debtor's objections after determining

23  that the objections had merit, and the court did not have information to show that the fees

24  were otherwise reasonable.  With respect to the disclosure statement and plan

25  confirmation category, the court allowed a slight majority of the fees claimed as reasonable

26  and disallowed a just less than half of the fees requested.

27      However, the court now generally discusses the fee rulings in the context of the

28  case as a whole.  This bankruptcy case was straightforward and did not present complex

issues.  The primary issue in this case involved the plan treatment of Debtor's home lender, Wells Fargo Bank, which held the first lien on the residence, which issue was eventually consensually resolved with minimal litigation effort.  The court does not wish to detract from the efforts of LODAT, which successfully negotiated a loan modification and plan treatment of the secured claim of Debtor's senior home lender.  The litigation in the case consisted of mainly routine case administrative matters (i.e., case status conferences, hearings on approval of disclosure statement and plan confirmation) and uncontested litigation proceedings (i.e., only one claim objection and the sole dispute regarding approval of the disclosure statement with Wells Fargo Bank was promptly and consensually resolved).  However, because the court considers the lodestar analysis in reviewing the fees requested here, the court determines that the amount of time spent on the case by LODAT was not entirely reasonable, and thus, the fees are excessive to some degree.

        The case was simple and straightforward because the major issue was the dispute with the senior home lender, which was consensually resolved, and there was no dispute with other creditors as their claims were consensually resolved through the plan.  There was only one objection to a claim, which was unopposed.  Debtor's income consisted of two sources, social security and income from his consulting business, and his expenses were his personal expenses.

        As was stated in the initial case status report prepared by LODAT for Debtor in this case, the case was going to be resolved through negotiation or a Chapter 13 style cure plan.  The confirmed plan in the case was a simple plan based on a loan modification of the senior secured claim and lien on the residence, consensual payment of the other secured claims and priority tax claims and payment of general unsecured claims in full without interest over 47 months.  The plan would be funded from two sources of Debtor's net monthly disposable income, that is, Debtor's social security income, and his business consulting income.  Thus, the plan in this case bore strong similarities to a 5 year Chapter 13 plan.  The plan and disclosure statements were on official court "fill in the blank" form

documents with some very brief attachments.  As LODAT's principal, David Tilem, said at trial, this was a simple, supersized Chapter 13 style case.  *Audio Recording of Trial*, January 30, 2019 at 9:33 a.m.

There is no dispute that the case was straightforward and did not require much disclosure to comprehend the plan as Debtor's motion to approve the disclosure statement prepared by LODAT stated.  ECF 62 at 3.  The question is, why would this simple and straightforward Chapter 13 style individual Chapter 11 bankruptcy case take about 67.30 hours of professional, mostly attorney, time resulting in nearly $32,000 in fees to prepare the form "fill in the blanks" plan and disclosure statement documents and to obtain disclosure statement approval and plan confirmation, which were minimally contested.[11]  As set forth in the attached Rulings Spreadsheet, the court has reviewed the fees for reasonableness and has determined that the requested amount of approximately $32,000 is excessive and unreasonable, but an amount of approximately $16,000 of these requested fees is reasonable under a lodestar method analysis as set forth in the court's Rulings Spreadsheet.

Much of the focus of Debtor's objections and the court's scrutiny is on the time billed for preparing plan and disclosure statement attachments and communications between Debtor and his counsel, LODAT.  The plan and disclosure statement attachments are short, simple documents dealing with simple issues, and are so abbreviated that the court could quote them verbatim in this decision without making the decision excessively long.  The court cannot identify why it would have taken counsel so long to prepare these attachments because they dealt with simple, discrete issues, such as scheduling of claims and computation of Debtor's household income, which could have been handled by a paralegal rather than an attorney.  The time required to complete such attachments is unreasonable, and LODAT has not shown why the time billed for preparing such attachments is reasonable, given the simplicity of the content of these attachments.

---

[11]    Only Wells Fargo Bank filed an opposition to the Debtor's first plan, which opposition was consensually resolved by the Stipulation.  ECF 74.

1    Under the lodestar method, the court determines that LODAT's billing rates were

2    reasonable and appropriate based on the services rendered and the fees typically charged

3    in Chapter 11 cases in this district.  Although LODAT's principal, David Tilem, testified that

4    his usual billing rate is $600.00 per hour, his billing rate of $500.00 per hour in light of his

5    experience as a bankruptcy practitioner is reasonable.  The rates of LODAT's other

6    professionals, the former associate attorney at $300.00 per hour, and the paralegals at

7    $100.00 per hour and $150.00 per hour were also reasonable.

8    The issue raised by Debtor in his objections was the use of higher cost

9    professionals on tasks which should have been performed by lower cost professionals.  In

10    the early stage of the case, June 2017 to August 2017, this was not an issue because work

11    was appropriately delegated to lower cost professionals, and Debtor had no specific

12    objections to services during this time.  However, after the associate attorney left LODAT,

13    Mr. Tilem was left as the only attorney at the firm—with his $500.00 per hour billing rate.

14    As discussed below and in the court's Rulings Spreadsheet, the issue is not so much Mr.

15    Tilem's rate per se, but his billing of services for clerical tasks that he performed, such as

16    preparing arithmetic computations of income and expenses for plan documents, which did

17    not require an attorney to perform and should not have been billed at attorney rates.  *See*

18    Memorandum Decision Granting in Part Request for Allowance and Payment of

19    Administrative Claim by the Bankruptcy Law Firm, P.C., *In re Morry Waksberg M.D., Inc.,*

20    No. 2:06-bk-16101-BB Chapter 7, slip op. at 16-18 (Bankr. C.D. Cal., filed and entered on

21    April 20, 2015), *affirmed in relevant part sub nom. The Bankruptcy Law Firm, P.C. v. Siegel*

22    *(In re Morry Waksberg M.D., Inc.),* BAP No. CC-15-1109 TaKuKi, 2015 WL 9437343, slip

23    op. at *7 and n. 7 (9th Cir. BAP, unpublished opinion filed on December 22, 2015), *affirmed*

24    *in relevant part and reversed and remanded on other grounds,* 692 Fed. Appx. 840, 841-

25    842 (9th Cir. 2017) (unpublished opinion).

26    The court addresses the reasonableness of the time spent on individual tasks

27    pursuant to the lodestar method below and in its individual rulings found in the Rulings

28

1  Spreadsheet.[12]  Because the court determined that the fees requested in connection with

2  the motion to withdraw and defense of the fee application are not compensable as a matter

3  of law because the motion to withdraw was for the benefit of LODAT, and not the

4  bankruptcy estate, and services for defense of a fee application do not benefit the

5  bankruptcy estate, the reasonableness of the time spent on those tasks is not material.

6  Accordingly, the court discusses the reasonableness under the lodestar method of the fees

7  billed by LODAT for services relating to the plan and disclosure statement and other issues

8  arising in the case.

9      iv.  **Fees Requested for Defense of Fee Application**

10       The court has reviewed LODAT's fees of $21,621.13 claimed in its fee spreadsheet

11  under the category of "Final Fee Application Charges" and has made rulings on the billing

12  entries as set forth in the attached Rulings Spreadsheet.[13]  The court has disallowed nearly

13  all of the fees in this category because they were the result of services in *defense* of the

14  Fee Application and not services rendered *preparing* the Fee Application.

15       Courts evaluating fee applications must distinguish between *preparing* a fee

16  application and *defending* a fee application.  *Baker Botts L.L.P. v. ASARCO LLC*, 135 S.Ct.

17  2158, 2167, 192 L. Ed. 2d 208 (2015).  The Supreme Court stated in *Baker Botts* that "[a]

18  [11 U.S.C.] §327(a) professional's preparations of a fee application is best understood as a

19  'servic[e] rendered' to the estate administrator under §330(a)(1), whereas a professional's

20  defense of that application is not."  The Supreme Court also stated: "Any compensation

21  awarded for the preparation of a fee application shall be based on the level and skill

22  reasonably required to prepare the application," 11 U.S.C. § 330(a)(6), while 11 U.S.C.

23  § 330(a)(1) does not permit bankruptcy courts to award fees to bankruptcy estate

24

---

25  [12]     Fees that the court was required to disallow because the fee was either Unnecessary Duplication of
Services under 11 U.S.C. § 330(a)(4)(A)(i); Services that were Not Reasonably Likely to Benefit the Debtor's

26  Estate under 11 U.S.C. § 330(a)(4)(A)(ii)(I); or, Services that were Not Necessary to the Administration of the
Case under 11 U.S.C. § 330(a)(4)(A)(ii)(II) are set forth in the individual rulings in Schedule A.

27
[13]     The court notes that the Fee Application contained a fee category of "Fee Application Mediation," but

28  there were no such entries on LODAT's fee spreadsheet.  It appears that this fee category was subsumed in
the fee category of "Final Fee Application Charges."

1  professionals for defending their fee applications, *Baker Botts L.L.P. v. ASARCO LLC*, 135

2  S.Ct. at 2164-2166.

3          In *Baker Botts*, two law firms employed by the estate to represent the debtor in

4  possession sought compensation under 11 U.S.C. § 330(a)(1), and the debtor objected to

5  the fee applications.  *Baker Botts L.L.P. v. ASARCO LLC*, 135 S.Ct. at 2163.  After

6  extensive discovery and a six-day trial, the bankruptcy court rejected the debtor's

7  objections and awarded the fees, including an additional amount for time spent litigating

8  defense of the fee applications.  *Id.*  The Supreme Court ultimately disagreed.  The

9  Supreme Court began with the basic point of reference when considering the award of

10 attorneys' fees, which is the "American Rule," whereby each litigant pays its own attorneys'

11 fees, win or lose, unless a statute or contract provides otherwise.  *Id.* at 2164 (collecting

12 cases).  "Congress did not expressly depart from the American Rule to permit

13 compensation for fee-defense litigation by professionals hired to assist trustees [or debtors

14 in possession] in bankruptcy proceedings."  *Id.*[14]  The text of 11 U.S.C. § 330(a)(1) "cannot

15 displace the American Rule with respect to fee-defense litigation" because "the phrase

16 'reasonable compensation for actual, necessary services rendered' permits courts to award

17 fees to attorneys for work done *to assist the administrator of the estate*," and "[t]he word

18 'services' ordinarily refers to 'labor performed for another.'"  *Id.* (citing Webster's New

19 International Dictionary 2288 (def. 4) (2d ed. 1934)) (emphasis added).  The Supreme

20 Court concluded in *Baker Botts* that "[b]ecause § 330(a)(1) does not explicitly override the

21 American Rule with respect to fee-defense litigation, it does not permit bankruptcy courts to

22 award compensation for such litigation."  *Id.* at 2169.

23         The Ninth Circuit follows the rule of *Baker Botts* disallowing fees for the defense of

24 an application of a bankruptcy professional for fees as an administrative expense of the

25 bankruptcy estate pursuant to 11 U.S.C. § 503(b)(1)(A)(i), but allowing fees for the

26

27

28 [14]      11 U.S.C. § 1107(a) gives Chapter 11 debtors in possession generally the same authority as
trustees, including the authority to retain 11 U.S.C. § 327(a) professionals.

1    preparation of a fee application.  *The Bankruptcy Law Firm, P.C. v. Siegel (In re Morry*

2    *Waksberg M.D., Inc.),* 692 Fed. Appx. at 841.

3         At trial, LODAT argued that such fees are for services in "prosecuting" the Fee

4    Application, citing *In re Nucorp Energy, Inc.,* 764 F.2d 655 (9th Cir. 1985).  However, the

5    court's review of the fees indicates that the fees were for services in defense of the Fee

6    Application against objections of Debtor rather than in preparation of the Fee Application.

7    As shown by the court's rulings on the attached Rulings Spreadsheet, the court has

8    allowed fees for the preparation of the Fee Application while disallowing fees for the

9    defense of the Fee Application, which is consistent with the *Baker Botts* and *Waksberg*

10   cases.  Although the Supreme Court's decision in *Baker Botts* is directly applicable to

11   LODAT's fees for defending its fee application, LODAT does not discuss the *Baker Botts*

12   case in its Fee Application or briefing in support of the application.  ECF 98, 112, 116, 127

13   and 138.  The case of *Nucorp Energy* does not support LODAT's argument because that

14   case only holds that fees in preparation of a fee application are compensable which is

15   consistent with *Baker Botts* and does not support any argument that fees for services in

16   defense of a fee application are compensable.  *In re Nucorp Energy, Inc.,* 764 F.2d at 658-

17   659.  To the extent that LODAT argues that the language of *Nucorp Energy* that the

18   "preparation and presentation" of attorney fee applications in bankruptcy cases covers fees

19   for defense, that argument is inconsistent with *Baker Botts* and *Waksberg,* which must be

20   rejected.

21        **v.  Fees Requested for Fee Application Mediation**

22        Although LODAT requested fees of $5,552.47 on its Supplemental Fee Application

23   under the fee category of "Fee Application Mediation," LODAT does not claim fees under

24   this fee category in its fee spreadsheet.  The court does not allow fees under this category

25   because the billing entries for the fees were not submitted on the fee spreadsheet as

26   ordered by the court.  Alternatively, the court would have disallowed the fees in this

27   category because they are for services in defense of the Fee Application since the purpose

28

1  of the mediation was to resolve the dispute between Debtor and LODAT arising from

2  Debtor's objections to the Fee Application.

3    **vi.    <u>Fees Requested for LODAT's Motion to Withdraw</u>**

4        The court has reviewed LODAT's fees of $3,210.83 claimed on its fee spreadsheet

5  under the category of "Motion to Withdraw" and has made rulings on the billing entries as

6  set forth in the attached Rulings Spreadsheet.  The court has disallowed most of the fees

7  in this category because they did not benefit the estate as required by 11 U.S.C. § 330, as

8  the motion to withdraw was only for the benefit of LODAT and not for the benefit of the

9  estate.

10    **vii.    <u>Fees Requested for Plan and Disclosure Statement Services</u>**

11        The court has reviewed LODAT's fees of $31,878.24 for 67.3 hours of professional,

12  mostly attorney, services claimed on its fee spreadsheet under the category of "Plan and

13  Disclosure Statement Services" and has made rulings on the billing entries as set forth in

14  the attached Rulings Spreadsheet.  The court has disallowed approximately half of the fees

15  in this category and allowed half of the fees as set forth in the specific rulings on the

16  attached Rulings Spreadsheet.

17        The court in this narrative provides further explanation for its rulings on the fees in this

18  category.  As previously stated, this was a simple and straightforward Chapter 13 style

19  case, which was resolved without much contested litigation.  The approach to the case by

20  Debtor and his bankruptcy counsel, LODAT, was to obtain confirmation of a Chapter 13

21  style plan by resolving the major dispute with the home lender, Wells Fargo Bank, with the

22  senior lien on Debtor's residence. The Real Property was the only substantial asset of the

23  bankruptcy estate, and the plan proposed obtaining a loan modification and consensual

24  plan treatment by payment of the other secured claims, priority tax claims and general

25  unsecured claims in full.  Like in a Chapter 13 plan, the plan would be funded by Debtor's

26  net monthly disposable income, which came from two sources, that is, Debtor's social

27  security income, and his business consulting income.  Thus, the plan in this case bore

28  strong similarities to a five-year Chapter 13 plan.

1     As discussed above, the plan and disclosure statements were prepared by LODAT on

2 the court's official "fill in the blank" form documents for individual Chapter 11 debtors, which

3 bear similarities to the court's Chapter 13 plan form documents.  LODAT added

4 attachments to the court's form plan and disclosure statement documents, which contained

5 additional special plan and disclosure provisions.  The court has reviewed the form plan

6 and disclosure statement documents, and these documents themselves should not have

7 taken very much time to fill in the blanks.  Moreover, the court has reviewed the plan and

8 disclosure statement attachments containing the special plan and disclosure statement

9 provisions, and these provisions should not have taken very much time to prepare.

10     The motion to approve the disclosure statement was a page and a half of text, which

11 simply asserted that not much disclosure was required for the plan, but that the disclosure

12 was adequate under Section 1125 of the Bankruptcy Code.  No other authorities were cited

13 in the motion.  In the court's estimation, a reasonable time to complete this document

14 would be one hour of attorney time.

15     The motion to approve the disclosure statement was briefly contested by one

16 creditor, Wells Fargo Bank, and to LODAT's credit, it was able to expeditiously resolve the

17 objection of the bank to the disclosure statement and plan by agreeing to a very favorable

18 loan modification for Debtor, that is, a 40 year reamortization of the existing 30 year loan

19 that provided for recapitalization of the loan arrearages into the reamortized loan at a

20 favorable interest rate of 4.65%, slightly above the 4% proposed in the plan.  Contrary to

21 Debtor's assertions that LODAT lacked experience to negotiate a loan modification with the

22 bank, it had considerable experience in negotiating loan modification in bankruptcy case,

23 which showed in the favorable result in resolving the dispute with the bank, and thus, the

24 court has overruled most, if not all, of Debtor's objections to the fees requested by LODAT

25 for resolving the dispute with the bank.

26     As previously noted, the main body of the disclosure statement was the court's form

27 disclosure statement for individual Chapter 11 debtors.  LODAT filled in the blanks

28 regarding terms of payment of the various claims under the plan and sources of income of

1   Debtor to fund the payments under the plan.  In the court's estimation, a reasonable time to

2   complete this document would be two hours of attorney time.

3       LODAT prepared the three page disclosure statement attachment, which contained

4   special disclosure statement provisions consisting of a one-half page ballot instruction, a

5   chart of Debtor's monthly household income from January 2013 to December 2017, a one-

6   quarter page statement on claim objections, and a one paragraph statement on LODAT's

7   attorney fees.   In the court's estimation, a reasonable time to complete these special plan

8   provisions would be one hour and one half of attorney time, except as to completion of the

9   monthly household chart which was essentially a computational task gathering Debtor's

10  social security income and bank records and interviewing Debtor regarding these records,

11  which would reasonably involve 5 hours of paralegal time and 2 hours of attorney time.

12      LODAT prepared the five exhibits to the disclosure statement, which included an

13  updated income and expense statement for Debtor's household, modified real and

14  personal property schedules to provide liquidation values, a claims schedule, a plan ballot,

15  a statement regarding assumption of executory contracts and a declaration of Debtor in

16  support of the disclosure statement.   The completion of the updated income and expense

17  statement should not have taken much time since it is a "fill in the blank" form, and the

18  workup should have been based on the work for the monthly household income chart for

19  the disclosure statement attachment.  The completion of the modified real and personal

20  property schedules should not have taken much time because it was a modification of the

21  real and personal property schedules filed with the bankruptcy petition.  The claims

22  schedule should not have taken much time because the information would be taken from

23  the claims scheduled on the petition and listed on the claims register.  The plan ballot is a

24  form document which should not have taken long to complete.  The statement on

25  assumption of executory contracts and unexpired leases should not have taken much time

26  since the statement was that there were no such contracts or leases to assume.  In the

27  court's estimation, a reasonable time to complete these exhibits which were essentially

28  computational tasks relating to Debtor's household income already being done for the

1   disclosure statement attachment and modifying the property schedules and preparing form

2   documents, which would reasonably involve 6 hours of paralegal time and 2 hours of

3   attorney time.

4        As previously noted, the main body of the plan was the court's form plan for individual

5   Chapter 11 debtors, which includes boilerplate language on treatment of unclassified

6   claims, classification and treatment of claims, allowance and disallowance of claim,

7   executory contracts and unexpired leases, means of implementation, discharge and effects

8   of confirmation and general plan provisions.  LODAT filled in the blanks regarding

9   treatment of claims and plan duration.  In the court's estimation, a reasonable time to

10  complete this document would be one hour of attorney time.

11       LODAT prepared the two page plan attachment, which contained special plan

12  provisions.[15]  In the court's estimation, a reasonable time to complete this document would

13  be two hours of attorney time.

14       In addition, the court estimates that reasonable times for: (1) appearance of a

15  disclosure statement hearing, 1.0 hour of attorney time; (2) preparation of an amended

16  plan based on the stipulation with Wells Fargo Bank, 2.0 hours of attorney time; (3)

17  preparation of a confirmation brief, 2.0 hours of attorney time; (4) appearance at a

18  confirmation hearing, 1.0 hour of attorney time; (5) litigation support by paralegal staff,

19  including order preparation, 3.0 hours of paralegal time; (6) client communications re:

20  same: 2 hours of attorney time.  In the court's view, a reasonable estimate of time for plan

21  and disclosure statement services in this case would have been 35 hours of professional

22  time, 20 hours of attorney time and 15 hours of paralegal time, yet the actual time billed for

23  such services was over 60 hours.  The court's rulings on the reasonableness of the fees

24  requested under the lodestar method of analysis are close to this rough estimate.

25

26  [15]    The plan provisions consisted of a one-paragraph addendum discussing Debtor's ability to pay
anticipated legal fees, a three-paragraph addendum discussing Debtor's federal and state income and self-
27  employment tax liabilities for 2015 through 2018, a one-paragraph addendum discussing his settlement
proposal with the senior home lender, a half page addendum discussing the plan treatment of the claim of
28  secured claimant, Gregory Creighton, and a one-paragraph addendum discussing monthly plan payments on
claims of Class 6(b) general unsecured creditors with or without allowance of the claim of AMEX.

1    The court has considered the arguments of LODAT as to why the higher fees

2   requested for such services are reasonable as set forth below.  In LODAT's reply to

3   Debtor's Declaration and Opposition Regarding Final Fee Application, ECF 116, filed on

4   October 17, 2018, it asserted that additional charges related to the plan spreadsheet

5   resulted from Debtor's failure to provide "good numbers," that is, Debtor would provide one

6   set of numbers, only to replace, update or revise them, which went on for "many weeks"

7   after "warning after warning that the deadline was fast approaching."  *Id*.   Based on the

8   trial testimony of LODAT's principal, David Tilem, the amount of time and expense needed

9   to perform the task of preparing the plan and disclosure statement increased because

10  LODAT made extra efforts to reconcile the information on Debtor's bank records with

11  Debtor's representations of his income.  According to Mr. Tilem, LODAT was under time

12  constraints to meet the filing deadline of January 31, 2018 to file the plan and disclosure

13  statement and it did not have adequate information from Debtor to reconcile the income

14  data with the numbers needed to put on the plan documents.  LODAT also stated that it

15  needed to communicate more with Debtor to obtain the information to compute accurate

16  income figures for the plan documents and to use computer expertise to compute income

17  figures on Microsoft Excel spreadsheets.  According to Mr. Tilem, he was the only person

18  in the office, among himself as the sole attorney and three paralegals, who had

19  competence in Microsoft Excel to make the computations, which in his view justified the

20  billing of computational work at his usual billing rate.  However, the work of computing the

21  historic income figures is strictly computational and could have been done manually on

22  paper without the need for a computerized spreadsheet.  What needs to be done was to

23  obtain the social security income records and the bank records showing deposits from

24  Debtor's household and time to review them and interview Debtor regarding the documents

25  to reconcile them with Debtor's representations.  While LODAT asserts that additional

26  professional time was needed in order to meet a disclosure statement filing deadline in

27  January 2018.  The court does not see why LODAT considered there were time constraints

28  in obtaining accurate financial data from Debtor's household since the case was filed in

1  June 2017 and the disclosure statement filing deadline was over 6 months later in January

2  2018.  There was plenty of time, over 6 months, to obtain and assemble Debtor's financial

3  data and to interview Debtor by LODAT's paralegal staff, who should have performed this

4  task rather than its higher billing attorney.

5      In the initial reply to Debtor's opposition, LODAT also argued that the medical

6  problems of Debtor's wife should not be used to reduce LODAT's fees as the scope of

7  these problems "could not [or] seek tor reduce counsel's fees because Debtor faced other

8  pressures."  ECF 116 at 2-3.   The court has considered this argument and notes that

9  Debtor has not objected to LODAT's fees on this basis, nor has the court disallowed

10  LODAT's fees on this basis as indicated on the court's schedule of rulings.

11      In the initial reply to the opposition, LODAT further argued that "Debtor's failure to

12  'take care of business' resulted in the need for much more hand-holding than would or

13  could normally have been anticipated."  ECF 116 at 2.  Specifically, LODAT argues: "One

14  particular concern has to do with various deed of trust[s] recorded against the Debtor's

15  residence which could and should have been reconveyed early in the case."  *Id*.  The court

16  has considered this argument and has not allowed LODAT's fees relating to the various

17  deeds of trust against Debtor's residence, and it does not appear that Debtor's objections

18  related to fees in connection with this work.  The court has sustained Debtor's objections

19  and disallowed fees for excessive time for the tasks performed as indicated on the court's

20  Rulings Spreadsheet, which may or may not relate to LODAT's "hand-holding" issue,

21  because the court has taken into consideration the nature of the tasks performed and the

22  reasonableness of the time to perform such tasks.

23      LODAT also argued that "Debtor's insistence on pursuing unrealistic and changing

24  goals was responsible for most of the unanticipated expenses."  ECF 116 at 3.

25  Specifically, LODAT argued: "Debtor states that all he wanted was a mortgage modification

26  – but this result was refused by the lender – not by Debtor's counsel."  *Id*.  The court has

27  considered this argument and has generally allowed LODAT's fees for loan modification

28  and developing strategies for resolving the dispute with the senior home lender, and

1  overruled most, if not all, of Debtor's objections to fees for this work as indicated on the

2  court's Rulings Spreadsheet.

3       In the initial reply, LODAT further argued that Debtor asked its attorney to try to

4  assume a policy of long term care insurance, which generated fees in determining that the

5  odds were low and the effort abandoned, and thus, it should not be penalized for doing

6  what Debtor requested.   ECF 116 at 3.  The court has allowed some fees for this work as

7  Debtor admitted that he asked LODAT about the long term care insurance, but disallowed

8  some fees because there was no benefit to the estate as the question should have been

9  answered in a shorter period of time.

10       LODAT finally argued that additional work was performed because "Debtor's

11  expectations of the Chapter 11 process morphed throughout the case." ECF 116 at 3.

12  The only specific example of the fees for services performed as a result of this was the

13  proposal of a reverse mortgage as a strategy to keep Debtor and his wife in the home.

14  The court has considered this argument and has overruled most, if not all, of Debtor's

15  objections to fees for this work, generally allowing LODAT's fees for loan modification and

16  developing strategies for resolving the dispute with the senior home lender, including its

17  reverse mortgage suggestion as indicated on the court's Rulings Spreadsheet.

18       In LODAT's supplemental reply to Debtor's opposition, ECF 127, filed on February 25,

19  2019, LODAT argued that "Debtor's most significant challenge is his assertion that Counsel

20  spent an excessive amount of time mechanically entering data into a spreadsheet at a cost

21  of $12,300.  Nothing could be further from the truth." ECF 127 at 17.[16]  According to

22  LODAT, "[t]hough Counsel attempted to develop suitable (accurate) income and expense

23  information starting in mid-December [2017] (and even working through the New Year

24  holiday), Debtor procrastinated until days before the January 31, 2018 filing deadline.

25  When information was provided, it proved to be inconsistent with bank statement

26

27  [16]   The plan spreadsheet was not part of the filed disclosure statement and the plan, but a working document
prepared by LODAT to generate the income and expense charts in the attachments to those documents.  A

28  version of the plan spreadsheet was attached to Debtor's Amended Declaration as Exhibit 12.  ECF 125-2 at
1-5.  *See also, Debtor's Amended Declaration,* ECF 125 at 20-24.

1  information (reflected on the Monthly Operating Reports) or tax return information and, in

2  some cases, defied common sense (examples include no budget line item for clothing,

3  business equipment repairs and maintenance or income taxes).  Debtor had still not filed

4  some of his income tax returns making income information unreliable, and information on

5  the unfiled returns was inconsistent with Debtor's representations regarding his income."

6  *Id.* at 18-19.  LODAT said that in order to meet the disclosure statement filing deadline, its

7  attorney reviewed Debtor's monthly operating reports, prepared and sent the spreadsheet

8  and reviewed it with Debtor line by line, communicated with Debtor regarding the various

9  expense items, conferred with Debtor's accountant regarding the reasonableness of

10  expense items, used Microsoft Excel functions to interpolate missing data, calculated

11  averages and attempted other means to gather reliable information.  *Id.* at 19.  As indicated

12  in the court's rulings on the fees for the plan and disclosure statement services and

13  Debtor's objections thereto, the problem is that much of this work performed by counsel

14  was clerical in nature because it was compiling numerical data and computing this data to

15  derive historical and projected income and expense figures, which lower cost professionals

16  should have performed, and not a higher billing attorney.  The time crunch was

17  manufactured here because LODAT itself procrastinated and did not ask Debtor to

18  produce the income and bank records to derive the numerical data until mid-December

19  2017 when the deadline was approaching a month later at the end of January 2018.  This

20  resulted in unnecessary communications and extra work which could have been avoided if

21  LODAT tasked this work to its lower billing paralegals as soon as the engagement begun

22  before it filed the bankruptcy case for Debtor in June 2017, more than six months before

23  the disclosure statement filing deadline of January 31, 2018.   The court has considered

24  LODAT's billing entries, Debtor's objections thereto, and LODAT's reply arguments and

25  has made rulings in consideration of these matters as set forth in the attached Rulings

26  Spreadsheet.

27      In LODAT's supplemental reply to Debtor's opposition to the Fee Application, LODAT

28  addresses categories of objections to its fees rather than to the specific objections made

1   by Debtor in his pleadings filed in July 2019.  The court has based its rulings primarily on

2   Debtor's objections to specific billing entries in the Fee Application set forth in his July 2019

3   pleadings rather than his more generalized objections in his prior pleadings.  LODAT did

4   not file any reply to Debtor's specific objections in July 2019, though at the hearing on

5   August 28, 2019, the court inquired of LODAT if it wished to reply to these specific

6   objections, which it declined.  *Audio Recording of Hearing*, August 28, 2019 at 11:50-11:51

7   a.m.  The court lists LODAT's arguments in reply to the generalized objections of Debtor,

8   including fees for "incidental and routine work," fees for "long letters sent in form of emails,"

9   fees for "long phone calls," fees for "making contact with nephew," fees for "inflated billing

10  hours (social security)," fees for "back-charging withdrawal fees and costs," fees for

11  "promoting unrealistic financing," fees for "nickle [sic] and diming monthly report charges,"

12  fees for "post-withdrawal charges," fees for "half-day disclosure statement hearing" on

13  August 2, 2018 (LODAT states no such fees were charged on the Fee Application), fees

14  for "double charging for service list", fees for "voicemail messages", fees for "file memos",

15  fees for "discovery during the fee dispute process," fees for "continued hearings," fees for

16  "preparing responses to fee application objections," fees for "delegation of tasks," and fees

17  for "lack of communication after motion to withdraw filed."  ECF 127 at 5-17.  The court has

18  addressed Debtor's objections to the Fee Application under the lodestar method by

19  considering his objections to specific billing entries as set forth in his pleadings in July

20  2019.  The court has considered Debtor's generalized objections as addressed in LODAT's

21  supplemental reply and LODAT's arguments in reply to these generalized objections.

22  However, the court does not make specific rulings on the generalized objections, that is, for

23  example, the court does not pass upon a "nickel and diming objection to monthly report

24  charges."  The court has considered the billing entries on the Fee Application and Debtor's

25  specific objections thereto pursuant to its review for reasonableness under the applicable

26  factors under 11 U.S.C. § 330 as set forth herein and made its rulings based on these

27  factors as set forth in the Rulings Spreadsheet.

28

1    **viii.  Fees Requested for Remaining Fee Categories**

2          The court has reviewed LODAT's fees claimed on its fee spreadsheet under the

3    remaining fee categories and has made rulings on the billing entries as set forth in the

4    Rulings Spreadsheet.  For the most part, the fees in these remaining categories were

5    allowed as Debtor did not make specific objections to the billing entries in these remaining

6    categories and the court in its review did not find that they should be disallowed.

7                                                    **CONCLUSION**

8          For the foregoing reasons, the Fee Application of LODAT as amended and

9    supplemented is approved in part and disapproved in part, and professional fees in the

10   amount of $38,720.00 and expenses in the amount of $2,798.19 are approved.  A separate

11   final order is being filed and entered concurrently herewith.

12         IT IS SO ORDERED.

13                                                        **###**

14

15

16

17

18

19

20

21

22

23

24   Date: November 1, 2019

     _____
25   Robert Kwan
     United States Bankruptcy Judge

26

27

28

# EXHIBIT A

## —

# RULINGS
# SPREADSHEET

|  | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | **IN RE KUDRAVE** | | | | | |
| 2 | | | | | | | | | Case Number 2:17-BK-17577 | | | | | |
| 3 | | | | | | | | | (All entries case inception through April 30, 2019) | | | | | |
| 4 | | | | | | | | | | | | | | |
| 5 | TYPE | | | | | H=hourly, N=no charge, Cost=cost | | | | | | | | |
| 6 | STAFF | | | | | Attorneys: DAT=David A. Tilem, WSY= William Sloan Youkstetter<br>Paralegals: MLM=Malissa L. Murguia, JJF=JoAn J Fidelson, DC=Diana Chau | | | | | | | | |
| 7 | | | | | | | | | | | | | | |
| 8 | | | | | | | | | | | | | | |
| 9 | TYPE | | YR | MO | DT | | MATTER | STAFF | BILLING SUB-CATEGORY | APPLICANT AMOUNT (ECF 138) | TIME SPENT IN APPLICANT SPREADSHEET* | AMOUNTS IN APPLICANT SPREADSHEET | DISALLOWED AMOUNT | FINALLY ALLOWED AMOUNT** |
| 10 | | | | | | | | | | | | | | |
| 11 | // | | // | // | // | | TOTALS | // | A - Services Not In Any Other Category (Ch. 11 General) | 10,293.03 | 26.20 | 10,473.03 | 720.00 | 9,753.03 |
| 12 | // | | // | // | // | | TOTALS | // | B - Firm Employment and Compensation | 566.55 | 3.3 | 646.55 | 80.00 | 566.55 |
| 13 | // | | // | // | // | | TOTALS | // | B01 - Motion to Withdraw | 3,060.83 | 6.50 | 3,210.83 | 3,157.23 | 53.60 |
| 14 | // | | // | // | // | | TOTALS | // | B02 - Final Fee Application Charges | 24,685.45 | 43.10 | 21,621.13 | 20,763.13 | 858.00 |
| 15 | // | | // | // | // | | TOTALS | // | B03 - Fee Application Mediation (No Entries Billed as B03) | 5,552.47 | 0.00 | 0.00 | 0.00 | 0.00 |
| 16 | // | | // | // | // | | TOTALS | // | C - U.S. Trustee Matters | 9,045.02 | 29.60 | 9,725.02 | 880.00 | 8,845.02 |
| 17 | // | | // | // | // | | TOTALS | // | F - Claims | 2,945.50 | 6.80 | 2,995.50 | 100.00 | 2,895.50 |
| 18 | // | | // | // | // | | TOTALS | // | G - Employment and Compensation of Other Professionals | 893.08 | 3.2 | 893.08 | 0.00 | 893.08 |
| 19 | // | | // | // | // | | TOTALS | // | M - Use, Sale or Lease of Estate Assets | 1,045.17 | 3.30 | 1,045.17 | 80.00 | 965.17 |
| 20 | // | | // | // | // | | TOTALS | // | T - Plan and Disclosure Statement Services | 31,828.24 | 67.30 | 31,878.24 | 15,190.00 | 16,688.24 |
| 21 | | | | | | | | | | | | | | |
| 22 | | | | | | | TOTAL | // | SUM TOTALS | 89,915.34 | 189.30 | 82,488.55 | 40,970.36 | 41,518.19 |
| 23 | | | | | | | | | | | | | | |
| 24 | | | | | | | | | | | | | | |
| 25 | | | | | | | | | | | | | | |
| 26 | | | | | | | | | * Certain expenses such as copies, mileage, postage, and parking were included in LODAT's "Time" entries.  Those expense entries were revised to zero in the "Time" column  in order to provide a summation of hours billed to legal tasks under the lodestar method for each of LODAT's subcategories listed above. The court's revisions to the "Time" column did not otherwise effect the allowance or disallownce of the reasonable fees and expenses at issue. | | | **The finally allowed amount of $41,518.19 includes $38,720.00 in fees and $2,798.19 in expenses. | | |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | **IN RE KUDRAVE** | | | | | | | |
| 2 | | | | | | | Case Number 2:17-BK-17577 | | | | | | | |
| 3 | | | | | | | (All entries case inception through April 30, 2019) | | | | | | | |
| 4 | | | | | | | | | | | | | | |
| 5 | TYPE | | | | | | H=hourly, N=no charge, Cost=cost | | | | | | | |
| 6 | STAFF | | | | | | Attorneys: DAT=David A. Tilem, WSY= William Sloan Youkstetter<br>Paralegals: MLM=Malissa L. Murguia, JJF=JoAn J Fidelson, DC=Diana Chau | | | | | | | |
| 7 | | | | | | | | | | | | | | |
| 8 | | | | | | | | | | | | | | |
| 9 | TYPE | | YR | MO | DT | | MATTER | STAFF | BILLING DESCRIPTION | TIME | RATE | AMOUNT | DISALLOWED AMOUNT | FINALLY ALLOWED AMOUNT |
| 10 | H | | 2017 | 6 | 19 | | 03019.01-A | DAT | INITIAL CONVERSATION ABOUT POSSIBLE CHAPTER 11 CASE WITH PETER KUDRAVE. | 0.9 | 500 | 450.00 | 0.00 | 450.00 |
| 11 | H | | 2017 | 6 | 19 | | 03019.01-A | WSY | REVIEW EMAIL FROM ATTORNEY TILEM REGARDING RETAINER LETTER AND REVIEW CASE BACKGROUND INFORMATION FROM LETTER. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 12 | H | | 2017 | 6 | 20 | | 03019.01-A | DAT | CONFER WITH PARALEGAL ABOUT PREPARATION OF CHAPTER 11 PETITION. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 13 | H | | 2017 | 6 | 20 | | 03019.01-A | DAT | MEETING WITH CLIENT REGARDING CASE BACKGROUND - GETTING A CASE OFF THE GROUND. | 1 | 500 | 500.00 | 0.00 | 500.00 |
| 14 | H | | 2017 | 6 | 20 | | 03019.01-A | DAT | E-MAIL TO CLIENT OUTLINING NEXT STEPS. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 15 | H | | 2017 | 6 | 20 | | 03019.01-A | DAT | TELEPHONE CALL FROM CLIENT WITH QUESTIONS ABOUT SCHEDULES I AND J AND PROJECTED BUDGET FOR OFFICE OF THE UNITED STATES TRUSTEE. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 16 | H | | 2017 | 6 | 20 | | 03019.01-A | MLM | EMAIL TO CLIENT REGARDING PRE-BANKRUPTCY CREDIT COUNSELING. | 0.1 | 150 | 15.00 | 0.00 | 15.00 |
| 17 | H | | 2017 | 6 | 20 | | 03019.01-A | MLM | REVIEW CLIENT DOCUMENTS TO DETERMINE IF THERE IS ENOUGH INFORMATION FOR EMERGENCY PETITION. | 0.2 | 150 | 30.00 | 0.00 | 30.00 |
| 18 | H | | 2017 | 6 | 20 | | 03019.01-A | JJF | PREPARE PETITION & SCHEDULES. | 1 | 100 | 100.00 | 0.00 | 100.00 |
| 19 | H | | 2017 | 6 | 20 | | 03019.01-A | JJF | E-MAIL TO CLIENT REGARDING MISSING INFORMATION. | 0.2 | 100 | 20.00 | 0.00 | 20.00 |
| 20 | H | | 2017 | 6 | 21 | | 03019.01-A | DAT | TELEPHONE CALL TO CLIENT REGARDING UNSECURED DEBTS AND OTHER ISSUES RELATED TO FILING PETITION. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 21 | H | | 2017 | 6 | 21 | | 03019.01-A | JJF | TELEPHONE CALL TO CLIENT REGARDING MISSING INFORMATION. | 0.5 | 100 | 50.00 | 0.00 | 50.00 |
| 22 | H | | 2017 | 6 | 21 | | 03019.01-A | JJF | CONTINUE PREPARATION OF PETITION & SCHEDULES. | 4.5 | 100 | 450.00 | 0.00 | 450.00 |
| 23 | H | | 2017 | 6 | 21 | | 03019.01-A | JJF | E-MAIL TO CLIENT REGARDING MONTHLY EXPENSES. | 0.2 | 100 | 20.00 | 0.00 | 20.00 |
| 24 | H | | 2017 | 6 | 21 | | 03019.01-A | JJF | TELEPHONE CALL TO CLIENT REGARDING MISSING INFORMATION. | 0.4 | 100 | 40.00 | 0.00 | 40.00 |
| 25 | COST | | 2017 | 6 | 21 | | 03019.01-A | JJF | CHAPTER 11 EMERGENCY FILING FEE. | 0 | 0 | 1,717.00 | 0.00 | 1,717.00 |
| 26 | H | | 2017 | 6 | 21 | | 03019.01-A | JJF | FAX TO NBS DEFAULT SERVICES REGARDING NOTICE OF BANKRUPTCY FILING. | 0.2 | 100 | 20.00 | 0.00 | 20.00 |
| 27 | H | | 2017 | 6 | 21 | | 03019.01-C | DAT | MEETING WITH CLIENT TO DISCUSS OFFICE OF THE UNITED STATES TRUSTEE REQUIREMENTS, REPORTING REQUIREMENTS, QUARTERLY FEES AND OTHER MATTERS. | 1.5 | 500 | 750.00 | 0.00 | 750.00 |
| 28 | H | | 2017 | 6 | 22 | | 03019.01-A | JJF | TELEPHONE CALL TO NBS DEFAULT SERVICES TO CONFIRM RECEIPT OF NOTICE OF BANKRUPTCY FILING. | 0.1 | 100 | 10.00 | 0.00 | 10.00 |
| 29 | H | | 2017 | 6 | 22 | | 03019.01-A | WSY | ISSUES WITH THE CASE AND CASE STRATEGIES | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 30 | H | | 2017 | 6 | 22 | | 03019.01-B | JJF | PREPARE MOTION TO EMPLOY THE LAW OFFICES OF DAVID A. TILEM. | 0.8 | 100 | 80.00 | 0.00 | 80.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 31 | H | | 2017 | 6 | 22 | | 03019.01-B | WSY | REVIEW EMPLOYMENT APPLICATION DRAFT FROM PARALEGAL FIDELSON AND PROVIDE COMMENTS FOR EDITS. | 0.2 | 300 | 60.00 | 0.00 | 60.00 |
| 32 | H | | 2017 | 6 | 22 | | 03019.01-C | JJF | E-MAIL TO CLIENT REGARDING INFORMATION NEEDED TO COMPLETE 7-DAY PACKAGE. | 0.3 | 100 | 30.00 | 0.00 | 30.00 |
| 33 | N | | 2017 | 6 | 22 | | 03019.01-C | WSY | REVIEW CASE BACKGROUND INFORMATION FROM RETAINER LETTER AGAIN TO ASSESS OFFICE OF UNITED STATES TRUSTEE COMPLIANCE REQUIREMENTS.  **Ruling - Disallowed in full - applicant exercised billing judgment and indicated entry was "N" (no charge).** | 0.4 | 300 | 120.00 | 120.00 | 0.00 |
| 34 | H | | 2017 | 6 | 22 | | 03019.01-C | WSY | REVIEW FILED PETITION, SCHEDULES, AND STATEMENT OF FINANCIAL AFFAIRS TO ASSESS OFFICE OF UNITED STATES TRUSTEE COMPLIANCE REQUIREMENTS. | 0.5 | 300 | 150.00 | 0.00 | 150.00 |
| 35 | N | | 2017 | 6 | 22 | | 03019.01-C | WSY | CONFER WITH PARALEGAL FIDELSON AND PARALEGAL MURGUIA REGARDING DIVISION OF LABOR FOR OFFICE OF UNITED STATES TRUSTEE COMPLIANCE REQUIREMENTS. **Ruling - Disallowed in full - applicant exercised billing judgment and indicated entry was "N" (no charge).** | 0.3 | 300 | 90.00 | 90.00 | 0.00 |
| 36 | H | | 2017 | 6 | 23 | | 03019.01-A | DAT | E-MAIL TO CLIENT WITH CASE STATUS NOTES AND THINGS TO BE DONE. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 37 | COST | | 2017 | 6 | 23 | | 03019.01-A | MLM | COPIES OF ORDER SETTING STATUS CONFERENCE (57). | 0 | 0.2 | 11.40 | 0.00 | 11.40 |
| 38 | COST | | 2017 | 6 | 23 | | 03019.01-A | MLM | POSTAGE FOR ORDER SETTING STATUS CONFERENCE. | 0 | 0 | 8.74 | 0.00 | 8.74 |
| 39 | N | | 2017 | 6 | 23 | | 03019.01-A | WSY | REVIEW EMAIL FROM ATTORNEY TILEM REGARDING JUDGE KWAN'S PROCEDURES. **Ruling - Disallowed in full - applicant exercised billing judgment and indicated entry was "N" (no charge).** | 0.1 | 300 | 30.00 | 30.00 | 0.00 |
| 40 | H | | 2017 | 6 | 23 | | 03019.01-B | DAT | REVIEW AND REVISE STATEMENT OF DISINTERESTEDNESS. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 41 | H | | 2017 | 6 | 23 | | 03019.01-B | JJF | PREPARE STATEMENT OF DISINTERESTEDNESS. | 0.3 | 100 | 30.00 | 0.00 | 30.00 |
| 42 | H | | 2017 | 6 | 23 | | 03019.01-B | JJF | E-MAIL TO CLIENT REGARDING MOTION TO EMPLOY THE LAW OFFICES OF DAVID A. TILEM. | 0.1 | 100 | 10.00 | 0.00 | 10.00 |
| 43 | H | | 2017 | 6 | 23 | | 03019.01-B | WSY | REVIEW EMPLOYMENT APPLICATION FINAL DRAFT FROM PARALEGAL FIDELSON. | 0.2 | 300 | 60.00 | 0.00 | 60.00 |
| 44 | H | | 2017 | 6 | 23 | | 03019.01-C | JJF | START TO PREPARE 7-DAY PACKAGE. | 2 | 100 | 200.00 | 0.00 | 200.00 |
| 45 | H | | 2017 | 6 | 23 | | 03019.01-C | WSY | DRAFT STATEMENT OF MAJOR ISSUES AND TIMETABLE REPORT. | 0.3 | 300 | 90.00 | 0.00 | 90.00 |
| 46 | H | | 2017 | 6 | 23 | | 03019.01-C | WSY | CONFER WITH ATTORNEY TILEM REGARDING STATEMENT OF MAJOR ISSUES AND TIMETABLE REPORT. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 47 | N | | 2017 | 6 | 23 | | 03019.01-C | WSY | REVIEW EMAIL FROM ATTORNEY TILEM REGARDING WELLS FARGO'S POLICY TO CLOSE ACCOUNTS DURING BANKRUPTCIES. **Ruling - Disallowed in full - applicant exercised billing judgment and indicated entry was "N" (no charge).** | 0.1 | 300 | 30.00 | 30.00 | 0.00 |
| 48 | H | | 2017 | 6 | 23 | | 03019.01-C | WSY | CONFER WITH ATTORNEY TILEM REGARDING PROPOSE DEADLINES FOR THE STATEMENT OF MAJOR ISSUES AND TIMETABLE REPORT. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 49 | H | | 2017 | 6 | 25 | | 03019.01-C | WSY | EDIT STATEMENT OF MAJOR ISSUES AND TIMETABLE REPORT AND FINALIZE DRAFT. | 0.5 | 300 | 150.00 | 0.00 | 150.00 |
| 50 | N | | 2017 | 6 | 26 | | 03019.01-A | DAT | RETURN TELEPHONE CALL FROM CLIENT, NOT IN, LEFT MESSAGE. **Ruling - Disallowed in full - applicant exercised billing judgment and indicated entry was "N" (no charge).** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 51 | H | | 2017 | 6 | 26 | | 03019.01-A | DAT | TELEPHONE CALL FROM CLIENT ABOUT STATUS OF GATHERING DOCUMENTS. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 52 | H | | 2017 | 6 | 26 | | 03019.01-A | JJF | E-MAIL TO CLIENT REGARDING INCOME AND EXPENSES. | 0.2 | 100 | 20.00 | 0.00 | 20.00 |
| 53 | H | | 2017 | 6 | 26 | | 03019.01-A | DAT | CONFER WITH ATTORNEY YOUKSTETTER REGARDING MAJOR ISSUES AND TIMETABLE REPORT. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 54 | H | | 2017 | 6 | 26 | | 03019.01-A | JJF | CONTINUE TO PREPARE UPDATES TO 7-DAY PACKAGE. | 2 | 100 | 200.00 | 0.00 | 200.00 |
| 55 | N | | 2017 | 6 | 26 | | 03019.01-C | WSY | REVIEW EMAIL FROM PARALEGAL FIDELSON REGARDING MR. KUDRAVE'S DOCUMENTS AND REVIEW DOCUMENTS ATTACHED TO THE EMAIL. **Ruling - Disallowed in full - applicant exercised billing judgment and indicated entry was "N" (no charge).** | 0.1 | 300 | 30.00 | 30.00 | 0.00 |
| 56 | H | | 2017 | 6 | 26 | | 03019.01-C | WSY | REVIEW EMAIL FROM ATTORNEY TILEM REGARDING DEBTOR-IN-POSSESSION BANK ACCOUNT AND REVIEW ACCOUNT INFORMATION | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 57 | H | | 2017 | 6 | 26 | | 03019.01-C | WSY | REVIEW COMPLIANCE ATTACHMENTS AND PROVIDE COMMENTS FOR PARALEGAL FIDELSON. | 0.3 | 300 | 90.00 | 0.00 | 90.00 |
| 58 | H | | 2017 | 6 | 26 | | 03019.01-C | WSY | REVIEW COMPLIANCE FIRST DRAFT FROM PARALEGAL FIDELSON AND PROVIDE COMMENTS FOR EDITS. | 0.5 | 300 | 150.00 | 0.00 | 150.00 |
| 59 | H | | 2017 | 6 | 27 | | 03019.01-A | DAT | REVIEW DRAFT SCHEDULES I & J.  DISCUSS WITH ATTORNEY YOUKSTETTER AND PARALEGAL FIDELSON. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 60 | H | | 2017 | 6 | 27 | | 03019.01-A | DAT | CONFER WITH CLIENT ABOUT SCHEDULE J, SCHEDULE I AND OTHER SCHEDULES INFORMATION. | 0.5 | 500 | 250.00 | 0.00 | 250.00 |
| 61 | H | | 2017 | 6 | 27 | | 03019.01-A | WSY | CONFER WITH PARALEGAL FIDELSON REGARDING MR. KUDRAVE'S INCOME AND EXPENSES. | 0.3 | 300 | 90.00 | 0.00 | 90.00 |
| 62 | H | | 2017 | 6 | 27 | | 03019.01-A | WSY | REVIEW SCHEDULES I AND J DRAFT FROM PARALEGAL FIDELSON AND PROVIDE COMMENTS. | 0.3 | 300 | 90.00 | 0.00 | 90.00 |
| 63 | H | | 2017 | 6 | 27 | | 03019.01-C | DAT | E-MAIL TO GARY BADDIN REGARDING FIRST MEETING OF CREDITORS, INITIAL DEBTOR INTERVIEW, CHAPTER 11 DEBTOR IN POSSESSION ACCOUNTS, MONTHLY OPERATING REPORT PREPARATION AND OTHER ISSUES RELATED TO THE CASE. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 64 | H | | 2017 | 6 | 27 | | 03019.01-C | JJF | PREPARE UPDATES TO  7-DAY PACKAGE. | 1.5 | 100 | 150.00 | 0.00 | 150.00 |
| 65 | H | | 2017 | 6 | 27 | | 03019.01-C | WSY | DRAFT 90 DAY PROJECTIONS FOR OFFICE OF UNITED STATES TRUSTEE COMPLIANCE REQUIREMENTS. | 1 | 300 | 300.00 | 0.00 | 300.00 |
| 66 | H | | 2017 | 6 | 27 | | 03019.01-C | WSY | CONFER WITH PARALEGAL FIDELSON REGARDING COMMENTS FOR COMPLIANCE FIRST DRAFT. | 0.3 | 300 | 90.00 | 0.00 | 90.00 |
| 67 | H | | 2017 | 6 | 27 | | 03019.01-C | WSY | CONFER WITH PARALEGAL FIDELSON TO DISCUSS HER QUESTIONS REGARDING OFFICE OF UNITED STATES TRUSTEE COMPLIANCE REQUIREMENTS. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 68 | H | | 2017 | 6 | 27 | | 03019.01-C | WSY | CONFER WITH ATTORNEY TILEM AND PARALEGAL MURGUIA REGARDING INITIAL DEBTOR INTERVIEW SCHEDULING. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 69 | H | | 2017 | 6 | 27 | | 03019.01-C | WSY | REVIEW COMPLIANCE SECOND DRAFT FROM PARALEGAL FIDELSON AND PROVIDE COMMENTS FOR EDITS. | 0.4 | 300 | 120.00 | 0.00 | 120.00 |
| 70 | H | | 2017 | 6 | 27 | | 03019.01-C | WSY | REVIEW COMPLIANCE THIRD DRAFT FROM PARALEGAL FIDELSON AND PROVIDE COMMENTS FOR EDITS. | 0.2 | 300 | 60.00 | 0.00 | 60.00 |
| 71 | H | | 2017 | 6 | 28 | | 03019.01-A | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING VARIOUS ENTITIES, ORGANIZATIONS WITH WHICH CLIENT HAS BEEN AFFILIATED. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 72 | H | | 2017 | 6 | 28 | | 03019.01-A | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING OTHER POTENTIAL RELATED ENTITIES. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 73 | H | | 2017 | 6 | 28 | | 03019.01-A | WSY | CONFER WITH PARALEGAL FIDELSON REGARDING POTENTIAL TIMES FOR A MEETING WITH MR. KUDRAVE REGARDING HIS EXPENSES. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 74 | N | | 2017 | 6 | 28 | | 03019.01-C | DAT | TELEPHONE CALL TO CLIENT REGARDING QUARTERLY FEES AND OTHER ISSUES. **Ruling - Disallowed in full - applicant exercised billing judgment and indicated entry was "N" (no charge).** | 0.6 | 500 | 300.00 | 300.00 | 0.00 |
| 75 | H | | 2017 | 6 | 28 | | 03019.01-C | DAT | REVIEW AND RESPOND TO EMAIL FROM GARY BADDIN REGARDING INITIAL DEBTOR INTERVIEW, QUARTERLY FEES AND REQUIRED CHAPTER 11 DEBTOR IN POSSESSION ACCOUNTS. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 76 | H | | 2017 | 6 | 28 | | 03019.01-C | JJF | PREPARE UPDATES TO 7-DAY PACKAGE. | 1.5 | 100 | 150.00 | 0.00 | 150.00 |
| 77 | H | | 2017 | 6 | 28 | | 03019.01-C | JJF | E-MAIL TO US TRUSTEE REGARDING CLIENT'S 7-DAY PACKAGE. | 0.2 | 100 | 20.00 | 0.00 | 20.00 |
| 78 | N | | 2017 | 6 | 28 | | 03019.01-C | WSY | REVIEW COMPLIANCE FOURTH DRAFT FROM PARALEGAL FIDELSON AND PROVIDE COMMENTS FOR EDITS. **Ruling - Disallowed in full - applicant exercised billing judgment and indicated entry was "N" (no charge).** | 0.2 | 300 | 60.00 | 60.00 | 0.00 |
| 79 | H | | 2017 | 6 | 28 | | 03019.01-C | WSY | CONFER WITH PARALEGAL FIDELSON REGARDING MY COMMENTS ON COMPLIANCE FOURTH DRAFT. | 0.2 | 300 | 60.00 | 0.00 | 60.00 |
| 80 | H | | 2017 | 6 | 28 | | 03019.01-C | WSY | CONFER WITH ATTORNEY TILEM REGARDING LIST OF INSIDERS. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 81 | H | | 2017 | 6 | 28 | | 03019.01-C | WSY | CONFER WITH ATTORNEY TILEM REGARDING MR. KUDRAVE'S INCOME AND EXPENSES. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 82 | H | | 2017 | 6 | 28 | | 03019.01-C | WSY | REVIEW COMPLIANCE FINAL DRAFT FROM PARALEGAL FIDELSON AND FINALIZE DRAFT FOR ATTORNEY TILEM. | 0.5 | 300 | 150.00 | 0.00 | 150.00 |
| 83 | H | | 2017 | 6 | 28 | | 03019.01-C | WSY | RELATED ENTITIES. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 84 | H | | 2017 | 6 | 29 | | 03019.01-A | WSY | PREPARE FOR PHONE CONFERENCE WITH MR. KUDRAVE BY REVIEWING SCHEDULES AND CLIENT DOCUMENTS. | 0.3 | 300 | 90.00 | 0.00 | 90.00 |
| 85 | H | | 2017 | 6 | 29 | | 03019.01-A | WSY | PHONE CONFERENCE WITH MR. KUDRAVE REGARDING HIS EXPENSES AND ASSETS. | 1 | 300 | 300.00 | 0.00 | 300.00 |
| 86 | H | | 2017 | 6 | 29 | | 03019.01-A | WSY | REVIEW UPDATED SCHEDULES I AND J FROM PARALEGAL FIDELSON AND PROVIDE COMMENTS FOR EDITS. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 87 | COST | | 2017 | 6 | 29 | | 03019.01-B | JJF | COPIES OF MOTION TO EMPLOY THE LAW OFFICES OF DAVID A. TILEM AND STATEMENT OF DISINTERESTEDNESS (402). | 0 | 0.2 | 80.40 | 0.00 | 80.40 |
| 88 | COST | | 2017 | 6 | 29 | | 03019.01-B | JJF | POSTAGE FOR MOTION TO EMPLOY THE LAW OFFICES OF DAVID A. TILEM AND STATEMENT OF DISINTERESTEDNESS. | 0 | 0 | 15.43 | 0.00 | 15.43 |
| 89 | H | | 2017 | 6 | 29 | | 03019.01-C | DAT | CONFER WITH DEBBIE TYRELL ABOUT ACCOUNTING FOR LONG TERM CARE INSURANCE REIMBURSEMENT FUNDS. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 90 | H | | 2017 | 6 | 29 | | 03019.01-C | WSY | CONFER WITH PARALEGAL FIDELSON REGARDING AVAILABILITY FOR THE SCHEDULED MEETING OF CREDITORS. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 91 | H | | 2017 | 6 | 30 | | 03019.01-A | WSY | CONFER WITH PARALEGAL FIDELSON REGARDING MR. KUDRAVE'S EXPENSES. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 92 | H | | 2017 | 6 | 30 | | 03019.01-A | JJF | REVIEW AND PREPARE UPDATES TO SCHEDULE I. | 0.2 | 100 | 20.00 | 0.00 | 20.00 |
| 93 | H | | 2017 | 6 | 30 | | 03019.01-B | JJF | REVIEW 90 DAY BUDGET. | 0.2 | 100 | 20.00 | 0.00 | 20.00 |
| 94 | H | | 2017 | 6 | 30 | | 03019.01-B | JJF | TELEPHONE CALL TO CLIENT REGARDING EXPENSES. | 0.2 | 100 | 20.00 | 0.00 | 20.00 |
| 95 | H | | 2017 | 6 | 30 | | 03019.01-B | JJF | PREPARE UPDATES TO AMENDED SCHEDULES. | 0.2 | 100 | 20.00 | 0.00 | 20.00 |
| 96 | H | | 2017 | 6 | 30 | | 03019.01-C | WSY | CONFER WITH PARALEGAL MURGUIA REGARDING COMMENTS FOR BUDGET MOTION. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 97 | H | | 2017 | 6 | 30 | | 03019.01-M | WSY | REVIEW BUDGET MOTION DRAFT AND PROVIDE COMMENTS FOR EDITS. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 98 | H | | 2017 | 7 | 3 | | 03019.01-A | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING TIMING, PROCESS, SCHEDULING. | 0.4 | 500 | 200.00 | 0.00 | 200.00 |
| 99 | H | | 2017 | 7 | 3 | | 03019.01-A | DAT | TELEPHONE CALL FROM CLIENT REGARDING HOW CASE IS LIKELY TO PROGRESS AND OTHER ISSUES. | 0.4 | 500 | 200.00 | 0.00 | 200.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 100 | H | | 2017 | 7 | 3 | | 03019.01-A | JJF | PREPARE UPDATES TO INCOME AND EXPENSES. | 0.2 | 100 | 20.00 | 0.00 | 20.00 |
| 101 | H | | 2017 | 7 | 4 | | 03019.01-G | DAT | REVIEW AND RESPOND TO EMAIL FROM APPRAISER GREENE REGARDING HIS EMPLOYMENT ON BEHALF OF THE ESTATE. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 102 | N | | 2017 | 7 | 5 | | 03019.01-A | DAT | UPDATE CLIENT'S MAILING ADDRESS IN BILLING SOFTWARE AND TELEPHONE LIST. E-MAIL TO CLIENT ASKING IF HE WANTS US TO FILE CHANGE OF ADDRESS WITH COURT. **Ruling - Disallowed in full - applicant exercised billing judgment and indicated entry was "N" (no charge).** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 103 | COST | | 2017 | 7 | 5 | | 03019.01-C | DAT | ATTORNEY SERVICE INVOICE 373070. OBTAIN CERTIFIED COPY OF PETITION FROM COURT CLERK AND DELIVER TO COUNTY RECORDER FOR RECORDING. | 0 | 0 | 137.82 | 0.00 | 137.82 |
| 104 | H | | 2017 | 7 | 5 | | 03019.01-G | DAT | REVIEW AND RESPOND TO EMAIL FROM APPRAISER REGARDING ENGAGEMENT LETTER. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 105 | H | | 2017 | 7 | 5 | | 03019.01-G | DAT | E-MAIL TO CLIENT REGARDING APPRAISER'S EMPLOYMENT MOTION. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 106 | H | | 2017 | 7 | 6 | | 03019.01-C | DAT | CONFER WITH PARALEGAL FIDELSON ABOUT RELATED ENTITIES FOR OFFICE OF THE UNITED STATES TRUSTEE COMPLIANCE PURPOSES. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 107 | H | | 2017 | 7 | 6 | | 03019.01-G | MLM | START PREPARING MOTION TO EMPLOY APPRAISER. | 0.3 | 150 | 45.00 | 0.00 | 45.00 |
| 108 | H | | 2017 | 7 | 7 | | 03019.01-A | JJF | PREPARE NOTICE OF CHANGE OF MAILING ADDRESS. | 0.2 | 100 | 20.00 | 0.00 | 20.00 |
| 109 | H | | 2017 | 7 | 7 | | 03019.01-M | MLM | PREPARE BUDGET MOTION. | 0.3 | 150 | 45.00 | 0.00 | 45.00 |
| 110 | H | | 2017 | 7 | 10 | | 03019.01-C | JJF | PREPARE UPDATES TO 7-DAY PACKAGE. | 0.8 | 100 | 80.00 | 0.00 | 80.00 |
| 111 | H | | 2017 | 7 | 10 | | 03019.01-C | | E-MAIL TO OFFICE OF THE UNITED STATES TRUSTEE REGARDING AMENDMENT TO 7-DAY PACKAGE. | 0.1 | 100 | 10.00 | 0.00 | 10.00 |
| 112 | COST | | 2017 | 7 | 11 | | 03019.01-A | JJF | COPIES OF CHANGE OF MAILING ADDRESS (3). | 0 | 0.2 | 0.60 | 0.00 | 0.60 |
| 113 | COST | | 2017 | 7 | 11 | | 03019.01-A | JJF | POSTAGE FOR CHANGE OF MAILING ADDRESS. | 0 | 0 | 0.47 | 0.00 | 0.47 |
| 114 | H | | 2017 | 7 | 11 | | 03019.01-A | JJF | PREPARE UPDATES TO AMENDED SCHEDULES. | 0.5 | 100 | 50.00 | 0.00 | 50.00 |
| 115 | H | | 2017 | 7 | 11 | | 03019.01-C | JJF | TELEPHONE CALL TO CLIENT REGARDING MISSING INFORMATION REQUESTED BY ANALYST. | 0.3 | 100 | 30.00 | 0.00 | 30.00 |
| 116 | H | | 2017 | 7 | 11 | | 03019.01-G | MLM | FINISH PREPARING MOTION TO EMPLOY APPRAISER. | 0.3 | 150 | 45.00 | 0.00 | 45.00 |
| 117 | COST | | 2017 | 7 | 11 | | 03019.01-M | MLM | COPIES OF BUDGET MOTION (92). | 0 | 0.2 | 18.40 | 0.00 | 18.40 |
| 118 | COST | | 2017 | 7 | 11 | | 03019.01-M | MLM | POSTAGE FOR BUDGET MOTION. | 0 | 0 | 9.83 | 0.00 | 9.83 |
| 119 | H | | 2017 | 7 | 11 | | 03019.01-M | MLM | EMAIL CLIENT HIS DECLARATION REGARDING BUDGET MOTION FOR REVIEW AND SIGNATURE. | 0.2 | 150 | 30.00 | 0.00 | 30.00 |
| 120 | H | | 2017 | 7 | 12 | | 03019.01-G | MLM | EMAIL CLIENT MOTION TO EMPLOY THE APPRAISER FOR HIS REVIEW AND SIGNATURE. | 0.2 | 150 | 30.00 | 0.00 | 30.00 |
| 121 | H | | 2017 | 7 | 12 | | 03019.01-G | MLM | EMAIL APPRAISER GREENE HIS DECLARATION AND STATEMENT OF DISINTERESTEDNESS FOR REVIEW AND SIGNATURE. | 0.2 | 150 | 30.00 | 0.00 | 30.00 |
| 122 | COST | | 2017 | 7 | 12 | | 03019.01-G | JJF | COPIES OF MOTION TO EMPLOY APPRAISER AND STATEMENT OF DISINTERESTEDNESS (180). | 0 | 0.2 | 36.00 | 0.00 | 36.00 |
| 123 | COST | | 2017 | 7 | 12 | | 03019.01-G | JJF | POSTAGE FOR MOTION TO EMPLOY APPRAISER AND STATEMENT OF DISINTERESTEDNESS. | 0 | 0 | 14.76 | 0.00 | 14.76 |
| 124 | H | | 2017 | 7 | 13 | | 03019.01-C | DAT | REVIEW FILE FOR INITIAL DEBTOR INTERVIEW. | 0.4 | 500 | 200.00 | 0.00 | 200.00 |
| 125 | H | | 2017 | 7 | 13 | | 03019.01-C | DAT | INITIAL DEBTOR INTERVIEW FOLLOWED BY MEETING WITH CLIENT TO DISCUSS INFORMATION RELATED TO INITIAL DEBTOR INTERVIEW. | 4 | 500 | 2,000.00 | 0.00 | 2,000.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 126 | COST | | 2017 | 7 | 13 | | 03019.01-C | DAT | MILEAGE (40). | 0 | 0.56 | 22.40 | 0.00 | 22.40 |
| 127 | COST | | 2017 | 7 | 13 | | 03019.01-C | DAT | PARKING. | 0 | 0 | 4.00 | 0.00 | 4.00 |
| 128 | H | | 2017 | 7 | 13 | | 03019.01-F | DAT | RETURN TELEPHONE CALL FROM CLIENT ABOUT OLD OLDMAN CLAIM WHICH OLDMAN CLAIMS IS STILL OWED AND CLIENT CLAIMS WAS PAID. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 129 | H | | 2017 | 7 | 14 | | 03019.01-A | DAT | PREPARATION OF STATUS REPORT. | 0.7 | 500 | 350.00 | 0.00 | 350.00 |
| 130 | H | | 2017 | 7 | 14 | | 03019.01-A | DAT | E-MAIL TO CLIENT REGARDING DRAFT STATUS REPORT. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 131 | H | | 2017 | 7 | 14 | | 03019.01-C | DAT | E-MAIL TO CLIENT REGARDING BANK ACCOUNTS AND PREPARING FOR THE FIRST MEETING OF CREDITORS. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 132 | H | | 2017 | 7 | 18 | | 03019.01-B | JJF | PREPARE AND ASSEMBLE DECLARATION OF NON-OPPOSITION TO MOTION TO EMPLOY THE LAW OFFICES OF DAVID A. TILEM. | 0.3 | 100 | 30.00 | 0.00 | 30.00 |
| 133 | COST | | 2017 | 7 | 18 | | 03019.01-B | JJF | COPIES OF DECLARATION OF NON-OPPOSITION TO MOTION TO EMPLOY THE LAW OFFICES OF DAVID A. TILEM (61). | 0 | 0.2 | 12.20 | 0.00 | 12.20 |
| 134 | COST | | 2017 | 7 | 18 | | 03019.01-B | JJF | POSTAGE FOR DECLARATION OF NON-OPPOSITION TO MOTION TO EMPLOY THE LAW OFFICES OF DAVID A. TILEM. | 0 | 0 | 4.06 | 0.00 | 4.06 |
| 135 | H | | 2017 | 7 | 18 | | 03019.01-B | WSY | CONFER WITH PARALEGAL FIDELSON REGARDING NO HEARING REQUEST DECLARATION AND ORDER FOR EMPLOYMENT APPLICATION. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 136 | H | | 2017 | 7 | 18 | | 03019.01-C | WSY | CONFER WITH PARALEGAL FIDELSON REGARDING COMPLIANCE AND PROOFS OF CLAIMS FILED BY CREDITORS. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 137 | H | | 2017 | 7 | 18 | | 03019.01-F | DAT | REVIEW CREDIT REPORT. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 138 | H | | 2017 | 7 | 18 | | 03019.01-F | WSY | REVIEW PROOF OF CLAIM FILED BY INTERNAL REVENUE SERVICE. | 0.2 | 300 | 60.00 | 0.00 | 60.00 |
| 139 | H | | 2017 | 7 | 18 | | 03019.01-F | WSY | CONFER WITH ATTORNEY TILEM REGARDING PROOF OF CLAIM FILED BY INTERNAL REVENUE SERVICE. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 140 | H | | 2017 | 7 | 19 | | 03019.01-A | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING FINANCIAL STATEMENTS ISSUED IN CONNECTION WITH MORTGAGE MODIFICATION EFFORT.  ISSUED INSTRUCTIONS FOR PARALEGAL TO AMEND STATEMENT OF FINANCIAL AFFAIRS TO REFLECT THESE STATEMENTS. | 0.5 | 500 | 250.00 | 0.00 | 250.00 |
| 141 | H | | 2017 | 7 | 19 | | 03019.01-A | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING WELLS FARGO BANK APPRAISER AND HIS REBUTTAL OF THE SAME. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 142 | N | | 2017 | 7 | 19 | | 03019.01-A | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING WELLS FARGO APPRAISAL. **Ruling - Disallowed in full - applicant exercised billing judgment and indicated entry was "N" (no charge).** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 143 | H | | 2017 | 7 | 19 | | 03019.01-A | DAT | E-MAIL TO GARY BADDIN REGARDING FINANCIAL STATEMENTS PROVIDED BY CLIENT TO HARP PROGRAM. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 144 | N | | 2017 | 7 | 19 | | 03019.01-C | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING PROVIDING FINANCIAL REPORTS TO OFFICE OF THE UNITED STATES TRUSTEE. **Ruling - Disallowed in full - applicant exercised billing judgment and indicated entry was "N" (no charge).** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 145 | H | | 2017 | 7 | 19 | | 03019.01-C | WSY | CONFER WITH PARALEGAL FIDELSON REGARDING STATUS OF COMPLIANCE. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 146 | H | | 2017 | 7 | 20 | | 03019.01-C | DAT | TELEPHONE CALL FROM CLIENT ABOUT ABILITY TO CHANGE FIRST MEETING OF CREDITORS DATE AND TIME. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 147 | H | | 2017 | 7 | 20 | | 03019.01-C | WSY | CONFER WITH PARALEGAL FIDELSON REGARDING STATUS OF COMPLIANCE. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 148 | H | | 2017 | 7 | 20 | | 03019.01-F | WSY | REVIEW PROOF OF CLAIM FILED BY FRANCHISE TAX BOARD. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 149 | H | | 2017 | 7 | | 21 | 03019.01-A | DAT | REVIEW AND REVISE CASE STATUS REPORT. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 150 | COST | | 2017 | 7 | | 21 | 03019.01-A | MLM | COPIES OF STATUS REPORT (45). | 0 | 0.2 | 9.00 | 0.00 | 9.00 |
| 151 | COST | | 2017 | 7 | | 21 | 03019.01-A | MLM | POSTAGE FOR STATUS REPORT. | 0 | 0 | 9.41 | 0.00 | 9.41 |
| 152 | H | | 2017 | 7 | | 21 | 03019.01-C | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING FIRST MEETING OF CREDITORS SCHEDULE.  TELEPHONE CALL TO ATTORNEY LAU REGARDING SAME.  NOT IN, LEFT MESSAGE. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 153 | H | | 2017 | 7 | | 21 | 03019.01-C | DAT | TELEPHONE CALL FROM ATTORNEY LAU RESPONDING TO MY MESSAGE.  CONFIRMED NO CHANGE IN DATE/TIME FOR FIRST MEETING OF CREDITORS. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 154 | H | | 2017 | 7 | | 21 | 03019.01-C | WSY | CONFER WITH PARALEGAL FIDELSON REGARDING STATUS OF COMPLIANCE. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 155 | H | | 2017 | 7 | | 21 | 03019.01-C | WSY | REVIEW EMAIL FROM PARALEGAL FIDELSON REGARDING REMAINING COMPLIANCE. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 156 | H | | 2017 | 7 | | 24 | 03019.01-C | WSY | CONFER WITH PARALEGAL FIDELSON REGARDING HOMEOWNERS INSURANCE DECLARATION. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 157 | H | | 2017 | 7 | | 25 | 03019.01-C | DAT | FIRST MEETING OF CREDITORS.  BRIEF MEETING WITH CLIENT AFTERWARDS. | 2.9 | 500 | 1,450.00 | 0.00 | 1,450.00 |
| 158 | COST | | 2017 | 7 | | 25 | 03019.01-C | DAT | MILEAGE (30). | 0 | 0.56 | 16.80 | 0.00 | 16.80 |
| 159 | COST | | 2017 | 7 | | 25 | 03019.01-C | DAT | PARKING. | 0 | 0 | 4.00 | 0.00 | 4.00 |
| 160 | H | | 2017 | 7 | | 26 | 03019.01-A | DAT | CONFER WITH PARALEGAL ABOUT AMENDMENTS TO SCHEDULES WHICH BECAME APPARENT DURING FIRST MEETING OF CREDITORS. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 161 | H | | 2017 | 7 | | 28 | 03019.01-F | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING NOTICE OF CONTINUED FORECLOSURE SALE. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 162 | H | | 2017 | 7 | | 28 | 03019.01-M | MLM | PREPARE ORDER GRANTING BUDGET MOTION. | 0.2 | 150 | 30.00 | 0.00 | 30.00 |
| 163 | H | | 2017 | 7 | | 28 | 03019.01-M | MLM | PREPARE DECLARATION NON OPPOSITION REGARDING BUDGET MOTION. | 0.2 | 150 | 30.00 | 0.00 | 30.00 |
| 164 | COST | | 2017 | 7 | | 28 | 03019.01-M | MLM | COPIES OF DECLARATION OF NON OPPOSITION REGARDING BUDGET MOTION (21). | 0 | 0.2 | 4.20 | 0.00 | 4.20 |
| 165 | COST | | 2017 | 7 | | 28 | 03019.01-M | MLM | POSTAGE FOR DECLARTAION OF NON OPPOSITION REGARDING BUDGET MOTION. | 0 | 0 | 1.82 | 0.00 | 1.82 |
| 166 | H | | 2017 | 8 | | 1 | 03019.01-G | JJF | PREPARE AND ASSEMBLE DECLARATION OF NON-OPPOSITION TO MOTION TO EMPLOY APPRAISER AND ORDER. | 0.4 | 100 | 40.00 | 0.00 | 40.00 |
| 167 | COST | | 2017 | 8 | | 1 | 03019.01-G | JJF | COPIES OF DECLARATION OF NON-OPPOSITION TO MOTION TO EMPLOY APPRAISER AND ORDER (37). | 0 | 0.2 | 7.40 | 0.00 | 7.40 |
| 168 | COST | | 2017 | 8 | | 1 | 03019.01-G | JJF | POSTAGE FOR DECLARATION OF NON-OPPOSITION TO MOTION TO EMPLOY APPRAISER AND ORDER. | 0 | 0 | 2.70 | 0.00 | 2.70 |
| 169 | H | | 2017 | 8 | | 1 | 03019.01-G | WSY | REVIEW DECLARATION THAT NO PARTY REQUESTED A HEARING DRAFT FROM PARALEGAL FIDELSON REGARDING APPLICATION TO EMPLOY REAL ESTATE BROKER | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 170 | H | | 2017 | 8 | | 1 | 03019.01-G | WSY | REVIEW ORDER DRAFT FROM PARALEGAL FIDELSON REGARDING APPLICATION TO EMPLOY APPRAISER. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 171 | H | | 2017 | 8 | | 2 | 03019.01-C | JJF | E-MAIL TO THE OFFICE OF THE UNITED STATES TRUSTEE REGARDING CLIENT'S STATUS REGARDING UPDATED INSURANCE POLICY AND SOCIAL SECURITY INCOME ACCOUNT. | 0.1 | 100 | 10.00 | 0.00 | 10.00 |
| 172 | H | | 2017 | 8 | | 2 | 03019.01-C | WSY | CONFER WITH PARALEGAL FIDELSON REGARDING DEBTOR IN POSSESSION ACCOUNT AND INSURANCE. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 173 | H | | 2017 | 8 | 2 | | 03019.01-G | WSY | REVIEW ORDER GRANTING MOTION TO EMPLOY APPRAISER. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 174 | H | | 2017 | 8 | 2 | | 03019.01-M | WSY | REVIEW ORDER DENYING BUDGET MOTION. | 0.1 | 300 | 30.00 | 0.00 | 30.00 |
| 175 | H | | 2017 | 8 | 7 | | 03019.01-B | MLM | PREPARE PROFESSIONAL FEE STATEMENT NO. 1. | 0.2 | 150 | 30.00 | 0.00 | 30.00 |
| 176 | COST | | 2017 | 8 | 8 | | 03019.01-B | MLM | COPIES OF PROFESSIONAL FEE STATMENT NO. 1 (19). | 0 | 0.2 | 3.80 | 0.00 | 3.80 |
| 177 | COST | | 2017 | 8 | 8 | | 03019.01-B | MLM | POSTAGE FOR PROFESSIONAL FEE STATMENT NO. 1. | 0 | 0 | 8.74 | 0.00 | 8.74 |
| 178 | H | | 2017 | 8 | 9 | | 03019.01-A | DAT | STATUS CONFERENCE FOLLOWED BY BRIEF MEETING WITH CLIENT ON COURTHOUSE STEPS. | 1.7 | 500 | 850.00 | 0.00 | 850.00 |
| 179 | COST | | 2017 | 8 | 9 | | 03019.01-A | DAT | MILEAGE (30). | 0 | 0.56 | 16.80 | 0.00 | 16.80 |
| 180 | COST | | 2017 | 8 | 9 | | 03019.01-A | DAT | PARKING. | 0 | 0 | 2.00 | 0.00 | 2.00 |
| 181 | H | | 2017 | 8 | 9 | | 03019.01-A | DAT | E-MAIL TO STAFF ABOUT COURT SET DEADLINES, WORK TO BE DONE TO COMPLETE THIS CASE. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 182 | H | | 2017 | 8 | 16 | | 03019.01-A | JJF | E-MAIL TO CLIENT REGARDING MISSING INFORMATION AND DOCUMENTS NEEDED TO MOVE FORWARD WITH CASE. | 0.2 | 100 | 20.00 | 0.00 | 20.00 |
| 183 | N | | 2017 | 8 | 17 | | 03019.01-B | JJF | PREPARE NOTICE OF UNAVAILABILITY.**Ruling - Disallowed in full - applicant exercised billing judgment and indicated entry was "N" (no charge).** | 0.3 | 100 | 30.00 | 30.00 | 0.00 |
| 184 | COST | | 2017 | 8 | 17 | | 03019.01-B | JJF | COPIES OF NOTICE OF UNAVAILABILITY (5). | 0 | 0.2 | 1.00 | 0.00 | 1.00 |
| 185 | COST | | 2017 | 8 | 17 | | 03019.01-B | JJF | POSTAGE FOR NOTICE OF UNAVAILABILITY. | 0 | 0 | 0.92 | 0.00 | 0.92 |
| 186 | H | | 2017 | 8 | 18 | | 03019.01-A | MLM | EMAIL TO CLIENT REGARDING INFORMATION NEEDED TO PREPARE ROOF REPAIR MOTION AND MOTION FOR LONGTERM INSURANCE CARE. | 0.2 | 150 | 30.00 | 0.00 | 30.00 |
| 187 | H | | 2017 | 8 | 29 | | 03019.01-C | JJF | E-MAIL TO CLIENT REGARDING REQUIREMENTS FOR CHAPTER 11 DEBTOR IN POSSESSION VOIDED CHECKS. | 0.1 | 100 | 10.00 | 0.00 | 10.00 |
| 188 | H | | 2017 | 8 | 30 | | 03019.01-A | DAT | E-MAIL TO CLIENT REGARDING STATUS OF CASE. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 189 | H | | 2017 | 9 | 11 | | 03019.01-F | DAT | TELEPHONE CALL FROM CREDITOR GREG CREIGHTON REGARDING PROOF OF CLAIM. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 190 | H | | 2017 | 9 | 15 | | 03019.01-A | DAT | TELEPHONE CALL FROM CLIENT REGARDING LONGTERM CARE INSURANCE REINSTATEMENT ISSUES. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 191 | H | | 2017 | 9 | 18 | | 03019.01-C | JJF | E-MAIL TO CLIENT REGARDING UPDATED INFORMATION REGARDING CHAPTER 11 DEBTOR IN POSSESSION VOIDED CHECK. | 0.2 | 100 | 20.00 | 0.00 | 20.00 |
| 192 | H | | 2017 | 9 | 22 | | 03019.01-C | JJF | E-MAIL TO OFFICE OF THE UNITED STATES TRUSTEE REGARDING UPDATED VEHICLE INSURANCE POLICY. | 0.3 | 100 | 30.00 | 0.00 | 30.00 |
| 193 | H | | 2017 | 10 | 2 | | 03019.01-A | DAT | REVIEW AND REVISE STATUS REPORT. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 194 | H | | 2017 | 10 | 2 | | 03019.01-A | MLM | PREPARE STATUS REPORT. | 0.5 | 150 | 75.00 | 0.00 | 75.00 |
| 195 | COST | | 2017 | 10 | 2 | | 03019.01-A | MLM | COPIES OF CASE STATUS REPORT (41). | 0 | 0.2 | 8.20 | 0.00 | 8.20 |
| 196 | COST | | 2017 | 10 | 2 | | 03019.01-A | MLM | POSTAGE FOR CASE STATUS REPORT. | 0 | 0 | 9.41 | 0.00 | 9.41 |
| 197 | H | | 2017 | 10 | 2 | | 03019.01-M | DAT | TELEPHONE CALL TO CLIENT ABOUT MOTION TO HIRE CONTRACTOR AND REPAIR ROOF. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 198 | H | | 2017 | 10 | 3 | | 03019.01-C | DAT | E-MAIL TO CLIENT REGARDING VOIDED CHECK FOR CHAPTER 11 DEBTOR IN POSSESSION ACCOUNT. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 199 | H | | 2017 | 10 | 13 | | 03019.01-A | DAT | E-MAIL TO CLIENT REGARDING STATUS OF CASE. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 200 | H | | | 2017 | 10 | 17 | 03019.01-A | DAT | RESEARCH APPLICABILITY OF §365(C)(2) TO LONG TERM CARE INSURANCE. **Ruling:  Disallowed in part - excessive time for task, lack of demonstrated benefit to estate, sustain objection of debtor in part, deny in part because debtor made "personal favor request."  Excessive time for task. No showing that such work benefitted estate.  Allowed time: 0.5 hour.** | 0.7 | 500 | 350.00 | 100.00 | 250.00 |
| 201 | H | | | 2017 | 10 | 18 | 03019.01-A | DAT | CONTINUED RESEARCH REGARDING LONG TERM CARE INSURANCE AS EXECUTORY CONTRACT - FINANCIAL ACCOMMODATION. **Ruling: Disallowed in full - excessive time for task, lack of demonstrated benefit to estate, sustain objection of debtor (also see ruling on preceding entry).** | 0.3 | 500 | 150.00 | 150.00 | 0.00 |
| 202 | H | | | 2017 | 10 | 18 | 03019.01-M | MLM | START PREPARING MOTION TO REPAIR ROOF. | 0.4 | 150 | 60.00 | 0.00 | 60.00 |
| 203 | H | | | 2017 | 10 | 19 | 03019.01-C | DAT | TELEPHONE CALL FROM DEBBIE TYRELL ABOUT PREPARATION OF SEPTEMBER MONTHLY OPERATING REPORT. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 204 | H | | | 2017 | 10 | 20 | 03019.01-M | MLM | REVIEW AND REVISE MOTION TO REPLACE ROOF. | 0.4 | 500 | 200.00 | 0.00 | 200.00 |
| 205 | H | | | 2017 | 10 | 20 | 03019.01-M | MLM | FINISH PREPARING MOTION TO REPAIR ROOF. | 0.3 | 150 | 45.00 | 0.00 | 45.00 |
| 206 | H | | | 2017 | 10 | 23 | 03019.01-A | DAT | TELEPHONE CALL TO CLIENT REGARDING UPCOMING STATUS CONFERENCE - NEED TO APPEAR, AND OTHER ISSUES PENDING IN CASE.  **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task (appearance reminder), lack of demonstrated benefit to estate ("other issues" not specified).  Allowed time: 0.1 hour @$100.00/hour.** | 0.3 | 500 | 150.00 | 140.00 | 10.00 |
| 207 | H | | | 2017 | 10 | 23 | 03019.01-M | DAT | TELEPHONE CALL FROM COURT CLERK ABOUT SCHEDULING ROOF MOTION SHORTLY BEFORE THANKSGIVING - MAY AUTHORIZE SHORT NOTICE TO HAVE MATTER HEARD ON 11/15.  **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task (scheduling hearing). Allowed time: 0.2 hour @$100.00/hour.** | 0.2 | 500 | 100.00 | 80.00 | 20.00 |
| 208 | COST | | | 2017 | 10 | 23 | 03019.01-M | MLM | COPIES OF MOTION TO REPAIR ROOF (69). | 0 | 0.2 | 13.80 | 0.00 | 13.80 |
| 209 | COST | | | 2017 | 10 | 23 | 03019.01-M | MLM | POSTAGE FOR ROOF REPAIR MOTION. | 0 | 0 | 9.62 | 0.00 | 9.62 |
| 210 | H | | | 2017 | 10 | 24 | 03019.01-C | DAT | TELEPHONE CALL FROM DEBBIE TYRELL REGARDING PREPARATION OF MONTHLY OPERATING REPORT FOR SEPTEMBER, 2017.  **Ruling: Allowed in full - reasonable time for task performed, reasonable amount of time for attorney and paralegal to discuss monthly operating report preparation issue, overrule debtor's objection.** | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 211 | H | | | 2017 | 10 | 24 | 03019.01-C | DAT | TELEPHONE CALL TO CLIENT REGARDING ISSUE RELATED TO PREPARATION OF MONTHLY OPERATING REPORT.  CALLED CELL - NO MESSAGE, CALLED BUSINESS NUMBER AND LEFT MESSAGE. **Ruling: Disallowed in full - excessive time for task, no benefit to estate.** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 212 | H | | | 2017 | 10 | 24 | 03019.01-C | DAT | E-MAIL TO DEBBIE TYRELL REGARDING PREPARATION OF MONTHLY OPERATING REPORT FOR SEPTEMBER, 2017. **Ruling:  Allowed in full - reasonable time for task performed, reasonable amount of time for attorney and paralegal to discuss monthly operating report preparation issue, overrule debtor's objection.** | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 213 | H | | | 2017 | 10 | 24 | 03019.01-C | DAT | TELEPHONE CALL FROM CLIENT REGARDING PREPARATION OF MONTHLY OPERATING REPORT FOR SEPTEMBER, 2017. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 214 | H | | 2017 | 10 | 24 | | 03019.01-C | DAT | EXCHANGE MULTIPLE EMAILS WITH DEBBIE TYRELL REGARDING SEPTEMBER MONTHLY OPERATING REPORT. **Ruling: Allowed in full - reasonable time for task performed, reasonable amount of time for attorney and paralegal to discuss monthly operating report preparation issue, overrule debtor's objection.** | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 215 | H | | 2017 | 10 | 25 | | 03019.01-A | DAT | REVIEW FILE FOR STATUS CONFERENCE HEARING TODAY. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 216 | H | | 2017 | 10 | 25 | | 03019.01-A | DAT | STATUS CONFERENCE HEARING. | 0.4 | 500 | 200.00 | 0.00 | 200.00 |
| 217 | H | | 2017 | 10 | 25 | | 03019.01-A | DAT | E-MAIL TO CLIENT REGARDING STATUS CONFERENCE HEARING RESULTS. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 218 | H | | 2017 | 10 | 26 | | 03019.01-F | DAT | TELEPHONE CALL TO CLIENT REGARDING OLMAX PROOF OF CLAIM. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 219 | H | | 2017 | 10 | 26 | | 03019.01-F | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING CHECK REGISTER AND PREPARE NOTES ABOUT OBJECTION TO CLAIM. | 2.2 | 500 | 1,100.00 | 0.00 | 1,100.00 |
| 220 | H | | 2017 | 10 | 26 | | 03019.01-F | DAT | PREPARATION OF ADDITIONAL NOTES ABOUT POSSIBLE OBJECTION TO CLAIM 4. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 221 | H | | 2017 | 10 | 26 | | 03019.01-F | DAT | RETURN TELEPHONE CALL FROM CLIENT REGARDING OLMAX CLAIM NOTES TO FILE REGARDING SAME. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 222 | H | | 2017 | 10 | 27 | | 03019.01-F | DAT | INSTRUCT PARALEGAL TO BEGIN PREPARATION OF OBJECTION TO CLAIM 4.  PROVIDE SUMMARY OF BASIS FOR OBJECTION. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 223 | COST | | 2017 | 10 | 31 | | 03019.01-A | DAT | COURTCALL AT HEARING ON 10/25. | 0 | 0 | 35.00 | 0.00 | 35.00 |
| 224 | H | | 2017 | 10 | 31 | | 03019.01-F | DAT | CONFER WITH PARALEGAL MURGUIA REGARDING OBJECTION TO CLAIM. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 225 | H | | 2017 | 10 | 31 | | 03019.01-F | DAT | REVIEW AND REVISE OBJECTION TO CLAIM OF OLMAX. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 226 | H | | 2017 | 10 | 31 | | 03019.01-F | DAT | REVIEW AND REVISE OBJECTION TO CLAIM OF OLMAX. **Ruling: Allowed in full - amount of time spent reasonable based on nature of task performed objecting to claim, overrule debtor's objection that entry is duplicative of preceding entry.** | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 227 | H | | 2017 | 10 | 31 | | 03019.01-F | MLM | PREPARE OBJECTION TO CLAIM REGARDING OLMAX CORPORATION. | 0.5 | 150 | 75.00 | 0.00 | 75.00 |
| 228 | COST | | 2017 | 11 | 1 | | 03019.01-F | MLM | COPIES OF OBJECTION TO CLAIM OF OLMAX (96). | 0 | 0.2 | 19.20 | 0.00 | 19.20 |
| 229 | COST | | 2017 | 11 | 1 | | 03019.01-F | MLM | POSTAGE FOR OBJECTION TO CLAIM OF OLMAX. | 0 | 0 | 6.30 | 0.00 | 6.30 |
| 230 | H | | 2017 | 11 | 6 | | 03019.01-C | DAT | E-MAIL FROM CLIENT REGARDING AUTOMATIC DEPOSIT OF SOCIAL SECURITY BENEFITS INTO NEW CHAPTER 11 DEBTOR IN POSSESSION ACCOUNT. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 231 | H | | 2017 | 11 | 10 | | 03019.01-C | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING QUARTERLY FEE COMPUTATION. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 232 | H | | 2017 | 11 | 10 | | 03019.01-C | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING QUARTERLY FEE AMOUNT. **Ruling: Disallowed in full - excessive time for task, lack of demonstrated benefit to estate, duplicate of prior entry, sustain objection of debtor.** | 0.2 | 500 | 100.00 | 100.00 | 0.00 |
| 233 | H | | 2017 | 11 | 10 | | 03019.01-M | DAT | REVIEW APPRAISAL REPORT PROVIDED BY CLIENT. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 234 | H | | 2017 | 11 | 13 | | 03019.01-C | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING QUARTERLY FEE. **Ruling: Disallowed in full - excessive time for task, lack of demonstrated benefit to estate, duplicate of prior entry, sustain objection of debtor.** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 235 | N | | 2017 | 12 | 1 | | 03019.01-F | DAT | REVIEW NOTICE OF CONTINUED HEARING ON OBJECTION TO OLMAX CLAIM. **Ruling - Disallowed in full - applicant exercised billing judgment and indicated entry was "N" (no charge).** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 236 | H | | 2017 | 12 | 1 | | 03019.01-F | MLM | PREPARE AMENDED NOTICE OF HEARING REGARDING OLMAX'S OBJECTION TO CLAIM. | 0.2 | 150 | 30.00 | 0.00 | 30.00 |
| 237 | H | | 2017 | 12 | 1 | | 03019.01-M | DAT | REVIEW ORDER GRANTING MOTION TO USE ESTATE PROPERTY TO REPAIR ROOF. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 238 | H | | 2017 | 12 | 1 | | 03019.01-M | MLM | PREPARE ORDER GRANTING ROOF REPAIR MOTION. | 0.3 | 150 | 45.00 | 0.00 | 45.00 |
| 239 | H | | 2017 | 12 | 4 | | 03019.01-F | DAT | REVIEW FAX FROM CREDITOR OLTMAN.  INSTRUCT PARALEGAL MURGUIA TO FILE ADDITIONAL DOCUMENTS WITH COURT REGARDING OBJECTION TO CLAIM. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 240 | COST | | 2017 | 12 | 6 | | 03019.01-M | DAT | COURTCALL - COURT APPEARANCE BY PHONE.  INVOICE 8743443. | 0 | 0 | 42.50 | 0.00 | 42.50 |
| 241 | H | | 2017 | 12 | 12 | | 03019.01-T | DAT | TELEPHONE CALL TO WELLS FARGO BANK REGARDING POSSIBLE PLAN NEGOTIATIONS. **Ruling:  Allowed in full - reasonable time for task performed in obtaining favorable loan modification, applicant's trial testimony credible regarding need for time to perform task, overrule objection of debtor.** | 1.1 | 500 | 550.00 | 0.00 | 550.00 |
| 242 | H | | 2017 | 12 | 12 | | 03019.01-T | DAT | TELEPHONE CALL FROM CLIENT ABOUT PLAN NEGOTIATIONS. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 243 | H | | 2017 | 12 | 19 | | 03019.01-A | DAT | TELEPHONE CALL FROM CLIENT ABOUT STATUS OF CASE. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 244 | H | | 2017 | 12 | 19 | | 03019.01-A | DAT | E-MAIL TO CLIENT REGARDING STATUS OF CASE. **Ruling:  Disallowed in full - excessive time for task, lack of demonstrated benefit to estate, no need for email if discussed status in telephone conversation on same day (see preceding entry), sustain objection of debtor.** | 0.2 | 500 | 100.00 | 100.00 | 0.00 |
| 245 | H | | 2017 | 12 | 19 | | 03019.01-T | DAT | TELEPHONE CALL TO ATTORNEY FOR LENDER REGARDING POSSIBLE PLAN TERMS. **Ruling:  Allowed in full - reasonable time for task performed in obtaining favorable loan modification, applicant's trial testimony credible regarding need for time to perform task, overrule objection of debtor.** | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 246 | H | | 2017 | 12 | 19 | | 03019.01-T | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING CLAIMS AND INTERNAL REVENUE SERVICE CLAIM. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 247 | H | | 2017 | 12 | 19 | | 03019.01-T | DAT | PREPARATION OF PLAN SPREADSHEET WITH ANALYSIS OF CLAIMS AND PLAN TREATMENT.  **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task (preparing spreadsheet).  Allowed time: 0.5 hour @$100.00/hour.** | 0.5 | 500 | 250.00 | 200.00 | 50.00 |
| 248 | H | | 2017 | 12 | 21 | | 03019.01-T | DAT | TELEPHONE CALL FROM CLIENT REGARDING PLAN SPREADSHEET. **Ruling: Disallowed in part - lack of necessity for attorney to perform clerical task (communications with client regarding spreadsheet preparation). Allowed time: 0.2 hour @$100.00/hour.** | 0.2 | 500 | 100.00 | 80.00 | 20.00 |
| 249 | H | | 2017 | 12 | 21 | | 03019.01-T | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING PLAN AND BUDGET. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 250 | H | | 2017 | 12 | 26 | | 03019.01-F | DAT | CONFER WITH PARALEGAL MURGUIA REGARDING PREPARATION OF ORDER SUSTAINING OBJECTION TO OLMAX CLAIM. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 251 | H | | 2017 | 12 | 26 | | 03019.01-F | MLM | PREPARE ORDER GRANTING MOTION TO DISALLOW CLAIM OF OLMAX CORP. | 0.2 | 150 | 30.00 | 0.00 | 30.00 |
| 252 | H | | 2017 | 12 | 26 | | 03019.01-T | DAT | TELEPHONE CALL TO CLIENT ABOUT PREPARATION OF DISCLOSURE STATEMENT AND PLAN. | 0.5 | 500 | 250.00 | 0.00 | 250.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 253 | H | | 2017 | 12 | 26 | | 03019.01-T | DAT | TELEPHONE CALL TO ATTORNEY FOR MORTGAGE LENDER REGARDING PLAN TERMS. **Ruling:  Allowed in full - reasonable time for task performed in obtaining favorable loan modification, applicant's trial testimony credible regarding need for time to perform task, overrule objection of debtor.** | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 254 | H | | 2017 | 12 | 26 | | 03019.01-T | DAT | E-MAIL TO CLIENT REGARDING TELEPHONE CALL TO ATTORNEY FOR LENDER. **Ruling:  Allowed in full - reasonable time for task performed in obtaining favorable loan modification, applicant's trial testimony credible regarding need for time to perform task, overrule objection of debtor.** | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 255 | H | | 2017 | 12 | 26 | | 03019.01-T | DAT | E-MAIL TO CLIENT REGARDING PROJECTED BUDGETS, PROVISION FOR LEGAL FEES, 2017 TAXES. **Ruling:  Disallowed in full - excessive time for task, lack of demonstrated benefit to estate, no need for email if discussed status in telephone conversation on same day (see preceding entry), sustain objection of debtor.** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 256 | H | | 2017 | 12 | 26 | | 03019.01-T | DAT | START PREPARATION OF DISCLOSURE STATEMENT. | 1 | 500 | 500.00 | 0.00 | 500.00 |
| 257 | H | | 2017 | 12 | 28 | | 03019.01-T | DAT | CONTINUE PREPARATION OF DISCLOSURE STATEMENT. | 0.7 | 500 | 350.00 | 0.00 | 350.00 |
| 258 | H | | 2017 | 12 | 28 | | 03019.01-T | DAT | TELEPHONE CALL TO CLIENT ABOUT LOAN NEGOTIATIONS, PLAN TERMS, EVIDENCE OF FEASIBILITY. **Ruling:  Allowed in full - reasonable time for task performed in obtaining favorable loan modification, applicant's trial testimony credible regarding need for time to perform task, overrule objection of debtor.** | 0.7 | 500 | 350.00 | 0.00 | 350.00 |
| 259 | H | | 2017 | 12 | 28 | | 03019.01-T | DAT | E-MAIL TO CLIENT FOLLOWING PHONE CONVERSATION. **Ruling:  Disallowed in full - excessive time for task, lack of demonstrated benefit to estate, no need for email if discussed status in telephone conversation on same day (see preceding entry), sustain objection of debtor.** | 0.2 | 500 | 100.00 | 100.00 | 0.00 |
| 260 | H | | 2017 | 12 | 29 | | 03019.01-T | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING HISTORICAL INCOME INFORMATION.  PREPARE SPREADSHEET AND FORECAST MODEL.  REVIEW OLTMAN PROOF OF CLAIM AND COMPUTE CLAIM TREATMENT FOR OLTMAN CLAIM.  REVIEW AVAILABLE DATA REGARDING OTHER CLAIMS.  E-MAIL TO CLIENT REGARDING MISSING INFORMATION NEEDED TO PREPARE PLAN AND DISCLOSURE STATEMENT. **Ruling:  Disallowed in full - lumping of multiple services in one billing entry, excessive time for task (sufficient time already allowed for preparing spreadsheet), lack of demonstrated benefit to estate, sustain in part, overrule in part objection of debtor.  Allowed time: 0.7 hour @ $500.00/hour.** | 1.7 | 500 | 850.00 | 500.00 | 350.00 |
| 261 | H | | 2017 | 12 | 29 | | 03019.01-T | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING HISTORICAL INCOME, PROJECTED EXPENSES AND PLAN PREFERENCES. **Ruling:  Disallowed in part - lumping of mulitiple services in one billing entry, lack of necessity for attorney to perform clerical task (preparing schedules), excessive time for task, lack of demonstrated benefit to estate, sustain in part, overrule in part objection of debtor.  Allowed time: 0.3 hour @$100.00/hour** | 0.4 | 500 | 200.00 | 170.00 | 30.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 262 | H | | 2017 | 12 | 30 | | 03019.01-T | DAT | PREPARATION OF CHAPTER 11 PLAN, PLAN ATTACHMENT, PLAN SPREADSHEET.  SEND E-MAIL TO CLIENT ATTACHING ALL 3 DOCUMENTS WITH INSTRUCTIONS FOR THEIR USE.  **Ruling:  Disallowed in part - lumping of multiple services in one billing entry, lack of necessity for attorney to perform clerical task (preparing spreadsheet), excessive time for task, ample time has been allowed for preparation of form plan, lack of demonstrated benefit to estate, sustain in part, overrule in part debtor's objection.  Allowed time: 2.0 hours @ $500.00/hour, 4.3 hours @$100.00 hour.** | 6.3 | 500 | 3,150.00 | 1,720.00 | 1,430.00 |
| 263 | H | | 2018 | 1 | 1 | | 03019.01-T | DAT | TELEPHONE CALL FROM CLIENT ABOUT PLAN SPREADSHEET.  WORK THROUGH SPREADSHEET WITH CLIENT LINE BY LINE.  DISCUSS NEED FOR TAX PROFESSIONAL, RECONVEYANCES OF TRUST DEEDS TO FAMILY, TITLE REPORT ON RESIDENCE, TAX CLAIMS, GENERAL UNSECURED CLAIMS, PLAN FEASIBILTY ISSUES. **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task (preparing spreadsheet), excessive time for task performed (conference), lack of demonstrated benefit to estate, lumping of multiple services in one billing entry, sustain in part, overrule in part objection of debtor.  Allowed time: 0.5 hour @ $500.00/hour and 1.5 hours @$100.00/hour** | 2 | 500 | 1,000.00 | 600.00 | 400.00 |
| 264 | H | | 2018 | 1 | 2 | | 03019.01-T | DAT | TELEPHONE CALL TO ACCOUNTANTS STEFAN TAIEB, APRIL GORDON, DARRL SILVERSPARRE, MICHAEL SALTSMAN.  REFERRED ALL TO CLIENT TO GET TAX RETURNS DONE ON URGENT BASIS.  **Ruling: Disallowed in full - excessive time for task, lack of demonstrated benefit to estate, sustain objection of debtor.** | 0.8 | 500 | 400.00 | 400.00 | 0.00 |
| 265 | H | | 2018 | 1 | 2 | | 03019.01-T | DAT | E-MAIL TO ATTORNEY FOR MORTGAGE LENDER REGARDING POSSIBLE PLAN TERMS. **Ruling:  Allowed in full - reasonable time for task performed in obtaining favorable loan modification, applicant's trial testimony credible regarding need for time to perform task, overrule objection of debtor.** | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 266 | H | | 2018 | 1 | 2 | | 03019.01-T | DAT | RETURN TELEPHONE CALL FROM CLIENT REGARDING BANK STATEMENTS AND LOCATING SUITABLE ACCOUNTANT. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 267 | H | | 2018 | 1 | 3 | | 03019.01-T | DAT | TELEPHONE CALL FROM CLIENT REGARDING UPDATED INFORMATION NEEDED FOR PREPARATION OF PLAN.  **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task (preparing spreadsheet), excessive time for task performed (conference), lack of demonstrated benefit to estate, sustain in part, overrule in part objection of debtor.  Allowed time: 0.2 hour @$100.00/hour** | 0.3 | 500 | 150.00 | 130.00 | 20.00 |
| 268 | H | | 2018 | 1 | 3 | | 03019.01-T | DAT | TELEPHONE CALL FROM CLIENT REGARDING TITLE REPORT AND LIEN RECONVEYANCES. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 269 | H | | | 2018 | 1 | | 3 | 03019.01-T | DAT | REVIEW DOCUMENTS PROVIDED BY CLIENT (INCOME SUMMARY 2013-2017 AND 2017 BANK STATEMENTS FOR WELLS FARGO ACCOUNT). PREPARE SPREADSHEET OF INCOME FROM CLIENT'S CHART. COMPARE 2017 INCOME FROM MONTHLY OPERATING REPORTS TO 2013 SHOWN ON CLIENT'S CHART.  E-MAIL TO CLIENT REGARDING SAME.  ATTEMPT TO LOCATE SOCIAL SECURITY INFORMATION AND SEND E-MAIL TO CLIENT REGARDING SAME.  LOCATE CASH WITHDRAWALS SHOWN ON STATEMENTS AND SEND E-MAIL TO CLIENT REGARDING SAME.  **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task (preparing spreadsheet), excessive time for task performed (conference), lack of demonstrated benefit to estate, sustain in part, overrule in part objection of debtor.  Allowed time: 0.7 hour @$100.00/hour.** | 0.7 | 500 | 350.00 | 280.00 | 70.00 |
| 270 | H | | | 2018 | 1 | | 3 | 03019.01-T | DAT | REVIEW REAL PROPERTY REPORT AND SEND E-MAIL TO CLIENT REGARDING RECORDED ENCUMBRANCES. | 0.4 | 500 | 200.00 | 0.00 | 200.00 |
| 271 | H | | | 2018 | 1 | | 3 | 03019.01-T | DAT | TELEPHONE CALL FROM CLIENT REGARDING EMAILS I SENT ABOUT BANK STATEMENTS.  **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task (preparing spreadsheet), excessive time for task performed (conference), lack of demonstrated benefit to estate, sustain in part, overrule in part objection of debtor.  Allowed time: 0.2 hour @$100.00/hour** | 0.2 | 500 | 100.00 | 80.00 | 20.00 |
| 272 | H | | | 2018 | 1 | | 4 | 03019.01-T | DAT | REVIEW PLAN SPREADSHEET AND SEND E-MAIL TO CLIENT REGARDING PLAN TERMS.  **Ruling:  Disallowed in full - lack of necessity for attorney to perform clerical task (preparing spreadsheet), lack of demonstrated benefit to estate, excessive time for task, sufficient time previously allowed for task, sustain objection of debtor.** | 0.4 | 500 | 200.00 | 200.00 | 0.00 |
| 273 | H | | | 2018 | 1 | | 4 | 03019.01-T | DAT | TELEPHONE CALL FROM ACCOUNTANT ABOUT MEETING WITH CLIENT, PREPARATION OF TAX RETURNS, REQUEST FOR INFORMATION, DEADLINES AND OTHER INFORMATION NEEDED TO BE EXCHANGED.  **Ruling:  Disallowed in part - excessive time for task, sustain in part, overrule in part objection of debtor.  Allowed time: 0.2 hour.** | 0.4 | 500 | 200.00 | 100.00 | 100.00 |
| 274 | H | | | 2018 | 1 | | 4 | 03019.01-T | DAT | E-MAIL TO ACCOUNTANT AND CLIENT WITH INFORMAITON POSSIBLY USABLE BY ACCOUNTANT IN PREPARING RETURNS. **Ruling: Disallowed in part - lack of necessity for attorney to perform clerical task (communications with debtor and accountants regarding data to prepare tax returns), excessive time for task performed, lack of demonstrated benefit to estate, sustain in part, overrule in part objection of debtor.  Allowed time: 0.2 hour @$100.00/hour** | 0.3 | 500 | 150.00 | 130.00 | 20.00 |
| 275 | H | | | 2018 | 1 | | 4 | 03019.01-T | DAT | TELEPHONE CALL FROM CLIENT WITH SUMMARY OF CONVERSATION WITH ACCOUNTANT. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 276 | H | | | 2018 | 1 | | 8 | 03019.01-T | DAT | REVIEW AND RESPOND TO E-MAIL FROM ATTORNEY FOR LENDER. CALCULATE PROJECTED LOAN PAYMENTS AND REPLY WITH COPY TO CLIENT. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 277 | H | | | 2018 | 1 | | 8 | 03019.01-T | DAT | E-MAIL TO CLIENT REGARDING OPTIONS LEFT AFTER EMAIL FROM ATTORNEY FOR LENDER. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 278 | H | | | 2018 | 1 | | 8 | 03019.01-T | DAT | FOLLOW UP EMAIL TO CLIENT AND FOLLOW UP EMAIL TO ATTORNEY FOR LENDER ABOUT REAMORTIZATION OVER 40 YEAR TERM. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 279 | H | | 2018 | 1 | 8 | | 03019.01-T | DAT | FURTHER EMAIL EXCHANGE WITH ATTORNEY FOR LENDER REGARDING PLAN TERMS RELATED TO MORTGAGE. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 280 | H | | 2018 | 1 | 8 | | 03019.01-T | DAT | TELEPHONE CALL FROM CLIENT ABOUT MORTGAGE ISSUE, TAX RETURNS.  Ruling:  Allowed in full - reasonable time for task performed, overrule objection of debtor. | 0.5 | 500 | 250.00 | 0.00 | 250.00 |
| 281 | H | | 2018 | 1 | 8 | | 03019.01-T | DAT | E-MAIL TO CLIENT WITH UPDATED SPREADSHEET AND OTHER PLAN RELATED INFORMATION.  Ruling:  Disallowed in part - excessive time for task, lack of demonstrated benefit to estate, sustain in part and overrule in part debtor's objection.  Adequate time has already been allowed for simple plan and spreadsheet.  Allowed time:  0.5 hour. | 1.2 | 500 | 600.00 | 350.00 | 250.00 |
| 282 | H | | 2018 | 1 | 8 | | 03019.01-T | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING PLAN BUDGET. | 0.4 | 500 | 200.00 | 0.00 | 200.00 |
| 283 | H | | 2018 | 1 | 8 | | 03019.01-T | DAT | REVIEW AND REVISE PLAN BUDGET PER COPIES OF SOCIAL SECURITY STATEMENTS PROVIDED BY CLIENT.  Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task (preparing spreadsheet),  lack of demonstrated benefit to estate, sustain in part, overrule in part objection of debtor.  Allowed time: 0.1 hour @$100.00/hour. | 0.1 | 500 | 50.00 | 40.00 | 10.00 |
| 284 | H | | 2018 | 1 | 10 | | 03019.01-T | DAT | REVIEW CLIENT HANDWRITTEN RESPONSES TO ISSUES RAISED BY EMAIL AND REPLY. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 285 | H | | 2018 | 1 | 10 | | 03019.01-T | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING NARRATIVE FOR USE IN DISCLOSURE STATEMENT. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 286 | H | | 2018 | 1 | 11 | | 03019.01-T | DAT | INITIAL REVIEW OF 2015, 2016, 2017 TAX RETURNS. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 287 | H | | 2018 | 1 | 11 | | 03019.01-T | DAT | E-MAIL TO ACCOUNTANT REGARDING SAME. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 288 | H | | 2018 | 1 | 12 | | 03019.01-G | DAT | TELEPHONE CALL TO ACCOUNTANT REGARDING EMPLOYMENT MOTION. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 289 | H | | 2018 | 1 | 12 | | 03019.01-G | DAT | REVIEW ENGAGEMENT LETTER FROM ACCOUNTANT AND FORWARD TO PARALEGAL MURGUIA WITH INSTRUCTIONS TO PREPARE EMPLOYMENT MOTION. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 290 | H | | 2018 | 1 | 12 | | 03019.01-T | DAT | REVIEW AND REVISE PLAN SPREADSHEET TO INCLUDE TAX INFORMATION.  E-MAIL TO CLIENT REGARDING SAME. Ruling: Disallowed in part - lack of necessity for attorney to perform clerical task (preparing spreadsheet), excessive time for task performed (conference), lack of demonstrated benefit to estate, sustain in part, overrule in part objection of debtor.  Allowed time: 0.7 hour @$100.00/hour. | 1.1 | 500 | 550.00 | 480.00 | 70.00 |
| 291 | H | | 2018 | 1 | 12 | | 03019.01-T | DAT | TELEPHONE CALL FROM CLIENT REGARDING PLAN SPREADSHEET. Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task (preparing spreadsheet), excessive time for task performed (conference), lack of demonstrated benefit to estate, sustain in part, overrule in part objection of debtor.  Allowed time: 0.3 hour @$100.00/hour. | 0.7 | 500 | 350.00 | 320.00 | 30.00 |
| 292 | H | | 2018 | 1 | 15 | | 03019.01-G | MLM | PREPARE MOTION TO EMPLOY ACCOUNTANT. | 0.3 | 150 | 45.00 | 0.00 | 45.00 |
| 293 | H | | 2018 | 1 | 15 | | 03019.01-T | DAT | START PREPARATION OF DISCLOSURE STATEMENT.  Ruling: Disallowed in full - excessive time for task, lack of demonstrated benefit to estate, adequate time has already been allowed for simple form plan, spreadsheet and form disclosure statement, including 1.7 hours on 12/26/18 and 12/28/18 for starting and continuing preparation of disclosure statement. Sustain debtor's objection. | 1.4 | 500 | 700.00 | 700.00 | 0.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 294 | H | | 2018 | 1 | 15 | 03019.01-T | DAT | TELEPHONE CALL FROM CLIENT ABOUT INFORMATION NEEDED FOR PLAN AND DISCLOSURE STATEMENT. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 295 | H | | 2018 | 1 | 15 | 03019.01-T | DAT | TELEPHONE CALL TO CLIENT TO REVIEW PLAN AND DISCLOSURE STATEMENT.  CLIENT ADVISES THAT TAX RETURNS ARE STILL NOT FINAL.  CALL TERMINATED. **Ruling:  Disallowed in part - excessive time for task, lack of demonstrated benefit to estate, sustain in part and overrule in part debtor's objection.  Adequate time has already been allowed for preparing disclosure statement for simple plan and spreadsheet and consultation with client.  Allowed time:  1.0 hour.** | 2.5 | 500 | 1,250.00 | 750.00 | 500.00 |
| 296 | H | | 2018 | 1 | 15 | 03019.01-T | DAT | TELEPHONE CALL TO ACCOUNTANT TO DISCUSS BIFURCATED TAX YEAR, HOME OFFICE DEDUCTION, ETC. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 297 | H | | 2018 | 1 | 15 | 03019.01-T | DAT | E-MAIL TO CLIENT REGARDING BIFURCATED TAX YEAR. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 298 | H | | 2018 | 1 | 16 | 03019.01-G | DAT | REVIEW AND RESPOND TO EMAIL FROM ACCOUNTANT REGARDING MOTION TO EMPLOY. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 299 | H | | 2018 | 1 | 16 | 03019.01-G | DAT | E-MAIL TO CLIENT REGARDING MOTION TO EMPLOY ACCOUNTANT. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 300 | COST | | 2018 | 1 | 16 | 03019.01-G | JJF | COPIES OF MOTION TO EMPLOY ACCOUNTANT (162). | 0 | 0.2 | 32.40 | 0.00 | 32.40 |
| 301 | COST | | 2018 | 1 | 16 | 03019.01-G | JJF | POSTAGE FOR MOTION TO EMPLOY ACCOUNTANT. | 0 | 0 | 14.82 | 0.00 | 14.82 |
| 302 | H | | 2018 | 1 | 17 | 03019.01-F | MLM | TELEPHONE CALL FROM CLIENT REGARDING HIS DECISION TO FILE OBJECTION TO CLAIM REGARDING AMERICAN EXPRESS. | 0.1 | 150 | 15.00 | 0.00 | 15.00 |
| 303 | H | | 2018 | 1 | 17 | 03019.01-T | DAT | PREPARATION OF CLAIMS CHART WHICH INCLUDES INFORMATION FROM TITLE REPORT, SCHEDULES AND FILED PROOFS OF CLAIM. **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task (preparing claims chart), sustain in part, overrule in part debtor's objection.  Allowed time: 0.9 hour @$100.00 hour.** | 0.9 | 500 | 450.00 | 360.00 | 90.00 |
| 304 | H | | 2018 | 1 | 17 | 03019.01-T | DAT | E-MAIL TO CLIENT WITH CLAIMS SCHEDULE AND OTHER INFORMATION RELATED TO PREPARATION OF PLAN AND DISCLOSURE STATEMENT.  **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task, excessive time for task performed, sustain in part, overrule in part debtor's objection.  Allowed time: 0.3 hour @$100.00 hour.** | 0.5 | 500 | 250.00 | 220.00 | 30.00 |
| 305 | H | | 2018 | 1 | 19 | 03019.01-F | DAT | REVIEW DEED OF TRUST RECONVEYANCES FOR GRANT, DAVID AND OTHERS. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 306 | H | | 2018 | 1 | 19 | 03019.01-T | DAT | REVIEW UPDATED TAX RETURNS FOR 2015, 2016 AND COMPARE WITH EARLIER DRAFTS.  **Ruling:  Disallowed in full - lack of necessity of task, lack of demonstrated benefit to estate, since preparing tax returns was function of accountant, not attorney.** | 0.5 | 500 | 250.00 | 250.00 | 0.00 |
| 307 | H | | 2018 | 1 | 19 | 03019.01-T | DAT | E-MAIL TO ACCOUNTANT WITH A FEW QUESTIONS ABOUT REVISED RETURNS. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 308 | H | | 2018 | 1 | 19 | 03019.01-T | DAT | E-MAIL TO CLIENT REGARDING STATUS OF INFORMATION NEEDED FOR PREPARATION OF PLAN AND DISCLOSURE STATEMENT. **Ruling: Disallowed in part - lack of necessity for attorney to perform clerical task (communications to request information from client), excessive time for nature of task.  Allowed time: 0.1 hour @$100.00/hour.** | 0.1 | 500 | 50.00 | 40.00 | 10.00 |
| 309 | H | | 2018 | 1 | 19 | 03019.01-T | DAT | TELEPHONE CALL TO ACCOUNTANT ABOUT 2015-2017 TAX RETURNS. | 0.4 | 500 | 200.00 | 0.00 | 200.00 |

|  | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 310 | H | | 2018 | 1 | | 19 | 03019.01-T | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING 2017 PROPOSED RETURN. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 311 | H | | 2018 | 1 | | 19 | 03019.01-T | DAT | UPDATE SPREADSHEET WITH TAX INFORMATION BASED ON UPDATED RETURNS. **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task (preparing spreadsheet), sustain in part, overrule in part debtor's objection.  Allowed time:  0.1 hour @$100.00.** | 0.1 | 500 | 50.00 | 40.00 | 10.00 |
| 312 | H | | 2018 | 1 | | 24 | 03019.01-T | DAT | E-MAIL TO CLIENT REGARDING INFORMAITON NEEDED TO PREPARE PLAN AND DISCLOSURE STATEMENT. **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task (communications to request information from client), excessive time for nature of task.  Allowed time: 0.1 hour @$100.00/hour.** | 0.3 | 500 | 150.00 | 140.00 | 10.00 |
| 313 | H | | 2018 | 1 | | 24 | 03019.01-T | DAT | TELEPHONE CALL FROM CLIENT ABOUT TAX RETURNS AND GETTING THEM FINALIZED. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 314 | H | | 2018 | 1 | | 25 | 03019.01-T | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING TAX RETURNS.  CONFIRM WITH ACCOUNTANT AND ADVISE CLIENT THAT I WILL BE WORKING ON DISCLOSURE STATEMENT TOMORROW. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 315 | H | | 2018 | 1 | | 26 | 03019.01-T | DAT | TELEPHONE CALL FROM CLIENT REGARDING PLAN AND POSSIBLE CLAIMS OBJECTIONS. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 316 | H | | 2018 | 1 | | 26 | 03019.01-T | DAT | PREPARATION OF CHAPTER 11 PLAN AND PLAN ATTACHMENT. . **Ruling:  Disallowed in full - excessive time for task, lack of demonstrated benefit to estate, adequate time has already been allowed for simple form plan, spreadsheet and form disclosure statement.  Sustain debtor's objection.** | 1.6 | 500 | 800.00 | 800.00 | 0.00 |
| 317 | H | | 2018 | 1 | | 26 | 03019.01-T | DAT | CONTINUE PREPARATION OF DISCLOSURE STATEMENT. **Ruling: Disallowed in full - excessive time for task, lack of demonstrated benefit to estate, adequate time has already been allowed for simple form plan, spreadsheet and form disclosure statement.  Sustain debtor's objection.** | 1.8 | 500 | 900.00 | 900.00 | 0.00 |
| 318 | H | | 2018 | 1 | | 26 | 03019.01-T | DAT | PREPARATION OF ATTACHMENTS TO DISCLOSURE STATEMENT. **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task, sustain in part, overrule in part debtor's objection.  Allowed time:  0.5 hour @$100.00.** | 0.5 | 500 | 250.00 | 200.00 | 50.00 |
| 319 | H | | 2018 | 1 | | 26 | 03019.01-T | DAT | E-MAIL TO CLIENT REGARDING DISCLOSURE STATEMENT ISSUES. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 320 | H | | 2018 | 1 | | 26 | 03019.01-T | DAT | TELEPHONE CALL TO ACCOUNTANT REGARDING CASH FLOW PROJECTIONS. | 0.4 | 500 | 200.00 | 0.00 | 200.00 |
| 321 | H | | 2018 | 1 | | 26 | 03019.01-T | DAT | REVIEW AND REVISE PLAN SPREADSHEET TO REFLECT COMMENTS FROM ACCOUNTANT. **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task (preparing spreadsheet), excessive time for nature of task.  Allowed time: 0.5 hour @$100.00/hour. Sustain in part, overrule in part debtor's objection.** | 0.8 | 500 | 400.00 | 350.00 | 50.00 |
| 322 | H | | 2018 | 1 | | 26 | 03019.01-T | DAT | E-MAIL TO CLIENT ABOUT REVISED SPREADSHEET. **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task (communications with client regarding spreadsheet preparation), excessive time for nature of task.  Allowed time: 0.1. hour @$100.00/hour.** | 0.3 | 500 | 150.00 | 140.00 | 10.00 |
| 323 | H | | 2018 | 1 | | 27 | 03019.01-T | DAT | REVIEW AND REVISE PLAN AND PLAN ATTACHMENT. **Ruling: Disallowed in full - excessive time for task, lack of demonstrated benefit to estate, adequate time has already been allowed for simple plan, spreadsheet and disclosure statement.  Sustain debtor's objection.** | 0.7 | 500 | 350.00 | 350.00 | 0.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 324 | H | | 2018 | 1 | 27 | | 03019.01-T | DAT | REVIEW AND REVISE DISCLOSURE STATEMENT INCLUDING ADDITION OF ADDENDUM, EXHIBIT STRUCTURE.  **Ruling:  Disallowed in full - excessive time for task, lack of demonstrated benefit to estate, adequate time has already been allowed for simple plan, spreadsheet and disclosure statement.  Sustain debtor's objection.** | 0.9 | 500 | 450.00 | 450.00 | 0.00 |
| 325 | H | | 2018 | 1 | 29 | | 03019.01-T | DAT | CONFER WITH PARALEGAL ABOUT STATUS OF PREPARING PLAN AND DISCLOSURE STATEMENT. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 326 | H | | 2018 | 1 | 29 | | 03019.01-T | DAT | REVIEW AND REVISE CHART OF CLAIMS - EXHIBIT C" TO DISCLOSURE STATEMENT."  **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task, excessive time for nature of task.  Allowed time: 0.4. hour @$100.00/hour. Sustain in part, overrule in part debtor's objection.** | 0.4 | 500 | 200.00 | 160.00 | 40.00 |
| 327 | H | | 2018 | 1 | 29 | | 03019.01-T | DAT | TELEPHONE CALL TO CLIENT ABOUT FIGURES CONTAINED IN MOST RECENT SPREADSHEET.  **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task (preparing spreadsheet), excessive time for task performed (conference), lack of demonstrated benefit to estate, sustain in part, overrule in part objection of debtor.  Allowed time: 0.2 hour @$100.00/hour.** | 0.2 | 500 | 100.00 | 80.00 | 20.00 |
| 328 | H | | 2018 | 1 | 29 | | 03019.01-T | DAT | REVIEW AND RESPOND TO EMAIL FROM ACCOUNTANT REGARDING SOCIAL SECURITY FIGURES.  **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task (communications with accountant regarding spreadsheet preparation), lack of demonstrated benefit to estate. Allowed time: 0.1. hour @$100.00/hour.  Sustain in part, overrule in part debtor's objection.** | 0.1 | 500 | 50.00 | 40.00 | 10.00 |
| 329 | H | | 2018 | 1 | 29 | | 03019.01-T | DAT | PREPARATION OF SPREADSHEET REFLECTING SOCIAL SECURITY INCOME INFORMATION.  **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task (preparing schedules), excessive time for nature of task.   Sustain in part, overrule in part debtor's objection. Allowed time: 0.2 hour @$100.00/hour.** | 0.2 | 500 | 100.00 | 80.00 | 20.00 |
| 330 | H | | 2018 | 1 | 29 | | 03019.01-T | DAT | E-MAIL TO CLIENT REGARDING REVISED AND CORRECTED SOCIAL SECURITY INFORMATION.  **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task (preparing budget schedule),  lack of demonstrated benefit to estate, sustain in part, overrule in part objection of debtor.  Allowed time: 0.1 hour @$100.00/hour.** | 0.1 | 500 | 50.00 | 40.00 | 10.00 |
| 331 | H | | 2018 | 1 | 29 | | 03019.01-T | DAT | REVIEW E-MAIL FROM CLIENT REGARDING CHANGES TO BUDGET FIGURES.  **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task (preparing budget schedule), lack of demonstrated benefit to estate, sustain in part, overrule in part objection of debtor.  Allowed time: 0.1 hour @$100.00/hour.** | 0.1 | 500 | 50.00 | 40.00 | 10.00 |
| 332 | H | | 2018 | 1 | 29 | | 03019.01-T | DAT | REVISE BUDGET WITH NEW FIGURES PROVIDED BY CLIENT. **Ruling: Disallowed in part - lack of necessity for attorney to perform clerical task (preparing budget schedule).  Allowed time: 0.2 hour @$100.00/hour. Sustain in part, overrule in part objection of debtor.** | 0.2 | 500 | 100.00 | 80.00 | 20.00 |
| 333 | H | | 2018 | 1 | 29 | | 03019.01-T | DAT | E-MAIL TO CLIENT REGARDING REVISED BUDGET FIGURES. **Ruling: Disallowed in part - lack of necessity for attorney to perform clerical task (preparing budget schedule), lack of demonstrated benefit to estate, sustain in part, overrule in part objection of debtor.  Allowed time: 0.1 hour @$100.00/hour.** | 0.2 | 500 | 100.00 | 90.00 | 10.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 334 | H | | 2018 | 1 | | 29 | 03019.01-T | DAT | TELEPHONE CALL TO CLIENT TO ADVISE HIM TO PLEASE CHECK EMAIL.  **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task, excessive time for nature of task.  Sustain in part, overrule in part debtor's objection.  Allowed time: 0.1. hour @$100.00/hour.** | 0.1 | 500 | 50.00 | 40.00 | 10.00 |
| 335 | H | | 2018 | 1 | | 29 | 03019.01-T | DAT | TELEPHONE CALL TO ACCOUNTANT TROY REQUESTING COPIES OF FINAL" TAX RETURNS."  **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task, excessive time for nature of task.  Allowed time: 0.1. hour @$100.00/hour.** | 0.3 | 500 | 150.00 | 140.00 | 10.00 |
| 336 | H | | 2018 | 1 | | 29 | 03019.01-T | DAT | E-MAIL TO CLIENT REGARDING RECEIPT OF FINAL FIGURES. **Ruling: Disallowed in part - lack of necessity for attorney to perform clerical task.  Allowed time: 0.1. hour @$100.00/hour.** | 0.1 | 500 | 50.00 | 40.00 | 10.00 |
| 337 | H | | 2018 | 1 | | 29 | 03019.01-T | DAT | PREPARATION OF FINAL REVISED VERSION OF PLAN SPREADSHEET WITH NEW TAX FIGURES AND REVISED EXPENSE FIGURES. **Ruling: Disallowed in part - lack of necessity for attorney to perform clerical task, excessive time for task performed, sustain in part, overrule in part debtor's objection.  Allowed time: 0.4 hour @$100.00/hour.** | 0.8 | 500 | 400.00 | 360.00 | 40.00 |
| 338 | H | | 2018 | 1 | | 29 | 03019.01-T | DAT | FORWARD REVISED FINAL VERSION OF PLAN SPREADSHEET TO CLIENT.  **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task.  Allowed time: 0.1. hour @$100.00/hour.** | 0.1 | 500 | 50.00 | 40.00 | 10.00 |
| 339 | H | | 2018 | 1 | | 29 | 03019.01-T | DAT | PREPARATION OF REVISED FINAL VERSION OF PLAN BASED ON NEW SPREADSHEET FIGURES. **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task (updating figures in plan attachment), no showing that new figures materially changed form plan, sustain in part, overrule in part debtor's objection.  Allowed time: 0.2 hour @$100.00/hour.** | 0.2 | 500 | 100.00 | 80.00 | 20.00 |
| 340 | H | | 2018 | 1 | | 29 | 03019.01-T | DAT | PREPARATION OF REVISED FINAL VERSION OF PLAN INSERTS BASED ON NEW FIGURES IN PLAN SPREADSHEET. **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task, sustain in part, overrule in part debtor's objection.  Allowed time: 0.4 hour @$100.00/hour.** | 0.4 | 500 | 200.00 | 160.00 | 40.00 |
| 341 | H | | 2018 | 1 | | 29 | 03019.01-T | DAT | REVIEW AND REVISE COMPUTATION OF CHAPTER 7 TRUSTEE HYPOTHETICAL FEE.  **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task, excessive time for nature of task.  Allowed time: 0.2 hour @$100.00/hour.** | 0.2 | 500 | 100.00 | 80.00 | 20.00 |
| 342 | H | | 2018 | 1 | | 29 | 03019.01-T | DAT | REVIEW AND REVISE FINAL DISCLOSURE STATEMENT. **Ruling: Allowed in full - time allowed for review and revision of disclosure statement reasonable.  Overrule debtor's objection.** | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 343 | H | | 2018 | 1 | | 29 | 03019.01-T | DAT | REVIEW AND REVISE FINAL VERSION OF DISCLOSURE STATEMENT INSERTS. **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task, excessive time for nature of task for simple disclosure statement.  Allowed time: 0.2 hour @$100.00/hour.** | 0.4 | 500 | 200.00 | 180.00 | 20.00 |
| 344 | H | | 2018 | 1 | | 29 | 03019.01-T | DAT | TELEPHONE CALL TO CLIENT TO ADVISE THAT ALL DOCUMENTS HAVE BEEN SENT FOR HIS REVIEW. ANSWER QUESTIONS, PROVIDE INSTRUCTIONS FOR FINALIZATION OF DOCUMENTS.  **Ruling: Disallowed in part - lack of necessity for attorney to perform clerical task, excessive time for nature of task for simple disclosure statement, lack of demonstrated benefit to estate.  Allowed time: 0.2 hour @$100.00/hour.** | 0.3 | 500 | 150.00 | 130.00 | 20.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 345 | H | | 2018 | 1 | 29 | | 03019.01-T | DAT | ASSEMBLE DISCLOSURE STATEMENT AND EXHIBITS - REVIEWING EXHIBITS FOR ACCURACY AS THEY ARE ADDED TO THE DOCUMENT. **Ruling:  Disallowed in part - lack of necessity for attorney to perform clerical task, excessive time for nature of task, lack of necessity of task since attorney already reviewed and revised disclosure statement on same date.  Allowed time: 0.6 hour @ $100.00/hour.** | 0.6 | 500 | 300.00 | 240.00 | 60.00 |
| 346 | H | | 2018 | 1 | 30 | | 03019.01-T | DAT | CONFER WITH PARALEGAL MURGUIA REGARDING STATUS OF PLAN AND DISCLOSURE STATEMENT. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 347 | H | | 2018 | 1 | 30 | | 03019.01-T | MLM | PREPARE MOTION TO APPROVE DISCLOSURE STATEMENT. | 0.2 | 150 | 30.00 | 0.00 | 30.00 |
| 348 | H | | 2018 | 1 | 31 | | 03019.01-A | DAT | STATUS CONFERENCE - TELEPHONIC APPEARANCE. | 0.5 | 500 | 250.00 | 0.00 | 250.00 |
| 349 | H | | 2018 | 1 | 31 | | 03019.01-A | DAT | E-MAIL TO CLIENT REGARDING RESULTS OF STATUS CONFERENCE HEARING. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 350 | COST | | 2018 | 1 | 31 | | 03019.01-A | DAT | COURTCALL FOR STATUS CONFERENCE. | 0 | 0 | 35.00 | 0.00 | 35.00 |
| 351 | COST | | 2018 | 1 | 31 | | 03019.01-T | MLM | COPIES OF DISCLOSURE STATEMENT, PLAN AND MOTION TO APPROVE DISCLOSURE STATEMENT (150). | 0 | 0.2 | 30.00 | 0.00 | 30.00 |
| 352 | COST | | 2018 | 1 | 31 | | 03019.01-T | MLM | POSTAGE FOR DISCLOSURE STATEMENT, PLAN AND MOTION TO APPROVE DISCLOSURE STATEMENT. | 0 | 0 | 14.45 | 0.00 | 14.45 |
| 353 | H | | 2018 | 2 | 5 | | 03019.01-G | MLM | PREPARE DECLARATION OF NON-OPPOSITION REGARDING MOTION TO EMPLOY ACCOUNTANT. | 0.2 | 150 | 30.00 | 0.00 | 30.00 |
| 354 | H | | 2018 | 2 | 5 | | 03019.01-G | MLM | PREPARE ORDER GRANTING MOTION TO EMPLOY ACCOUNTANT. | 0.2 | 150 | 30.00 | 0.00 | 30.00 |
| 355 | H | | 2018 | 2 | 9 | | 03019.01-A | DAT | TELEPHONE CALL FROM CLIENT ABOUT ALTERNATIVES IF PLAN REJECTED BY LENDER. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 356 | H | | 2018 | 2 | 12 | | 03019.01-G | DAT | REVIEW ORDER GRANTING MOTION TO EMPLOY ACCOUNTANT. FORWARD COPY TO ACCOUNTANT AND CLIENT. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 357 | H | | 2018 | 2 | 13 | | 03019.01-C | DAT | E-MAIL TO DEBBIE TYRELL ABOUT CHANGES TO MONTHLY OPERATING REPORT BASED ON RECONVEYANCE OF CERTAIN TRUST DEEDS. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 358 | H | | 2018 | 2 | 13 | | 03019.01-C | DAT | REVIEW AND RESPOND TO EMAIL FROM DEBBIE TYRELL ABOUT PROPOSED CHANGES TO MONTHLY OPERATING REPORT.  **Ruling: Allowed in full - reasonable time for task performed, reasonable amount of time for attorney and paralegal to discuss monthly operating report preparation issue, overrule debtor's objection.** | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 359 | H | | 2018 | 2 | 14 | | 03019.01-T | DAT | REVIEW AND RESPOND TO E-MAIL FROM ATTORNEY FOR MORTGAGE HOLDER. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 360 | H | | 2018 | 2 | 15 | | 03019.01-T | DAT | REVIEW OBJECTION TO PLAN FILED BY MORTGAGE LENDER. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 361 | H | | 2018 | 3 | 1 | | 03019.01-F | DAT | REVIEW PROOF OF CLAIM AMENDMENT FILED BY INTERNAL REVENUE SERVICE. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 362 | H | | 2018 | 3 | 1 | | 03019.01-F | DAT | E-MAIL TO CLIENT REGARDING AMENDED INTERNAL REVENUE SERVICE PROOF OF CLAIM AND NEED TO TWEAK PLAN AND DISCLOSURE STATEMENT ACCORDINGLY. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 363 | H | | 2018 | 3 | 1 | | 03019.01-T | DAT | E-MAIL TO ATTORNEY FOR MORTGAGE LENDER REGARDING STATUS OF COUNTER-OFFER ON PLAN. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 364 | H | | 2018 | 3 | 1 | | 03019.01-T | DAT | REVIEW AND RESPOND TO E-MAIL FROM ATTORNEY FOR LENDER. CALCULATE PROJECTED LOAN PAYMENTS AND REPLY WITH COPY TO CLIENT. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 365 | N | | 2018 | 3 | 6 | | 03019.01-T | DAT | TELEPHONE CALL TO CLIENT, LEFT MESSAGE WITH STAFF. **Ruling - Disallowed in full - applicant exercised billing judgment and indicated entry was "N" (no charge).** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 366 | H | | 2018 | 3 | 7 | | 03019.01-T | DAT | TELEPHONE CALL TO CLIENT, RETURNING HIS FROM LAST WEEK. VOICEMAIL. **Ruling: Disallowed in full - excessive time for task, no benefit to estate, fees allowed for actual communication with client in subsequent entry.** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 367 | H | | 2018 | 3 | 7 | | 03019.01-T | DAT | TELEPHONE CALL TO CLIENT REGARDING LOAN NEGOTIATIONS. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 368 | H | | 2018 | 3 | 7 | | 03019.01-T | DAT | TELEPHONE CALL TO ATTORNEY FOR MORTGAGE LENDER REGARDING POSSIBLE SETTLEMENT ALTERNATIVES. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 369 | H | | 2018 | 3 | 7 | | 03019.01-T | DAT | E-MAIL TO ATTORNEY FOR LENDER (AS HE REQUESTED) REGARDING TARGET PAYMENT AMOUNT AND SETTLEMENT OPTIONS. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 370 | H | | 2018 | 3 | 7 | | 03019.01-T | DAT | E-MAIL TO CLIENT REGARDING POSSIBLE REVERSE MORTGAGE OPTION. **Ruling: Allowed in full - reasonable time for task performed - applicant's trial testimony credible as to payment options, overruling objection of debtor.** | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 371 | H | | 2018 | 3 | 7 | | 03019.01-T | DAT | REVIEW AND RESPOND TO E-MAIL FROM ATTORNEY FOR MORTGAGE LENDER. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 372 | H | | 2018 | 3 | 8 | | 03019.01-F | DAT | REVIEW PROOF OF CLAIM FILED BY FRANCHISE TAX BOARD AND ADVISE CLIENT ACCORDINGLY. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 373 | COST | | 2018 | 3 | 12 | | 03019.01-T | JJF | COPIES OF RESPONSE TO WELLS FARGO OBJECTION (6). | 0 | 0.2 | 1.20 | 0.00 | 1.20 |
| 374 | COST | | 2018 | 3 | 12 | | 03019.01-T | JJF | POSTAGE FOR RESPONSE TO WELLS FARGO OBJECTION. | 0 | 0 | 0.47 | 0.00 | 0.47 |
| 375 | H | | 2018 | 3 | 15 | | 03019.01-T | DAT | REVIEW AND RESPOND TO E-MAIL FROM ATTORNEY FOR LENDER, FORWARD TO CLIENT FOR CONSIDERATION. UPDATE FILE NOTES AND ISSUE INSTUCTIONS TO PARALEGAL. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 376 | H | | 2018 | 3 | 15 | | 03019.01-T | DAT | TELEPHONE CALL FROM CLIENT ABOUT EMAIL FROM LENDER'S ATTORNEY. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 377 | H | | 2018 | 3 | 18 | | 03019.01-T | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING SETTLEMENT NEGOTATIONS WITH ATTORNEY FOR WELLS FARGO BANK. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 378 | H | | 2018 | 3 | 18 | | 03019.01-T | DAT | E-MAIL TO ATTORNEY FOR WELLS FARGO BANK CLARIFYING EARLIER EMAIL REGARDING SETTLEMENT NEGOTIATIONS. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 379 | H | | 2018 | 3 | 19 | | 03019.01-T | DAT | REVIEW AND RESPOND TO E-MAIL FROM ATTORNEY FOR MORTGAGE LENDER. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 380 | H | | 2018 | 3 | 19 | | 03019.01-T | DAT | REVIEW AND RESPOND TO E-MAIL FROM ATTORNEY FOR LENDER AND ISSUE INSTRUCTIONS TO PARALEGAL TO CALL CLIENT AND ADVISE. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 381 | H | | 2018 | 3 | 19 | | 03019.01-T | DAT | MEMO TO FILE REGARDING SETTLEMENT TERMS. **Ruling: Disallowed in full - lack of necessity, lack of demonstrated benefit to estate, sustain objection of debtor.** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 382 | H | | 2018 | 3 | 19 | | 03019.01-T | DAT | FURTHER EMAIL TO ATTORNEY FOR LENDER TO CLARIFY SETTLEMENT TERM. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 383 | H | | 2018 | 3 | 20 | | 03019.01-T | DAT | REVIEW COURT TENTATIVE REGARDING DISCLOSURE STATEMENT WITH PLAN AND DISCLOSURE STATEMENT - ASSESS ISSUES TO BE ADDRESSED AND SEND E-MAIL TO CLIENT REGARDING SAME. | 0.5 | 500 | 250.00 | 0.00 | 250.00 |
| 384 | H | | 2018 | 3 | 20 | | 03019.01-T | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING DATE, TIME, PLACE FOR DISCLOSURE STATEMENT HEARING. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 385 | COST | | 2018 | 3 | 20 | | 03019.01-T | DAT | COPIES OF DOCUMENTS NEEDED FOR HEARING (65). | 0 | 0.2 | 13.00 | 0.00 | 13.00 |
| 386 | H | | 2018 | 3 | 20 | | 03019.01-T | DAT | REVIEW FILE TO PREPARE FOR HEARING. | 0.4 | 500 | 200.00 | 0.00 | 200.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 387 | H | | 2018 | 3 | 21 | | 03019.01-T | DAT | DISCLOSURE STATEMENT HEARING AND CONFER WITH CLIENT AFTER HEARING. | 1.5 | 500 | 750.00 | 0.00 | 750.00 |
| 388 | COST | | 2018 | 3 | 21 | | 03019.01-T | DAT | MILEAGE (30). | 0 | 0.56 | 16.80 | 0.00 | 16.80 |
| 389 | H | | 2018 | 3 | 21 | | 03019.01-T | DAT | E-MAIL TO ATTORNEY FOR LENDER REGARDING STATUS OF CASE, PENDING SETTLEMENT REGARDING PLAN TREATMENT OF MORTGAGE. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 390 | H | | 2018 | 3 | 22 | | 03019.01-T | DAT | REVIEW AND RESPOND TO E-MAIL FROM ATTORNEY FOR MORTGAGE LENDER.  REPLY BOTH TO CLIENT AND TO ATTORNEY. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 391 | H | | 2018 | 3 | 30 | | 03019.01-T | DAT | E-MAIL TO ATTORNEY FOR LENDER. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 392 | H | | 2018 | 4 | 9 | | 03019.01-T | DAT | TELEPHONE CALL TO CLIENT REGARDING SETTLEMENT STIPULATION PROPOSED BY BANK COUNSEL. VOICEMAIL. **Ruling:  Disallowed in full - excessive time for task, no benefit to estate, fees allowed for actual communication with client on 4/10/19.** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 393 | H | | 2018 | 4 | 10 | | 03019.01-T | DAT | RETURN TELEPHONE CALL FROM CLIENT, VOICEMAIL. **Ruling: Disallowed in full - excessive time for task, no benefit to estate, fees allowed for actual communication with client on later entries on 4/10/19.** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 394 | H | | 2018 | 4 | 10 | | 03019.01-T | DAT | RETURN TELEPHONE CALL FROM CLIENT.  VOICEMAIL. **Ruling: Disallowed in full - excessive time for task, no benefit to estate, fees allowed for actual communication with client on later entries on 4/10/19** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 395 | H | | 2018 | 4 | 10 | | 03019.01-T | DAT | TELEPHONE CALL FROM CLIENT REGARDING STIPULATION REGARDING PLAN. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 396 | H | | 2018 | 4 | 10 | | 03019.01-T | DAT | E-MAIL TO ATTORNEY FOR LENDER REGARDING SETTLEMENT STIPULATION. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 397 | H | | 2018 | 4 | 10 | | 03019.01-T | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT REGARDING INCREASE IN MONTHLY PAYMENT DUE TO CORRECTION IN PRINCIPAL BALANCE OF LOAN.  RUN CALCULATIONS ON BOTH FIGURES AND RUN ADDITIONAL CALCULATION ON DIFFERENTIAL. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 398 | H | | 2018 | 4 | 17 | | 03019.01-T | DAT | TELEPHONE CALL TO CLIENT REGARDING SETTLEMENT WITH WELLS FARGO. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 399 | H | | 2018 | 4 | 17 | | 03019.01-T | DAT | E-MAIL TO ATTORNEY FOR WELLS FARGO REGARDING SETTLEMENT AGREEMENT. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 400 | H | | 2018 | 4 | 17 | | 03019.01-T | DAT | REVIEW SETTLEMENT AGREEMENT ONE FINAL TIME. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 401 | H | | 2018 | 4 | 17 | | 03019.01-T | DAT | TELEPHONE CALL TO CLIENT TO CONFIRM HIS RECEIPT OF SETTLEMENT AGREEMENT AND APPROVAL OF SAME. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 402 | H | | 2018 | 4 | 18 | | 03019.01-T | DAT | REVIEW AND RESPOND TO E-MAIL FROM CLIENT WITH COPY OF SIGNED SETTLEMENT AGREEMENT WITH BANK ATTACHED. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 403 | H | | 2018 | 4 | 18 | | 03019.01-T | DAT | E-MAIL TO CLIENT PROVIDING EXPLANATIONS FOR CERTAIN PARAGRAPHS IN THE AGREEMENT. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 404 | H | | 2018 | 4 | 18 | | 03019.01-T | DAT | E-MAIL TO ATTORNEY EXNOWSKI REGARDING PLAN STIPULATION. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 405 | H | | 2018 | 4 | 25 | | 03019.01-T | DAT | DISCLOSURE STATEMENT HEARING.  **Ruling:  Disallowed in part - excessive time for task performed (counsel could appear by telephone, hearing lasted 8 minutes, concluded at 11:35 am on 11:00 am calendar, disclosure statement was uncontested after reaching settlement with senior home lender).  Allowed time: 1.0 hour.** | 2 | 500 | 1,000.00 | 500.00 | 500.00 |
| 406 | H | | 2018 | 4 | 25 | | 03019.01-T | DAT | TELEPHONE CALL TO CLIENT REGARDING DISCLOSURE STATEMENT HEARING OUTCOME. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 407 | COST | | 2018 | 4 | 25 | | 03019.01-T | DAT | MILEAGE (30). | 0 | 0.56 | 16.80 | 0.00 | 16.80 |
| 408 | COST | | 2018 | 4 | 25 | | 03019.01-T | DAT | PARKING. | 0 | 0 | 2.00 | 0.00 | 2.00 |
| 409 | H | | 2018 | 4 | 26 | | 03019.01-T | DAT | REVIEW AND REVISE ORDER APPROVING DISCLOSURE STATEMENT. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 410 | H | | 2018 | 4 | 26 | | 03019.01-T | DAT | REVIEW AND REVISE PLAN. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 411 | H | | 2018 | 4 | 26 | | 03019.01-T | MLM | REVISE PLAN OF REORGANIZATION TO INSERT INFORMATION REGARDING TREATMENT OF WELLS FARGO BANK. | 0.4 | 150 | 60.00 | 0.00 | 60.00 |
| 412 | H | | 2018 | 4 | 26 | | 03019.01-T | MLM | PREPARE ORDER APPROVING DISCLOSURE STATEMENT. | 0.4 | 150 | 60.00 | 0.00 | 60.00 |
| 413 | H | | 2018 | 4 | 30 | | 03019.01-T | DAT | E-MAIL TO CLIENT REGARDING AMENDED PLAN. ASK PARALEGAL CHAU TO FOLLOW UP WITH CLIENT. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 414 | H | | 2018 | 4 | 30 | | 03019.01-T | DAT | TELEPHONE CALL FROM CLIENT REGARDING AMENDMED PLAN AND AMEX CLAIM. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 415 | H | | 2018 | 5 | 7 | | 03019.01-C | DAT | E-MAIL FROM ATTORNEY FARRIS AT OFFICE OF THE UNITED STATES TRUSTEE REGARDING PAYMENT OF QUARTERLY FEES. FORWARD TO CLIENT AND TO MONTHLY OPERATING REPORT PREPARER. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 416 | COST | | 2018 | 5 | 7 | | 03019.01-T | MLM | COPIES OF PLAN VOTING PACKET (480). | 0 | 0.2 | 96.00 | 0.00 | 96.00 |
| 417 | COST | | 2018 | 5 | 7 | | 03019.01-T | MLM | POSTAGE FOR PLAN VOTING PACKET. | 0 | 0 | 39.12 | 0.00 | 39.12 |
| 418 | H | | 2018 | 5 | 18 | | 03019.01-T | DAT | E-MAIL TO ATTORNEY FOR SECURED CREDITOR REGARDING BALLOT. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 419 | H | | 2018 | 5 | 18 | | 03019.01-T | DAT | E-MAIL TO CLIENT REGARDING GATHERING VOTES. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 420 | H | | 2018 | 5 | 21 | | 03019.01-T | DAT | CONTINUE PREPARATION OF CONFIRMATION BRIEF. | 1.1 | 500 | 550.00 | 0.00 | 550.00 |
| 421 | H | | 2018 | 5 | 21 | | 03019.01-T | DAT | E-MAIL TO CLIENT REGARDING CONFIRMATION BRIEF. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 422 | H | | 2018 | 5 | 25 | | 03019.01-F | DAT | 3 ATTEMPTS TO RETURN TELEPHONE CALL FROM JACOB" AT FAY LOAN SERVICING 312-429-2623. VOICEMAIL." Ruling: Disallowed in full - lack of necessity of task, excessive time for task, no benefit to estate. | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 423 | H | | 2018 | 6 | 1 | | 03019.01-A | DAT | REVIEW REQUEST FOR NOTICE FILED BY ATTORNEY EDWARD TREDER. UNABLE TO ASCERTAIN PURPOSE FOR NOTICE. Ruling: Disallowed in full - lack of necessity of task, no benefit to estate. | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 424 | H | | 2018 | 6 | 12 | | 03019.01-T | DAT | REVIEW AND REVISE MOTION TO APPROVE PLAN. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 425 | H | | 2018 | 6 | 12 | | 03019.01-T | DAT | E-MAIL TO CLIENT REGARDING CONFIRMATION BRIEF. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 426 | H | | 2018 | 6 | 15 | | 03019.01-T | DAT | CONFER WITH PARALEGAL REGARDING PREPARATION OF CONFIRMATION BRIEF. Ruling: Disallowed in part - excessive time for nature of task to instruct paralegal to prepare table of contents and table of authorities (see following entry). Allowed time: 0.2 hours. | 0.5 | 500 | 250.00 | 150.00 | 100.00 |
| 427 | H | | 2018 | 6 | 15 | | 03019.01-T | DLC | PREPARE TABLE OF CONTENTS AND TABLE OF AUTHORITIES. Ruling: Disallowed in part - excessive time for nature of task for paralegal to prepare table of contents and table of authorities which could be computer generated. Allowed time: 1.0 hour @ $100.00/hour. | 3.3 | 100 | 330.00 | 230.00 | 100.00 |
| 428 | H | | 2018 | 6 | 15 | | 03019.01-T | DLC | PREPARE BALLOT SUMMARY. | 0.5 | 100 | 50.00 | 0.00 | 50.00 |
| 429 | H | | 2018 | 6 | 15 | | 03019.01-T | DLC | E-MAIL CLIENT DECLARATION TO CLIENT. | 0.1 | 100 | 10.00 | 0.00 | 10.00 |
| 430 | H | | 2018 | 6 | 18 | | 03019.01-A | JJF | PREPARE AUTHORIZATION LETTER FOR NEW MORTGAGE LENDER, FAY SERVICING LLC. | 0.2 | 100 | 20.00 | 0.00 | 20.00 |
| 431 | H | | 2018 | 6 | 18 | | 03019.01-A | JJF | E-MAIL TO MR. BLACKBURN REGARDING AUTHORIZATION FOR CLIENT TO SPEAK TO FAY SERVICING DIRECTLY REGARDING MORTGAGE LOAN. | 0.1 | 100 | 10.00 | 0.00 | 10.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 432 | H | | 2018 | 6 | 22 | | 03019.01-A | DLC | TELEPHONE CALL WITH MARK BLOOMFIELD OF FAY SERVICING LLC REGARDING AUTHORIZATION LETTER. | 0.1 | 100 | 10.00 | 0.00 | 10.00 |
| 433 | H | | 2018 | 6 | 22 | | 03019.01-A | DLC | E-MAIL TO FAY SERVICING LLC REGARDING AUTHORIZATION LETTER. | 0.1 | 100 | 10.00 | 0.00 | 10.00 |
| 434 | H | | 2018 | 6 | 22 | | 03019.01-B01 | DAT | TELEPHONE CALL TO CLIENT TERMINATING REPRESENTATION. **Ruling: Disallowed in full - task of client termination benefits applicant, not estate.** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 435 | H | | 2018 | 6 | 22 | | 03019.01-B01 | DAT | E-MAIL TO CLIENT TO CONFIRM TERMINATION OF ATTORNEY/CLIENT RELATIONSHIP. **Ruling: Disallowed in full - task of client termination benefits applicant, not estate.** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 436 | H | | 2018 | 6 | 22 | | 03019.01-B01 | DAT | PREPARATION OF MOTION TO WITHDRAW. **Ruling: Disallowed in full - task of withdrawal motion benefits applicant, not estate.** | 1.7 | 500 | 850.00 | 850.00 | 0.00 |
| 437 | COST | | 2018 | 6 | 25 | | 03019.01-B01 | DLC | COPIES (46) OF APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE. **Ruling: Disallowed in full - task of withdrawal motion benefits applicant, not estate.** | 0 | 0.2 | 9.20 | 9.20 | 0.00 |
| 438 | COST | | 2018 | 6 | 25 | | 03019.01-B01 | DLC | COPIES OF MOTION TO WITHDRAW AS COUNSEL TO DEBTOR-IN-POSSESSION AND CONTINUING THE HEARING ON HEARING TO CONFIRM DEBTOR'S PROPOSED PLAN OF REORGANIZATION (50). | 0 | 0.2 | 10.00 | 0.00 | 10.00 |
| 439 | H | | 2018 | 6 | 26 | | 03019.01-B01 | DAT | REVIEW ORDER SHORTENING TIME. **Ruling: Disallowed in full - task of withdrawal motion benefits applicant, not estate.** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 440 | H | | 2018 | 6 | 26 | | 03019.01-B01 | DAT | PREPARATION OF INSTRUCTIONS FOR PARALEGAL INCLUDING GATHERING AVAILABLE PHONE, EMAIL AND STREET ADDRESS INFORMATION. **Ruling: Disallowed in full - lack of necessity for task since attorney terminated representation.** | 0.6 | 500 | 300.00 | 300.00 | 0.00 |
| 441 | N | | 2018 | 6 | 26 | | 03019.01-B01 | DAT | TELEPHONE CALL FROM ATTORNEY KROPFF REGARDING MOTION TO WITHDRAW. **Ruling - Disallowed in full - applicant exercised billing judgment and indicated entry was "N" (no charge).** | 0.3 | 500 | 150.00 | 150.00 | 0.00 |
| 442 | H | | 2018 | 6 | 27 | | 03019.01-B01 | DAT | TELEPHONE CALL FROM CLIENT REGARDING FEE DISPUTE. **Ruling: Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 0.6 | 500 | 300.00 | 300.00 | 0.00 |
| 443 | COST | | 2018 | 6 | 27 | | 03019.01-B01 | JJF | COPIES OF MOTION TO WITHDRAW (336), NOTICE OF HEARING REGARDING MOTION TO WITHDRAW, & ORDER SHORTENING TIME. **Ruling: Disallowed in full - task of withdrawal motion benefits applicant, not estate.** | 0 | 0.2 | 67.20 | 67.20 | 0.00 |
| 444 | H | | 2018 | 6 | 27 | | 03019.01-B01 | JJF | E-MAIL NOTICE TO GREGORY CREIGHTON REGARDING MOTION TO WITHDRAW, NOTICE OF HEARING REGARDING MOTION TO WITHDRAW, & ORDER SHORTENING TIME. **Ruling: Disallowed in full - lack of necessity for task since attorney terminated representation, no benefit to estate.** | 0.2 | 100 | 20.00 | 20.00 | 0.00 |
| 445 | H | | 2018 | 6 | 27 | | 03019.01-B01 | JJF | PREPARE DECLARATION REGARDING EMAIL TO GREGORY CREIGHTON REGARDING MOTION TO WITHDRAW, NOTICE OF HEARING REGARDING MOTION TO WITHDRAW, & ORDER SHORTENING TIME. **Ruling: Disallowed in full - task of withdrawal motion benefits applicant, not estate.** | 0.3 | 100 | 30.00 | 30.00 | 0.00 |
| 446 | H | | 2018 | 6 | 29 | | 03019.01-B01 | DAT | REVIEW CLIENT LETTER REGARDING FEE DISPUTE. **Ruling: Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate** | 0.2 | 500 | 100.00 | 100.00 | 0.00 |
| 447 | H | | 2018 | 6 | 29 | | 03019.01-T | DAT | E-MAIL FROM CLIENT WITH COPY OF SIGNED DECLARATION IN SUPPORT OF CONFIRMATION BRIEF. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 448 | H | | 2018 | 6 | 29 | | 03019.01-T | DAT | CONFER WITH PARALEGAL TO FILE CONFIRMATION BRIEF. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 449 | COST | | 2018 | 6 | 29 | | 03019.01-T | MLM | COPIES OF CONFIRMATION BRIEF (232). | 0 | 0.2 | 46.40 | 0.00 | 46.40 |
| 450 | COST | | 2018 | 6 | 29 | | 03019.01-T | MLM | POSTAGE FOR CONFIRMATION BRIEF. | 0 | 0 | 17.00 | 0.00 | 17.00 |
| 451 | H | | 2018 | 7 | 3 | | 03019.01-B01 | MLM | HEARING MOTION TO WITHDRAW. HEARING CONTINUED TO 7/11. **Ruling:  Disallowed in full - task of withdrawal motion benefits applicant, not estate.** | 1.7 | 500 | 850.00 | 850.00 | 0.00 |
| 452 | COST | | 2018 | 7 | 3 | | 03019.01-B01 | DAT | MILEAGE (30).  **Ruling:  Disallowed in full - task of withdrawal motion benefits applicant, not estate** | 0 | 0.56 | 16.80 | 16.80 | 0.00 |
| 453 | COST | | 2018 | 7 | 3 | | 03019.01-B01 | DAT | PARKING.  **Ruling:  Disallowed in full - task of withdrawal motion benefits applicant, not estate** | 0 | 0 | 1.00 | 1.00 | 0.00 |
| 454 | H | | 2018 | 7 | 5 | | 03019.01-T | DAT | SET UP COURT CALL FOR CONFIRMATION HEARING ON 7/11. **Ruling: Disallowed in part - task of setting up court call is clerical, nonattorney function, not billable at attorney rate.  Allowed amount: 0.1 hour@$100.00 hour.** | 0.1 | 500 | 50.00 | 40.00 | 10.00 |
| 455 | COST | | 2018 | 7 | 9 | | 03019.01-B01 | MLM | MESSENGER SERVICE TO DELIVER JUDGE'S COPY TO LOS ANGELES COURTHOUSE. | 0 | 0 | 39.60 | 0.00 | 39.60 |
| 456 | H | | 2018 | 7 | 11 | | 03019.01-T | DAT | REVIEW AND REVISE PROPOSED ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW. **Ruling:  Disallowed in full - task of withdrawal motion benefits applicant, not estate** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 457 | H | | 2018 | 7 | 11 | | 03019.01-B01 | MLM | PREPARE ORDER GRANTING FIRM'S MOTION TO WITHDRAW AS COUNSEL OF RECORD. **Ruling:  Disallowed in full - task of withdrawal motion benefits applicant, not estate** | 0.2 | 150 | 30.00 | 30.00 | 0.00 |
| 458 | H | | 2018 | 7 | 11 | | 03019.01-T | DAT | HEARING ON PLAN CONFIRMATION, MOTION TO WITHDRAW. **Ruling: Disallowed in part - task of withdrawal motion benefits applicant, not estate. Allowed time: 0.4 hour.** | 0.8 | 500 | 400.00 | 200.00 | 200.00 |
| 459 | COST | | 2018 | 7 | 11 | | 03019.01-T | DAT | COURTCALL FEE.  INVOICE ID 9177052. | 0 | 0 | 35.00 | 0.00 | 35.00 |
| 460 | H | | 2018 | 7 | 11 | | 03019.01-T | DAT | CONFER WITH PARALEGAL MURGUIA REGARDING PREPARATION OF DRAFT CONFIRMATION ORDER AND DRAFT ORDER GRANTING MOTION TO WITHDRAW. **Ruling:  Disallowed in part - task of withdrawal motion benefits applicant, not estate.  Allowed time: 0.2 hour.** | 0.3 | 500 | 150.00 | 50.00 | 100.00 |
| 461 | H | | 2018 | 7 | 11 | | 03019.01-T | DAT | REVIEW AND REVISE ORDER CONFIRMING PLAN. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 462 | H | | 2018 | 7 | 11 | | 03019.01-T | MLM | PREPARE ORDER CONFIRMING DEBTOR'S FIRST AMENDED PLAN OF REORGANIZTION. | 0.2 | 150 | 30.00 | 0.00 | 30.00 |
| 463 | H | | 2018 | 7 | 12 | | 03019.01-B01 | JJF | PREPARE NOTICE OF LODGMENT OF ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL. **Ruling:  Disallowed in full - task of withdrawal motion benefits applicant, not estate.** | 0.3 | 100 | 30.00 | 30.00 | 0.00 |
| 464 | COST | | 2018 | 7 | 12 | | 03019.01-B01 | JJF | COPIES OF NOTICE OF LODGMENT REGARDING MOTION TO WITHDRAW AS COUNSEL AND CONFIRMATION ORDER (20). | 0 | 0.2 | 4.00 | 0.00 | 4.00 |
| 465 | H | | 2018 | 7 | 12 | | 03019.01-T | JJF | PREPARE NOTICE OF LODGMENT REGARDING CONFIRMATION ORDER. | 0.3 | 100 | 30.00 | 0.00 | 30.00 |
| 466 | H | | 2018 | 7 | 30 | | 03019.01-B02 | DAT | REVIEW AND REVISE DAVID A. TILEM DECLARATION IN SUPPORT OF FIRST AND FINAL APPLICATION. | 0.4 | 500 | 200.00 | 0.00 | 200.00 |
| 467 | H | | 2018 | 8 | 2 | | 03019.01-B02 | DAT | REVIEW AND REVISE FINAL FEE APPLICATION. | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 468 | H | | 2018 | 8 | 10 | | 03019.01-B02 | DAT | REVIEW E-MAIL FROM US TRUSTEE ATTORNEY YIP ABOUT FEE APPLICATION. **Ruling:  Allowed in full - fees for services rendered in preparation of fee application to clarify certain prepetition services not part of fee application at request of US Trustee (per ECF 107).** | 0.1 | 500 | 50.00 | 0.00 | 50.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 469 | H | | 2018 | 8 | 10 | | 03019.01-B02 | DAT | E-MAIL TO U.S. TRUSTEE ATTORNEY YIP ABOUT FEE APPLICATION. **Ruling: Allowed in full - fees for services rendered in preparation of fee application to clarify certain prepetition services not part of fee application at request of US Trustee (per ECF 107).** | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 470 | H | | 2018 | 8 | 10 | | 03019.01-B02 | DAT | REVIEW EMAIL FROM DEBTOR - CONFIRM HEARING DATE WITH COURT CALENDAR AND TELEPHONE CALL TO CHAMBERS. **Ruling: Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate, lack of necessity for attorney to perform clerical task (scheduling hearing).** | 0.2 | 500 | 100.00 | 100.00 | 0.00 |
| 471 | H | | 2018 | 8 | 10 | | 03019.01-B02 | DAT | REPLY TO EMAIL FROM DEBTOR REGARDING FEE APPLICATION HEARING DATE. **Ruling: Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate.** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 472 | H | | 2018 | 8 | 13 | | 03019.01-B02 | DAT | REVIEW AND RESPOND TO E-MAIL FROM ATTORNEY YIP REGARDING POSSIBLE STIPULATION TO RESOLVE FEE APPLICATION CONCERN. **Ruling: Allowed in full - fees for services rendered in preparation of fee application to clarify certain prepetition services not part of fee application at request of US Trustee (per ECF 107).** | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 473 | H | | 2018 | 8 | 13 | | 03019.01-B02 | DAT | REVIEW AND RESPOND TO E-MAIL FROM U.S. TRUSTEE ATTORNEY YIP AND PREPARE SUPPLEMENTAL DECLARATION IN SUPPORT OF FEE APPLICATION. **Ruling: Allowed in full - fees for services rendered in preparation of fee application to clarify certain prepetition services not part of fee application at request of US Trustee (per ECF 107).** | 0.3 | 500 | 150.00 | 0.00 | 150.00 |
| 474 | COST | | 2018 | 8 | 20 | | 03019.01-B01 | MLM | FEDERAL EXPRESS MOTION TO WITHDRAW AS COUNSEL OF RECORD. **Ruling: Disallowed in full - task of withdrawal motion benefits applicant, not estate** | 0 | 0 | 203.03 | 203.03 | 0.00 |
| 475 | H | | 2018 | 8 | 20 | | 03019.01-B02 | DAT | REVIEW AND RESPOND TO EMAIL FROM PETER KUDRAVE ABOUT HEARING ON FEE APPLICATION. **Ruling: Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate** | 0.2 | 500 | 100.00 | 100.00 | 0.00 |
| 476 | H | | 2018 | 8 | 21 | | 03019.01-B02 | DAT | REVIEW AND RESPOND TO EMAIL FROM PETER KUDRAVE WITH SETTLEMENT OFFER. **Ruling: Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate** | 0.5 | 500 | 250.00 | 250.00 | 0.00 |
| 477 | H | | 2018 | 8 | 23 | | 03019.01-B02 | DAT | REVIEW AND RESPOND TO EMAIL FROM FORMER CLIENT. **Ruling: Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 478 | H | | 2018 | 8 | 23 | | 03019.01-B02 | DAT | CONFER WITH CRIMINAL COUNSEL TO EVALUATE WHETHER MR. KUDRAVE'S EMAIL IS EXTORTIONATE AND FOR ASSISTANCE IN DRAFTING A RESPONSE. **Ruling: Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate** | 0.3 | 500 | 150.00 | 150.00 | 0.00 |
| 479 | H | | 2018 | 8 | 23 | | 03019.01-B02 | DAT | PREPARATION OF E-MAIL TO FORMER CLIENT. **Ruling: Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate** | 0.9 | 500 | 450.00 | 450.00 | 0.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 480 | H | | 2018 | 8 | 27 | | 03019.01-B02 | DAT | REVIEW COURT ORDER REGARDING FEE APPLICATION.  CALENDAR SAME FOR NEW DATE/TIME.  **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 481 | H | | 2018 | 9 | 13 | | 03019.01-B02 | DAT | REVIEW REVISED FEE APPLICATION. | 0.1 | 500 | 50.00 | 0.00 | 50.00 |
| 482 | H | | 2018 | 9 | 20 | | 03019.01-B02 | DAT | REVIEW AND SIGN AMENDED FEE APPLICATION DOCUMENTS. | 0.2 | 500 | 100.00 | 0.00 | 100.00 |
| 483 | C | | 2018 | 10 | 7 | | 03019.01-B02 | MLM | FEDERAL EXPRESS FOR INVOICE 6-350-78526.  **Ruling:  Disallowed in part - lack of demonstrated benefit to estate for express delivery of fee application.  Allowed expenses for priority mail delivery: $8.00** | 0 | 0 | 19.93 | 11.93 | 8.00 |
| 484 | H | | 2018 | 10 | 15 | | 03019.01-B02 | DAT | REVIEW FEE APPLICATION OPPOSITION.  **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 485 | H | | 2018 | 10 | 15 | | 03019.01-B02 | DAT | PREPARATION OF REPLY. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 1.2 | 500 | 600.00 | 600.00 | 0.00 |
| 486 | H | | 2018 | 10 | 22 | | 03019.01-B02 | DAT | REVIEW DEBTOR'S MOTION TO CONTINUE HEARING. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 487 | H | | 2018 | 10 | 22 | | 03019.01-B02 | DAT | REVIEW COURT'S TENTATIVE RULING FOR HEARING ON OCTOBER 24. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 488 | H | | 2018 | 10 | 22 | | 03019.01-B02 | DAT | START TO REVIEW FILE AND TIMELINE RELATED TO COMPENSATION MOTION.  **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 0.4 | 500 | 200.00 | 200.00 | 0.00 |
| 489 | H | | 2018 | 10 | 22 | | 03019.01-B02 | DAT | TELEPHONE CALL TO ATTORNEY EXNOWSKI AND FOLLOW UP WITH EMAIL ABOUT POSSIBLE APPEARANCE AS WITNESS. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 490 | H | | 2018 | 12 | 12 | | 03019.01-B02 | DAT | HEARING ON FEE APPLICATION - COURT SET TRIAL DATE. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 0.8 | 500 | 400.00 | 400.00 | 0.00 |
| 491 | N | | 2018 | 12 | 13 | | 03019.01-B | DAT | TELEPHONE CALL FROM INTERNAL REVENUE SERVICE REPRESENTATIVE.  INFORMED HIM I AM NO LONGER COUNSEL OF RECORD.  **Ruling - Disallowed in full - applicant exercised billing judgment and indicated entry was "N" (no charge).** | 0.1 | 500 | 50.00 | 50.00 | 0.00 |
| 492 | H | | 2018 | 12 | 19 | | 03019.01-B02 | DAT | CONFER WITH ATTORNEY LACEY TO LOCATE DOCUMENTS NEEDED FOR HIS REVIEW OF CASE TO ASSIST WITH TRIAL PREPARATION.  **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 0.2 | 500 | 100.00 | 100.00 | 0.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 493 | H | | 2018 | 12 | 19 | | 03019.01-B02 | DAT | E-MAIL TO ATTORNEY KEVIN LACEY REGARDING PROPOSED DISCOVERY IN FEE DISPUTE. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 0.3 | 500 | 150.00 | 150.00 | 0.00 |
| 494 | H | | 2018 | 12 | 20 | | 03019.01-B02 | DAT | PREPARATION OF INTERROGATORIES AND START PREPARATION OF REQUESTS FOR ADMISSION. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 1.1 | 500 | 550.00 | 550.00 | 0.00 |
| 495 | H | | 2018 | 12 | 21 | | 03019.01-B02 | DAT | REVIEW AND RESPOND TO E-MAIL FROM ATTORNEY LACEY REGARDING DISCOVERY.  **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 0.2 | 500 | 100.00 | 100.00 | 0.00 |
| 496 | H | | 2018 | 12 | 21 | | 03019.01-B02 | DAT | PREPARATION OF DISCOVERY. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 0.9 | 500 | 450.00 | 450.00 | 0.00 |
| 497 | H | | 2019 | 1 | 29 | | 03019.01-B02 | DAT | REVIEW FILE TO PREPARE FOR TRIAL TOMORROW. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 4.9 | 500 | 2,450.00 | 2,450.00 | 0.00 |
| 498 | COST | | 2019 | 1 | 30 | | 03019.01-B02 | DAT | PARKING FOR HEARING ON 1/30/19. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 0 | 0 | 9.00 | 9.00 | 0.00 |
| 499 | COST | | 2019 | 1 | 30 | | 03019.01-B02 | DAT | MILEAGE TO HEARING ON 1/30/19 (20). **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 0 | 0.56 | 11.20 | 11.20 | 0.00 |
| 500 | H | | 2019 | 1 | 30 | | 03019.01-B02 | DAT | HEARING ON FEE APPLICATION. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 3.8 | 500 | 1,900.00 | 1,900.00 | 0.00 |
| 501 | H | | 2019 | 1 | 30 | | 03019.01-B02 | DAT | DRAFT SETTLEMENT EMAIL TO PETER KUDRAVE. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 1.1 | 500 | 550.00 | 550.00 | 0.00 |
| 502 | H | | 2019 | 1 | 30 | | 03019.01-B02 | DAT | START PREPARATION OF SUPPLEMENTAL REPLY. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 0.6 | 500 | 300.00 | 300.00 | 0.00 |
| 503 | H | | 2019 | 1 | 31 | | 03019.01-B02 | DAT | START REVIEW OF BILLING RECORDS TO LOCATE THOSE SUBJECT TO OBJECTION. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 1.2 | 500 | 600.00 | 600.00 | 0.00 |

| | A | B | C | D | E | F | G | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 504 | H | | 2019 | 1 | 31 | | 03019.01-B02 | DAT | CAREFULLY DRAFT AND EDIT E-MAIL TO CLIENT REGARDING FEE DISPUTE, LITIGATION COSTS AND PROCESS, SETTLEMENT PROPOSALS AND NEWLY FILED COMPLAINT. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 1.8 | 500 | 900.00 | 900.00 | 0.00 |
| 505 | COST | | 2019 | 1 | 31 | | 03019.01-B02 | DAT | AUDIO RECORDING OF HEARING. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 0 | 0 | 31.00 | 31.00 | 0.00 |
| 506 | H | | 2019 | 2 | 8 | | 03019.01-B02 | DAT | CONTINUE PREPARATION OF POST-TRIAL BRIEF IN SUPPORT OF COMPENSATION. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 1.1 | 500 | 550.00 | 550.00 | 0.00 |
| 507 | H | | 2019 | 2 | 19 | | 03019.01-B02 | DAT | REVIEW HEARING TAPE TO IDENTIFY COURT CONCERNS AND DEBTOR'S COMMENTS REGARDING FEE APPLICATION. **Ruling: Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 1.9 | 500 | 950.00 | 950.00 | 0.00 |
| 508 | H | | 2019 | 2 | 19 | | 03019.01-B02 | DAT | CONTINUE PREPARATION OF REPLY BRIEF TO AMENDED DECLARATION. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 1.7 | 500 | 850.00 | 850.00 | 0.00 |
| 509 | H | | 2019 | 2 | 20 | | 03019.01-B02 | DAT | CONTINUE PREPARATION OF REPLY BRIEF. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 3.7 | 500 | 1,850.00 | 1,850.00 | 0.00 |
| 510 | H | | 2019 | 2 | 20 | | 03019.01-B02 | DAT | CONTINUE PREPARATION OF REPLY BRIEF. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 1.4 | 500 | 700.00 | 700.00 | 0.00 |
| 511 | H | | 2019 | 2 | 22 | | 03019.01-B02 | DAT | CONTINUE PREPARATION OF SECTION II OF SUPPLEMENTAL REPLY AND START REVIEW OF DEBTOR'S EXHIBITS. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 4.9 | 500 | 2,450.00 | 2,450.00 | 0.00 |
| 512 | H | | 2019 | 2 | 22 | | 03019.01-B02 | DAT | CONTINUE PREPARATION OF SECTION II OF SUPPLEMENTAL REPLY. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 1.2 | 500 | 600.00 | 600.00 | 0.00 |
| 513 | H | | 2019 | 2 | 23 | | 03019.01-B02 | DAT | COMPLETE SECTION II OF FURTHER REPLY.  PREPARE AND COMPLETE SECTION III OF FURTHER REPLY.  START WORK ON SECTION IV OF FURTHER REPLY. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 2 | 500 | 1,000.00 | 1,000.00 | 0.00 |
| 514 | H | | 2019 | 2 | 23 | | 03019.01-B02 | DAT | COMPLETE SECTIONS IV AND V TO REPLY BRIEF AND START WORK ON PREPARATION OF EXHIBITS AND FINAL FIGURES TO BE INSERTED. **Ruling:  Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 1.2 | 500 | 600.00 | 600.00 | 0.00 |

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 515 | H | | 2019 | | 2 | 23 | 03019.01-B02 | DAT | CALCULATE FINAL AMOUNT DUE, COMPLETE PREPARATION OF EXHIBITS TO SUPPLEMENTAL REPLY. **Ruling: Disallowed in full - lack of necessity for task since attorney terminated representation, task benefits applicant as creditor, no benefit to estate for defense of fee application.** | 1 | 500 | 500.00 | 500.00 | 0.00 |
| 516 | | | | | | | | | | | | | | |
| 517 | // | | // | // | // | | **TOTALS** | // | **RULINGS SPREADSHEET TOTALS** | // | | // | 82,488.55 | 40,970.36 | 41,518.19 |
| 518 | | | | | | | | | | | | | | |
| 519 | // | | // | // | // | | **ITEMIZED TOTALS** | // | A - Services Not In Any Other Category (Ch. 11 General) | See ECF 138 | | // | 10,293.03 | | |
| 520 | // | | // | // | // | | **ITEMIZED TOTALS** | // | B - Firm Employment and Compensation | See ECF 138 | | // | 566.55 | | |
| 521 | // | | // | // | // | | **ITEMIZED TOTALS** | // | B01 - Motion to Withdraw | See ECF 138 | | // | 3,060.83 | | |
| 522 | // | | // | // | // | | **ITEMIZED TOTALS** | // | B02 - Final Fee Application Charges | See ECF 138 | | // | 24,685.45 | | |
| 523 | // | | // | // | // | | **ITEMIZED TOTALS** | // | B03 - Fee Application Mediation | See ECF 138 | | // | 5,552.47 | | |
| 524 | // | | // | // | // | | **ITEMIZED TOTALS** | // | C - U.S. Trustee Matters | See ECF 138 | | // | 9,045.02 | | |
| 525 | // | | // | // | // | | **ITEMIZED TOTALS** | // | F - Claims | See ECF 138 | | // | 2,945.50 | | |
| 526 | // | | // | // | // | | **ITEMIZED TOTALS** | // | G - Employment and Compensation of Other Professionals | See ECF 138 | | // | 893.08 | | |
| 527 | // | | // | // | // | | **ITEMIZED TOTALS** | // | M - Use, Sale or Lease of Estate Assets | See ECF 138 | | // | 1,045.17 | | |
| 528 | // | | // | // | // | | **ITEMIZED TOTALS** | // | T - Plan and Disclosure Statement Services | See ECF 138 | | // | 31,828.24 | | |
| 529 | // | | | | | | **//** | | | | | | | | |
| 530 | // | | // | // | // | | **TOTALS** | // | **TOTAL** | See ECF 138 | | // | 89,915.34 | | |